**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **L.P. CONSULTING GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 98-868 C** |
| **v.** | ) | **(Judge Allegra)** |
| | ) | |
| **THE UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL DEPOSITIONS OF GOVERNMENT EMPLOYEES AND WITNESSES**

Plaintiff, L.P. Consulting, Inc., through undersigned counsel and pursuant to United States Court of Federal Claims Rule 37(a), hereby files its Memorandum of Points and Authorities in Support of Its Motion to Compel and moves this Honorable Court to issue an Order compelling Defendant, The United States Postal Service ("Government"), to schedule and produce for deposition upon oral examination the individuals identified below pursuant to this Court's Rule 30, and in support hereof states as follows:

## I. CASE BACKGROUND.

1. On or about November 13, 1998, Plaintiff filed its original Complaint in this action.

2. On or about February 2, 1999, Plaintiff filed its first Amended Complaint in this action.

3. Both the original and Amended Complaint seek damages from the United States Postal Service under a contract dispute.

4. The Government has repeatedly represented to this Court and the undersigned that a criminal investigation (the "Investigation") by the United States Attorney for the Northern

District of Illinois, presumably relating to or arising out of allegations set forth in Plaintiff's Complaint and Amended Complaint, has been ongoing for almost four years.

5. As a result of the ongoing Investigation, Defendant, with Plaintiff's consent, has filed no less than a combined eight (8) joint status reports, or motions to stay discovery or extend the discovery deadline, respectively.

6. In response to each of the aforementioned Motions, this Court has issued eight (8) Orders extending the discovery deadline from the discovery cut-off date set in the original scheduling order to the current discovery completion date of July 1, 2004.

7. In fact, as this Court's December 23, 2003 Order stresses that "It is the Court's expectation that every available step will be taken by the parties to avoid further enlargements of this deadline. Signed by Judge Francis M. Allegra."

## II. FACTS RELEVANT TO MOTION.

8. Pursuant to Rule 30(b), Plaintiff provided the Government the reasonable notice of Plaintiff's desire to depose the Deponents. Through verbal agreement between Ms. Kirchner and Plaintiff's Counsel, Plaintiff designated approximately 20-25 names of individuals identified by Defendant who Plaintiff was interested in deposing. Through further discussions between counsel, Plaintiff agreed to "pare down" that list, resulting in the five deponents. In response thereto, Ms. Kirchner provided the names and addresses of each of the deponents. Furthermore, the Government agreed to voluntarily produce each of the five deponents, as they were either current or former Government employees.

9. In Defendant's response to Plaintiff's interrogatories, Plaintiff thereafter identified certain current and former Government employees regarding the underlying claim which Plaintiff desired to depose. Those deponents (the "Deponents") are:

a. Samuel Southern

b. Carl Purchelli

c. Jesse McNabb

d. Robert Rigsby

e. Andrew M. Fernandez

*See*, Exhibit A hereto.

10. As a result of the Government's witness identification, Plaintiff requested, pursuant to RCFC Rule 30, that the Government produce those individuals for deposition upon oral examination by Plaintiff's counsel.

11. While the parties had agreed to extend discovery dates in the past, that changed with the Court's Order of June 5, 2003 which established a discovery deadline of September 22, 2003. Beginning in June 2003, given that order and the significant time that had transpired, Plaintiff's counsel and co-counsel made multiple attempts to contact Defendant's counsel, Ms. Domenique Kirchner, to schedule oral Depositions of deponents.

12. In fact, Plaintiff's counsel and co-counsel have made well in excess of a dozen attempts both by telephone and written correspondence between June 2003 and January 30, 2004 to schedule these Depositions.

13. As the documents attached hereto as Exhibits B through F establish, co-counsel, Mr. Prosen, has made repeated written requests (to say nothing of the numerous phone calls to Ms. Kirchner) to schedule the Deponents' depositions. Despite Plaintiff's numerous good faith efforts, the Government has failed to provide virtually any "hard dates" in which to schedule the Depositions. More particularly, Mr. Prosen has offered dates in August, September, October, November and December 2003 and then in a subsequent discussion with Ms. Kirchner provided entire week long blocks of available time in March, April and May 2004 to schedule the

depositions. Ms. Kirchner acknowledged these dates and assured counsel that she would check with the deponents and promptly finalize the date with Plaintiff's counsel. That did not happened on this or several earlier occasions.

14. Due to the Government's failure to respond, Plaintiff has made further attempts to schedule and take the depositions. For whatever reason, the Government has failed to respond to even a single one of the letters appended hereto as Exhibits B through F.

15. Mr. Prosen has continued to telephone Ms. Kirchner to discuss this matter, Mr. Prosen's most recent attempt was on January 29, 2004 at 4:26 p.m. In his voicemail to Ms. Kirchner, Mr. Prosen requested that Ms. Kirchner respond to that voicemail by noon, January 30, 2004 as to when the depositions would be scheduled.

16. Ms. Kirchner did not respond until 10:24 a.m., Monday, February 2, 2004, stating that she had been out of town, had an oral argument in the United States Court of Appeals for the Federal Circuit that day, but would get back to undersigned counsel the following day, February 3, 2004. This did not happen.

17. As that time has passed, and given the numerous good faith efforts by Plaintiff's counsel to try to schedule the Deponent's depositions, Plaintiff is now forced to file this Motion.

## III. ARGUMENT.

This Court's Rule of Procedure 30 permits a party to "take the testimony of any person, including a party, by Deposition upon oral examination without leave of the Court." When a party fails to adequately respond to a proper discovery request, this Court's Rule 37 further permits the current Motion.

Similarly, this Court has recognized its broad discretion to control and regulate discovery. *Shell Petroleum, Inc. v. United States*, 45 Fed.Cl. 583, 585 (2000). Likewise, this Court has discretion to award monetary sanctions against the United States (and, therefore, the United

States Postal Service) for discovery abuse in conformance with this Court's Rule 37. *See, e.g.*, *M.A. Mortenson Co. v. United States*, 996 F.2d 1177, 1183-84 (Fed. Cir. 1993).

Rule 37 states, in relevant part, that:

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an Order compelling disclosure or discovery...

The record above, and documents appended hereto, establish that Plaintiff has made numerous good faith efforts to resolve this discovery dispute. Given the Government's wholesale delay tactics and failures to make even basic, to say nothing of reasonable, efforts to resolve this discovery dispute, Plaintiff hereby moves for an Order compelling the production of the deponents in this action, pursuant to RCFC 37(a).

Despite the Government's repeated representations to this Court that a conclusion to the Criminal Investigation was pending, no less than thirty-six (36) months have passed since that initial representation in the Joint Status Report prepared by the Government on September 29, 2000. (Exhibit A.)

If ever there was a case where Rule 37 was applicable, this is it. Through its repeated representations and delay tactics, the Government has caused material harm and prejudice to Plaintiff L.P. Consulting in the prosecution of the underlying case and in the ongoing financial and related damages which L.P. has been forced to incur as a result of this case's 5+ year history.

Plaintiff also requests that this Court order Defendant to reimburse Plaintiff for its expenses and costs incurred in this motion as:

1. Movant made numerous good faith efforts to resolve this discovery dispute without Court action;

2. Any response, objection or nondisclosure by the Government regarding the deponents is not substantially justified; and

3. No other circumstances exist which would make an award of expenses unjust.

## IV. CONCLUSION.

As recited in ¶ 7 above, this Court's December 23, 2003 Order stressed that the Court expected "that every available step will be taken by the parties to avoid further enlargements of [the discovery]...deadline." The recitation of facts and documents establishes that Plaintiff has taken more than every step reasonably available to it to move discovery and this case forward. Defendant's lack of cooperation, for whatever reason, whether it be schedule conflicts, the low priority afforded this case by the Government or otherwise, is unjustified.

Given the long and tortured discovery history of this case, the Government's wholesale failures to respond to numerous requests to schedule the depositions, and the Government's failure to respond to the vast majority of Plaintiff's inquiries into scheduling the depositions, this Motion to Compel should be granted.

WHEREFORE, Plaintiff L.P. Consulting, Inc., hereby moves this Court to grant its Motion to Compel Depositions by issuing an Order compelling the Defendant United States Postal Service to schedule the Depositions of Messrs. Samuel Southern, Carl Purchelli, Jesse McNabb, Robert Rigsby and Andrew M. Fernandez; to produce each of those Deponents for deposition in places and times mutually agreed upon by the parties hereto; to order Defendant to reimburse Plaintiff for its expenses incurred in filing this motion, taking into account the costs Plaintiff has also incurred in its numerous attempts to resolve this discovery dispute, and in filing

the motion made by L.P. Consulting through its counsel; and to grant such other and further relief as this Court deems just and proper.

Dated: February 10, 2004

Respectfully submitted,

Brian Cohen, Esquire
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036-5610
(202) 466-6300

Attorney for Plaintiff

Of Counsel:

Lawrence M. Prosen, Esquire
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036-5610
(202) 466-6300

Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that I have this 10th day of February, 2004 mailed first class, postage prepaid, Plaintiff's Motion to Compel with Memorandum of Points and Authorities and proposed order to counsel for Defendant:

Domenique Kirchner, Esquire
United States Department of Justice
Civil Division-Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Lawrence M. Prosen