No. 98-868C
(Judge Allegra)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

L.P. CONSULTING GROUP, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, IN PART

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor,
1100 L. St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

OF COUNSEL:

STEPHEN D. LOBAUGH
United States Postal Service

July 16, 2004

## TABLE OF CONTENTS

DEFENDANT'S BRIEF .......................................... 2

STATEMENT OF THE ISSUE .......................................... 2

STATEMENT OF THE CASE .......................................... 2

I. The Nature Of The Case .......................................... 2

II. Statement Of Facts .......................................... 3

ARGUMENT .......................................... 7

I. The Jurisdiction Of This Court Is Limited .......... 7

II. This Court Lacks Jurisdiction To Entertain The Defacto Debarment Claim That LP Failed To Raise In Its CDA Claims .......................................... 13

A. LP Must Comply With The CDA .................. 13

CONCLUSION .......................................... 16

## TABLE OF AUTHORITIES

### FEDERAL CASES

Adams v. United States,
20 Cl. Ct. 132 (1990) .................................. 2

Alaska Pulp Corp. v. United States,
38 Fed. Cl. 141 (1997) .............................. 9, 12

American Pacific Roofing Co. v. United States,
21 Cl. Ct. 265 (1990) .................................. 12

Banknote Corp. of America v. United States,
365 F.3d 1345 (Fed. Cir. 2004) ........................ 10

Brookfield Construction Co., Inc. v. United States,
228 Ct. Cl. 551,
661 F.2d 159 (1981) .................................... 8

City of El Centro v. United States,
922 F.2d 816 (Fed. Cir. 1990) ......................... 3

City of Tacoma, Department of Public Utilities v. United States,
31 F.3d 1130 (Fed. Cir. 1994) ........................ 14

Contract Cleaning Maintenance, Inc. v. United States,
811 F.2d 586 (Fed. Cir. 1987) ..................... 11, 13

Cosmic Construction Co. v. United States,
697 F.2d 1389 (Fed. Cir. 1982) ........................ 8

Cupey Bajo Nursing Home, Inc. v. United States,
23 Cl. Ct. 406 (1991) .................................. 2

Dynalectron Corp. v. United States,
4 Cl. Ct. 424 aff'd,
758 F.2d 665 (Fed. Cir. 1984) ......................... 7

ECC International Corp. v. United States,
43 Fed. Cl. 359 (1999) ................................. 9

Executive Court Reporters, Inc. v. United States,
29 Fed. Cl. 769 (1993) ................................ 11

Fidelity and Deposit Co. v. United States,
2 Cl. Ct. 137 (1983) .................................... 2

Fidelity Construction Co. v. United States,
700 F.2d 1379 (Fed. Cir.), cert. denied,
464 U.S. 826 (1983) ..................................... 8

Hamlin v. United States,
316 F.3d 1325 (Fed. Cir. 2003) .......................... 3

Hoffman Constr. Co. v. United States,
7 Cl. Ct. 518 (1985) ................................... 13

Indium Corp. of American v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985), cert. denied,
479 U.S. 820 (1986) ..................................... 2

James M. Ellett Construction Co., Inc. v. United States,
93 F.3d 1537 (Fed. Cir. 1996) ...................... 9, 13

Kunz Constr. Co. v. United States,
12 Cl. Ct. 74 (1987) .................................... 9

LDG Timber Enterprises, Inc. v. United States,
8 Cl. Ct. 445 (1985) ................................... 10

Library of Congress v. Shaw,
478 U.S. 310 (1986) ..................................... 7

Ex Parte McCardle,
74 U.S. (7 Wall.) 506 (1868) ........................... 13

Mingus Constructors, Inc. v. United States,
812 F.2d 1387 (Fed. Cir. 1987) ..................... 11, 13

Morris v. United States,
33 Fed. Cl. 733 (1995) ................................. 12

Orbas & Associates v. United States,
34 Fed. Cl. 68 (1995) ............................... 9, 14

Reflectone, Inc. v. Dalton,
60 F.3d 1572 (Fed. Cir. 1995) .......................... 10

Reliance Insurance Co. v. United States,
931 F.2d 863 (Fed. Cir. 1991) .................... 2, 9, 14

Reynolds v. Army and Air Force Exchange Service,
846 F.2d 746 (Fed. Cir. 1988) ...................... 2, 12

Santa Fe Engineers Inc. v. United States,
818 F.2d 856 (Fed. Cir. 1987) ......................... 14

Sharman Co., Inc. v. United States,
30 Fed. Cl. 231, aff'd,
41 F.3d 1520 (Fed. Cir. 1994)(Table) .................. 13

SMS Data Products Group, Inc. v. United States,
19 Cl. Ct. 612 (1990) ............................ 2, 9, 15

Spirit Leveling Contractors v. United States,
19 Cl. Ct. 84 (1989) ............................... 9, 15

Tecom, Inc. v. United States,
732 F.2d 935 (Fed. Cir. 1984) ......................... 11

The Pevar Co. v. United States,
32 Fed. Cl. 822 (1995) ................................ 11

Thoen v. United States,
765 F.2d 1110 (Fed. Cir. 1985) ........................ 13

Thomson v. Gaskill,
315 U.S. 442 (1942) ................................... 12

United States v. King,
395 U.S. 1 (1969) ...................................... 8

United States v. Mitchell,
445 U.S. 535 (1980) .................................... 8

United States v. Sherwood,
312 U.S. 584 (1941) .................................... 7

United States v. Testan,
424 U.S. 392 (1976) .................................... 7

United States v. Tucker Truck Lines, Inc.,
344 U.S. 33 (1952) .................................... 15

W.M. Schlosser Co., Inc. v. United States,
705 F.2d 1336 (Fed. Cir. 1983) .......................... 8

**FEDERAL STATUTES**

41 U.S.C. §§ 601 et seq ................................. 1, 2

41 U.S.C. § 605 (Supp. 1994) ............................ 9, 11

48 C.F.R. § 33.201 ...................................... 10

S.Rep. No. 1118, 95th Cong., 2d Sess. 1 (1978),
1978 U.S. Code Cong. & Admin. News 5235 ....................... 9

Table of Contents of Appendix

Pages
1. March 3, 1998 letter to contracting officer................1
2. April 13, 1998 letter to contracting officer...............5
3. August 11, 1998 letter to contracting officer..............8
4. Excerpt from USPS Purchasing Manual (July 12, 1995).......18
5. Excerpt from USPS Purchasing Manual (Jan. 31, 1997).......19

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| L.P. CONSULTING GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-868C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Allegra) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, IN PART

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court dismiss for lack of jurisdiction, paragraphs 28 through 34 of plaintiff's amended complaint.[1/] The basis for our motion is that, at the time plaintiff filed its amended complaint with this Court, plaintiff had not submitted its defacto debarment claim contained in paragraphs 28 through 34 of the amended complaint to the contracting officer pursuant to the Contract Disputes Act of 1978. 41 U.S.C. §§ 601 et seq.[2/]

In support of our motion, we rely upon the following brief, the complaint, and the attached appendix.[3/]

---

[1/] For purposes of this motion only, we accept as true the factual allegations set forth in the amended complaint. Should this motion be denied, we reserve the right to controvert any and all facts in the amended complaint not admitted in our answer.

[2/] In the parties' joint status report filed July 1, 2004, defendant informed the Court that it might submit this motion to dismiss the complaint, in part.

[3/] Because this motion is based upon plaintiff's failure to meet the jurisdictional prerequisites for proceeding in this Court, it should be treated as a motion to dismiss, notwithstanding the fact that documents are attached in our appendix. Reliance Insurance Co. v. United States, 931 F.2d 863, 866 (Fed. Cir. 1991) (defect in jurisdiction is properly raised by motion

(continued...)

## DEFENDANT'S BRIEF

## STATEMENT OF THE ISSUE

Whether this Court lacks jurisdiction to entertain the defacto debarment claim stated in paragraphs 28 through 34 of plaintiff's amended complaint, because plaintiff never submitted the claim to the contacting officer or requested a final contracting officer's decision with respect to this claim of entitlement.

## STATEMENT OF THE CASE

### I. The Nature Of The Case

This action involves a contract dispute arising under the Contract Disputes Act (CDA), 41 U.S.C. §§ 601 et seq., between L.P. Consulting Group, Inc. ("LP") and the United States Postal Service ("Postal Service"). Amended Complaint ("Am. Compl.") ¶ 3.

---

[3/](...continued)
to dismiss pursuant to RCFC 12(b)(1)); Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 747 (Fed. Cir. 1988); Cupey Bajo Nursing Home, Inc. v. United States, 23 Cl. Ct. 406, 411-12 (1991) (motion for summary judgment based upon lack of jurisdiction treated as motion to dismiss); SMS Data Products Group, Inc. v. United States, 19 Cl. Ct. 612, 616 (1990); Fidelity and Deposit Co. v. United States, 2 Cl. Ct. 137 (1983). In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of American v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986); Adams v. United States, 20 Cl. Ct. 132, 133 n.1 (1990).

## II. Statement Of Facts

The facts pertinent to this motion are not in dispute.

LP, a construction contractor, alleges that the Postal Service breached implied-in-fact contracts[4] with LP. Am. Compl. ¶¶ 13-17. Plaintiff had two Indefinite Quantity Contracts ("IQCs") with the Postal Service, contracts numbered 162640-96-B-0094 and 162640-96-B-0098. Am. Compl. 6-7. The Central Illinois District Office entered into these two IQCs with LP on June 6, 1996, and June 3, 1996, respectively. Am. Compl. ¶¶ 6-7. Both IQCs had two-year terms and required a minimum of $10,000 in work during the term. Am. Compl. ¶¶ 8-9.

In its amended complaint, LP asserts 12 counts, together seeking a total of $135,337 in lost profit damages. In Count I, LP alleges that it drafted a work order for the Berwick Modular Post Office, at the request of Mr. Bruce Rothermel, and that the contract for the Berwick Modular Post Office was awarded to another party. Am. Compl. ¶¶ 36-40. In Count II, LP alleges that it submitted a draft work order in the amount of $62,752.00 for the installation of the handicap ramp at the Hoopeston Post Office, but the contract was awarded to another party, "at a higher price, based on a fixed price contract." Am. Compl. ¶¶

---

[4] The elements of an implied-in-fact contract with the Government are: (1) mutuality of intent to contract; (2) consideration; (3) lack of ambiguity in offer and acceptance; and (4) the Government representative whose conduct is relied upon must have had actual authority to bind the Government in contract. Hamlin v. United States, 316 F.3d 1325, 1328 (Fed. Cir. 2003); City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990).

42-47. In Count III, LP alleges that it submitted a draft work order for enclosure of the dock at the Downers Grove Post Office, "under the direction of Jesse McNabb," but the Postal Service awarded that work to another party, "at a higher price, based on a fixed price contract." Am. Compl. ¶¶ 49-53. In Count IV, LP alleges that it submitted a draft work order for the handicap ramp and the enclosure of the dock at the Brookfield Post Office, but the Postal Service awarded a contract to another party, "at a higher price, based on a fixed price contract." Am. Compl. 55-59. In Count V, LP alleges that it submitted a draft work order for the interior lobbies and building renovation at the Aroma Park Post Office, but the Postal Service awarded that work to another party, "based on a fixed price contract." Am. Compl. ¶¶ 61-65. In Count VI, LP alleges that it submitted a draft work order for the lobby and building renovation of the Beaverville Post Office, but the Postal Service awarded that work to another party, "based on a fixed price contract." Am. Compl. ¶¶ 67-71. In Count VII, LP alleges that it submitted a draft work order for the handicap ramp, lobbies and building renovation at the Bradley Post Office, but the Postal Service awarded that work to another party, "based on a fixed price contract." Am. Compl. ¶¶ 73-76. In Count VIII, LP alleges that it submitted a draft work order for the building renovation at the East Lynn Post Office, but the Postal Service awarded that work to another party, "based on a fixed price contract." Am. Compl. ¶¶ 78-82. In Count IX, LP alleges that it submitted a draft work order for the installation

of the handicap ramp and lobby renovation at the Momence Post Office, but the Postal Service awarded that work to another party, "based on a fixed price contract." Am. Compl. ¶¶ 84-87. In Count X, LP alleges that it submitted a draft work order for the interior renovation and concrete ramp at the Papineau Post Office, but the Postal Service awarded that work to another party, "based on a fixed price contract." Am. Compl. ¶¶ 89-93. In Count XI, LP alleges that it submitted a draft work order for asphalt work and interior renovations at the St. Anne Post Office, but the Postal Service awarded that work to another party, "based on a fixed price contract." Am. Compl. ¶¶ 95-99. In Count XII, LP alleges that it submitted a draft work order for interior renovations and an exterior ramp at the Union Hill Post Office, but the Postal Service awarded that work to another party, "based on a fixed price contract." Am. Compl. ¶¶ 101-105.

By letter to the contracting officer dated March 3, 1998, LP submitted a claim in connection with the Berwick Modular Post Office, Hoopeston ramp, Downers Grove dock enclosure, and Brookfield ramp and dock enclosure. App. 1-3. This was resubmitted on April 13, 1998 with a certification. App. 8, 4. By letter to the contracting officer dated April 13, 1998, LP submitted additional claims in connection with the Aroma Park interior lobbies and building renovation, the Beaverville Lobby and building renovation, the Bradley concrete ramp, lobbies and building renovation, the East Lynn building renovation, the

Momence concrete ramp and lobby and interior renovations, and the Union Hill interior and exterior ramps. App. 5-7.

By letter dated August 11, 1998, LP submitted to the contracting officer amended certifications to the claims previously submitted to the Postal Service by letters dated March 3, 1998 and April 13, 1998. App. 8-17.

LP, however, also makes the following allegations of defacto debarment in its amended complaint that are not contained in any of its three letters to the contracting officer:

> 28. The USPS' conduct toward L.P. Consulting as described herein constituted a de facto debarment of LP Consulting from contracting with the USPS.
>
> 29. The acts of the USPS which constituted a de facto debarment include:
>
> (a) awarding projects to other contractors when L.P. Consulting was the lowest offeror;
> (b) Issuing verbal work orders to L.P. Consulting and breaching the contracts without finding that L.P. Consulting was "not responsible;" and
> (c) Retaliating against L.P. Consulting for requesting the free flow of information on projects in which it had been requested to prepare draft work orders by refusing to permit L.P. Consulting to bid.
>
> 30. The USPS violated the Rules of Practice and Proceedings, found in Part 957 of Chapter One of the Code of Federal Regulations for proceedings relative to debarment from contracting.
>
> 31. The postal service regulations provide that debarment proceedings shall be served upon the proposed respondent, a written notice of proposed debarment, which includes a statement that debarment is being considered, the reasons for the proposed debarment and giving the proposed respondent an opportunity to request a hearing.
>
> 32. L.P. Consulting was denied due process in that the USPS failed to give it specific notice of the reasons

it was debarred, nor was it given an opportunity to present evidence and cross-examine adverse witnesses to rebut the charges which resulted in its de facto debarment.

33. L.P. Consulting's economic life depends on its ability to bid and participate in government contracting.

34. L.P. Consulting's business reputation is harmed by the de facto debarment by the USPS.

Am. Compl. ¶¶ 28-34.

## ARGUMENT

### I. The Jurisdiction Of This Court Is Limited

Like its predecessor, the United States Court of Claims, the United States Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984)(Table). Absent congressional consent to entertain a claim against the United States, this Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

A waiver of sovereign immunity, and thus consent to be sued, must be expressed unequivocally and cannot be implied. Library of Congress v. Shaw, 478 U.S. 310 (1986); United States v. King, 395 U.S. 1, 4 (1969). Any grant of jurisdiction to this Court must be construed strictly, and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980); Cosmic Construction Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982). As the United States Court of Appeals for the Federal

Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983).

The provisions of the CDA constitute a limited waiver of sovereign immunity, and, as such, "the limitations and conditions under which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Id.; King, 395 U.S. at 3-5; Brookfield Construction Co., Inc. v. United States, 228 Ct. Cl. 551, 560, 661 F.2d 159, 165 (1981). Accordingly, the requirements of the CDA are jurisdictional prerequisites. W.M. Schlosser Co., Inc. v. United States, 705 F.2d 1336, 1338-39 (Fed. Cir. 1983).

The Contract Disputes Act provides, in pertinent part:

> All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision.

41 U.S.C. § 605 (Supp. 1994). For the Court to possess jurisdiction under the CDA, there must be a valid claim presented to the contracting officer. James M. Ellett Constr. Co., Inc. v. United States, 93 F.3d 1537, 1541 (Fed. Cir. 1996). Accordingly, Congress requires contractors to file all claims with the contracting officer to provide the Government with an opportunity to avoid unnecessary litigation. Id. (quoting S.Rep. No. 1118,

95th Cong., 2d Sess. 1 (1978), 1978 U.S. Code Cong. & Admin. News 5235). Consequently, the Court does not possess jurisdiction to entertain claims that were not previously presented by the contractor to the contracting officer in accordance with the requirements of the CDA. Reliance Insurance Co. v. United States, 931 F.2d 863, 866 (Fed. Cir. 1991); ECC Int'l Corp. v. United States, 43 Fed. Cl. 359, 365-67 (1999)(dismissing claim where contractor did not provide to contracting officer adequate notice of claim); Alaska Pulp Corp. v. United States, 38 Fed. Cl. 141, 145-46 (1997)(dismissing claim for absence of a final decision by the contracting officer and lack of jurisdiction); Orbas & Associates v. United States, 34 Fed. Cl. 68, 70-71 (1995); SMS Data Products Group, Inc. v. United States, 19 Cl. Ct. 612, 616 (1990); Spirit Leveling Contractors v. United States, 19 Cl. Ct. 84, 88-93 (1989); Kunz Constr. Co. v. United States, 12 Cl. Ct. 74, 79 (1987); LDG Timber Enterprises, Inc. v. United States, 8 Cl. Ct. 445, 452 (1985).

According to the Post Service Purchasing Manual, a claim is:

> A written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of a specified sum of money, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim.

App. 18.[5/] This is consistent with the Federal Acquisition Regulation ("FAR"), definition of a "claim," for purposes of the CDA, as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." 48 C.F.R. § 33.201.[6/] Thus, a claim be must be "(1) a written demand, (2) seeking, as a matter of right, (3) the payment of money in a sum certain." Reflectone, Inc. v. Dalton, 60 F.3d 1572, 1575 (Fed. Cir. 1995). The claim also must request a final decision. Executive Court Reporters, Inc. v. United States, 29 Fed. Cl. 769 (1993).[7/]

---

[5/] This definition is contained in the version of the manual that was in effect in 1995, and until January 31, 1997. App. 18. The version of the Purchasing Manual that was in effect since January 31, 1997 did not contain a definition of claim, presumably because it was determined to be unnecessary. App. 19.

[6/] The USPS Purchasing Manual, not the FAR, applies to USPS procurements. Banknote Corp. of America v. United States, 365 F.3d 1345, 1349 n.1, 1356 (Fed. Cir. 2004). Here, there is no significant difference between the Postal Service's interpretation of the term "claim" in the CDA, and the FAR.

[7/] For claims over $100,000, the CDA places another condition upon this Court's jurisdiction:

> For claims of more than $100,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable, and that the certifier is duly authorized to certify on behalf of the contractor.

41 U.S.C. § 605(c)(1). Moreover, it is established that:
(continued...)

Submission of a valid claim to a contracting officer requires the contractor to specify its bases for relief. Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1394 (Fed. Cir. 1987). Although no prescription requires that a claim be "submitted in any particular form or use any particular wording, the contractor must provide a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987).

To withstand a Rule 12(b)(1) motion to dismiss, a plaintiff bears the burden of proving the allegations supporting jurisdiction. Alaska Pulp, 38 Fed. Cl. at 144; American Pacific Roofing Co. v. United States, 21 Cl. Ct. 265, 267 (1990) ("where the court's jurisdiction is put in question, plaintiff 'bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence'") (quoting Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 748 (Fed. Cir. 1988); accord Thomson v. Gaskill, 315 U.S. 442, 446 (1942) ("if a

---

[7/] (...continued)

> Lack of proper certification, where required, deprives the contracting officer, the board of contract appeals, and this court (on review) of jurisdiction to proceed on the claim.
>
> By the statutory terms, the certification requirement applies to submission of claims to the contracting officer; certification at that time, if required, is all-important.

Tecom, Inc. v. United States, 732 F.2d 935, 937 (Fed. Cir. 1984). See The Pevar Co. v. United States, 32 Fed. Cl. 822, 825 (1995).

plaintiff's allegations of jurisdictional fact are challenged . . ., [it] bears the burden of supporting the allegations by competent proof"). If a motion to dismiss for lack of subject matter jurisdiction challenges the truth of the jurisdictional facts alleged in the complaint, this Court may consider relevant evidence to resolve disputed facts. Reynolds, 846 F.2d at 747. Accord Thomson v. Gaskill, 315 U.S. 442, 446 (1942) ("if a plaintiff's allegations of jurisdictional facts are challenged . . . , [it] bears the burden of supporting the allegations by competent proof"). See also Morris v. United States, 33 Fed. Cl. 733, 742 (1995). As we establish below, LP has failed to meet this burden concerning its claim of defacto debarment and, accordingly, paragraphs 28 through 34 of the amended complaint should be dismissed.[8/]

## II. This Court Lacks Jurisdiction To Entertain The Defacto Debarment Claim That LP Failed To Raise In Its CDA Claims

### A. LP Must Comply With The CDA

To assert a proper CDA claim, the contractor must submit to the contracting officer a clear and unequivocal written demand that gives the contracting officer adequate notice of the basis and amount of the claim. Mingus Constructors, 812 F.2d at 1395; Contract Cleaning Maintenance, 811 F.2d at 592-93. Moreover, the

[8/] If the Court finds jurisdiction lacking as a matter of law, dismissal is required. Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) (When jurisdiction is lacking "the only function remaining to the court is that of announcing the fact and dismissing the cause."); Thoen v. United States, 765 F.2d 1110, 1116 (Fed. Cir. 1985); Sharman Co., Inc. v. United States, 30 Fed. Cl. 231, 234, aff'd, 41 F.3d 1520 (Fed. Cir. 1994)(Table).

request must make clear that it seeks a decision from the contracting officer, as distinguished from a response to a proposal, which merely is an invitation to negotiate. James M. Ellett Constr., 93 F.3d at 1543; Mingus Constructors, 812 F.2d at 1395; Hoffman Constr. Co. v. United States, 7 Cl. Ct. 518, 525 (1985).

The CDA requirement that a contractor give the contracting officer "adequate notice of the basis and amount of the claim" forbids a contractor from asserting one theory of recovery to the contracting officer and another to this Court. Rather, the contractor must assert its theory of recovery to the contracting officer or else forego the right to assert that theory in this Court. In City of Tacoma, Dept of Public Utilities v. United States, 31 F.3d 1130 (Fed. Cir. 1994), the court of appeals considered and rejected a contractor's attempt to inject claims not set forth in its CDA claim, as follows:

> The city's last attempt to invalidate the contract pertains to the termination clause, which it characterizes as an invalid perpetuity. The clause provides that the contract shall continue until terminated at the option of the government with at least 30 days notice. The city cannot now raise this challenge because it was not included in its certified claim to the contracting officer. Although the city requested termination in its second certified claim to the contracting officer, it described the basis for the request as a dispute over the payment of electrical services. It did not challenge the validity of the contract's termination clause. See Reliance Ins. Co., 931 F.2d at 866 (no jurisdiction to consider a claim not submitted clearly and unequivocally to the contracting officer).

31 F.3d at 1134-35; accord Reliance Insurance, 931 F.2d at 866 (Claims Court did not possess jurisdiction to entertain breach of contract claim when plaintiff submitted to the contracting officer only a request for equitable adjustment related to an alleged change to the contract); Santa Fe Engineers Inc. v. United States, 818 F.2d 856, 858-60 (Fed. Cir. 1987) (plaintiff may not bring total cost claim in Court where plaintiff submitted only claim for change orders to contracting officer); Orbas & Associates, 34 Fed. Cl. at 70-71 (plaintiff may not assert one contract interpretation to contracting officer and another to Court); SMS Data Products, 19 Cl. Ct. at 616 (plaintiff may not sue for lost profits where only compensatory damages claim submitted to contracting officer); Spirit Leveling Contractors, 19 Cl. Ct. at 89-92 (rejecting differing site conditions claim for lack of jurisdiction because contractor had not alleged differing site conditions before contracting officer); see United States v. Tucker Truck Lines, Inc., 344 U.S. 33, 38 (1952) ("objections to the proceedings of an administrative agency [must] be made while it has an opportunity for correction in order to raise issues reviewable by the courts.").

In its March 3, 1998, April 13, 1998, and August 11, 1998 letters to the contracting officer, LP contended that it submitted draft work orders for 12 enumerated projects, and that the Postal Service awarded a fixed-price contract for each of the 12 projects to some other party. App. 1-17.

In its amended complaint in this Court, LP raises 12 counts corresponding to the 12 projects contained in its three letters. However, in paragraphs 28-34, LP raises an additional claim of de facto debarment that it did not present to the contracting officer.

Thus, pursuant to criteria set forth above, there was never a CDA claim concerning de facto debarment. Therefore, LP has not met the jurisdictional prerequisites of this Court, and the Court lacks subject matter jurisdiction to entertain its claim of de facto debarment. Accordingly, paragraphs 28 through 34 of the amended complaint should be dismissed.

## CONCLUSION

For the reasons set forth above, defendant respectfully requests that the Court, pursuant to RCFC 12(b)(1), dismiss paragraphs 28 through 34 of the amended complaint upon the ground that the Court lacks subject matter jurisdiction to entertain that claim of de facto debarment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/
KATHRYN A. BLEECKER
Assistant Director

s/_________________
DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor, 1100 L. St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

Of Counsel:
STEPHEN D. LOBAUGH
United States Postal Service
July 16, 2004

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 16th day of July 2004, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS COMPLAINT, IN PART" was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s DOMENIQUE KIRCHNER

## Table of Contents of Appendix

Pages

1. March 3, 1998 letter to contracting officer................1
2. April 13, 1998 letter to contracting officer...............5
3. August 11, 1998 letter to contracting officer..............8
4. Excerpt from USPS Purchasing Manual (July 12, 1995).......18
5. Excerpt from USPS Purchasing Manual (Jan. 31, 1997).......19