Friedman Sinar & Rohlfing
Attorneys at Law
200 West Madison Street, Suite 2500
Chicago Illinois 60606
(312) 855-5399
Fax (312) 368-5821

James T. Rohlfing
(312) 855-5383

E-Mail Address
FSRLAW@AOL.com

March 3, 1998

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
RECEIPT NO. Z 041 263 249

Mr. Robert Rigsby
Manager, Administrative Services
United States Postal Service
Central Illinois District
6801 West 73rd Street
Bedford Park, Illinois 60499-9991

Re: **L.P. Consulting Group, Inc., Claims Concerning Berwick Modular Post Office, Hoopeston Ramp Project, Downers Grove Dock Enclosure and Brook field Ramp and Dock Enclosure**

Dear Mr. Rigsby:

We represent L.P. Consulting Group, Inc. ("L.P. Consulting") concerning its claims against the United States Postal Service ("USPS") in connection with damages sustained by L.P. Consulting resulting from the USPS's failure to follow postal procurement procedures with respect to each claim as follows:

1. Berwick Modular Post Office. On September 17, 1996, L.P. Consulting provided a site visit to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0094 with the USPS ("IQC"), pursuant to your instructions and under the direction of Bruce Rothermel of your office. L.P. Consulting followed the provisions of its IQC to produce a rough sketch of the site work requested, and a work order in the amount of $30,660.83 for the Berwick project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $7,665.00.

2. Hoopeston Ramp Project. On November 1, 1995 and August 1, 1996, L.P. Consulting provided a site visit to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0098 with the USPS ("IQC"),



C:\R\LPCONS\POST\L02RIGSB.DOC.03/03/98\4:49 PM

DEP. EX. NO. 5
FOR I.D. AS OF 2/10/04

pursuant to your instructions and under the direction of Paul Steiner and Lois Gunlogson of your office. L.P. Consulting followed the provisions of its IQC to produce a work order in the amount of $62,752.00 for the Hoopeston project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $14,433.00.

3. <u>Downers Grove Dock Enclosure</u>. On August 1, 1996, L.P. Consulting was provided architectural drawings to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0098 with the USPS ("IQC"), pursuant to your instructions and under the direction of Jesse McNabb of your office. L.P. Consulting followed the provisions of its IQC to produce a work order in the amount of $36,564.99 for the Downers Grove project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $10,000.00.

4. <u>Brookfield Ramp & Dock Enclosure</u>. On August 1, 1996, L.P. Consulting was provided architectural drawings to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0094 with the USPS ("IQC"), pursuant to your instructions and under the direction of Jesse McNabb of your office. L.P. Consulting followed the provisions of its IQC to produce a work order in the amount of $89,168.28 for the Brookfield project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $22,229.00.

Pursuant to the above, L.P. Consulting Group, Inc. hereby makes a claim under the Contract Disputes Act of 1978 in the total amount of $54,327.00 for losses sustained as set forth above.

We request a decision within sixty (60) calendar days of receipt of this claim. Also, pursuant to the Freedom of Information Act, we request a copy of the written notice of award on each of the above four projects, stating the award amount, the date of award, the number of offerors, and to whom the award was made. Incidentally, L.P. Consulting is also entitled to receive that information pursuant to section 4.4.3.a.15(b) of the USPS Purchasing Manual.

We look forward to your prompt response.

Truly yours,

James T. Rohlfing

JTR:kc

cc: L.P. Consulting Group, Inc.

VERIFICATION

Richard A. Battaglin, a duly authorized officer of L.P. Consulting Group, Inc., being first duly sworn upon his oath, deposes and states that the above and foregoing claim of L.P. Consulting Group, Inc., dated this 7TH day of April, 1998, is true and correct in substance and in fact.

Richard A. Battaglin

SUBSCRIBED AND SWORN to before me this 7th day of April, 1998.

Anna E Wilma
Notary Public

OFFICIAL SEAL
ANNA E WILMA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/04/99

Friedman Sinar & Rohlfing
Attorneys at Law
200 West Madison Street, Suite 2500
Chicago Illinois 60606
(312) 855-5399
Fax (312) 368-5821

James T. Rohlfing
(312) 855-5383

E-Mail Address
FSRLAW@AOL.com

April 13, 1998

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**RECEIPT NO. P 851 275 733**

Mr. Robert Rigsby
Manager, Administrative Services
United States Postal Service
Central Illinois District
6801 West 73rd Street
Bedford Park, Illinois 60499-9991

Re: **Claims by L.P. Consulting Group, Inc. against United States Postal Service**

Dear Mr. Rigsby:

On behalf of our client, L.P. Consulting Group, Inc. ("L.P. Consulting") we hereby submit to you, as contracting officer for the United States Postal Service ("USPS"), the following claims against the USPS in connection with damages sustained by L.P. Consulting resulting from the USPS's breach of implied contracts and failure to follow postal procurement procedures:

| Project Name | Work Order Amount | Lost Profit |
|---|---|---|
| Aroma Park Interior Lobbies and Building Renovation | $62,000.00 | $12,466.00 |
| Beaverville Lobby and Building Renovation | $24,758.00 | $4,736.00 |
| Bradley Concrete Ramp, Lobbies and Building Renovation | $187,352.00 | $31,449.00 |
| East Lynn Building Renovation | $32,775.00 | $5,280.00 |
| Momence Concrete Ramp and Lobby Renovation | $46,388.00 | $7,800.00 |
| Papineau Interior Renovation and Concrete Ramp | $43,442.00 | $6,311.00 |
| St. Anne Concrete and Asphalt and Interior Renovations | $41,691.00 | $7,360.00 |
| Union Hill Interior and Exterior Ramp | $36,110.00 | $5,608.00 |
| Total | **$474,516.00** | **$81,010.00** |

With respect to each of the above claims, L.P. Consulting was requested to provide a work order pursuant to its indefinite quantity contract, and it provided a work order after the applicable research and communication with your office. In each case, the work order was provided with the express or implied understanding that the work would be given to



C:\R\LPCONS\POST\L04RIGSB.DOC\04/13/98\9:07 AM

DEP. EX. NO. [illegible]
FOR [illegible] AS OF [illegible]

L.P. Consulting. On information and belief, in at least some of the above cases, the work was awarded to another contractor. As a result of your office's failure to follow postal procurement procedures and breach of its implied contracts, L.P. Consulting has been damaged in the amount of $81,010.

Pursuant to the above, L.P. Consulting Group, Inc. hereby makes a claim or claims under the Contract Disputes Act of 1978, in the total amount of $81,010 to recover the losses sustained as described above.

We hereby request a decision within sixty calendar days of your receipt of this claim. Also, pursuant to the Freedom of Information Act, we request a copy of the written notice of award on each of the above eight projects. Incidentally, as we have pointed out before, L.P. Consulting is also entitled to receive the Notice of Award pursuant to section 4.4.3.a.15(b) of the USPS Purchasing Manual. Therefore, we request that the requested information be provided both under the Freedom of Information Act and postal procurement procedures.

We would appreciate your prompt response and invite you to call with any questions that you may have.

Truly yours,

James T. Rohlfing

JTR:kc
cc: L.P. Consulting Group, Inc.

VERIFICATION

Richard A. Battaglin, a duly authorized officer of L.P. Consulting Group, Inc., being first duly sworn upon his oath, deposes and states that the above and foregoing claim of L.P. Consulting Group, Inc., dated this 7TH day of April, 1998, is true and correct in substance and in fact.

Richard A. Battaglin
Richard A. Battaglin

SUBSCRIBED AND SWORN to
before me this 7th day
of April, 1998.

Anna E Wilma
Notary Public

OFFICIAL SEAL
ANNA E WILMA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/04/99

Friedman Sinar & Rohlfing
Attorneys at Law
200 West Madison Street, Suite 2500
Chicago Illinois 60606
(312) 855-5399
Fax (312) 368-5821

Kori M. Bazanos
(312) 855-3895

E-Mail Address
FSRLAW@AOL.com

August 11, 1998

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**RECEIPT NO. Z 070 603 889**
Mr. Robert Rigsby
Manager, Administrative Services
United States Postal Service
Central Illinois District
6801 West 73rd Street
Bedford Park, Illinois 60499-9991

**Re: L.P. Consulting, Inc.'s claims against the United States Postal Service ("USPS") of March 3, 1998 and April 13, 1998**

Dear Mr. Rigsby:

We represent L.P. Consulting Group Inc. ("L.P. Consulting"). We previously submitted claims against the United States Postal Service ("USPS") on behalf of our client. Claims were submitted by letter dated March 3, 1998 in connection with Berwick Modular Post Office, Hoopeston Ramp Project, Downers Grove Dock Enclosure and Brookfield Ramp & Dock Enclosure, and resubmitted on April 13, 1998 with a certification.

Additional claims in connection with Aroma Park Interior Lobbies and Building Renovation, Beaverville Lobby and Building Renovation, Bradley Concrete Ramp, Lobbies and Building Renovation, East Lynn Building Renovation, Momence Concrete Ramp and Lobby Renovation, Papineau Interior Renovation and Concrete Ramp, St. Anne Concrete and Asphalt and Interior Renovations, and Union Hill Interior and Exterior Ramp were submitted by letter dated April 13, 1998. L.P. Consulting's position is that the claims do not require certification. Notwithstanding our position, the aforementioned claims were submitted with certifications.

In July, 1998, Mr. Cary Katznelson, staff attorney with the USPS, advised the undersigned during a telephone conversation, that the USPS has taken a position that the certifications attached to L.P. Consulting's claims were defective.

DEP. EX. NO. 83
FOR I.D., AS OF 04

In response to that conversation, without waiving our position that the claims do not require certification, we are submitting the enclosed amended certification to the claims previously submitted to the USPS by letter dated March 3, 1998 and April 13, 1998.

Sincerely,

Kori M. Bazanos

KMB:
cc: L.P. Consulting Group, Inc.
James T. Rohlfing, Esq.

# CERTIFICATION

I, Richard A. Battaglin, certify that the previously submitted claim listed below, a copy of which is attached hereto, and incorporated herein by reference, is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

Claim submitted by letter dated March 3, 1998, to Contracting Officer Robert Rigsby, and received by Mr. Rigsby on March 11, 1998, a copy of which is attached hereto and incorporated herein by reference:

Berwick Modular Post Office
Hoopeston Ramp Project
Downers Grove Dock Enclosure
Brookfield Ramp & Dock Enclosure

Claim submitted by letter dated April 13, 1998, to Contracting Officer Robert Rigsby, and received by Mr. Rigsby on April 15, 1998, a copy of which is attached hereto and incorporated herein by reference:

Aroma Park Interior Lobbies and Building Renovation
Beaverville Lobby and Building Renovation
Bradley Concrete Ramp, Lobbies and Building Renovation
East Lynn Building Renovation
Momence Concrete Ramp and Lobby Renovation
Papineau Interior Renovation and Concrete Ramp
St. Anne Concrete and Asphalt and Interior Renovations
Union Hill Interior and Exterior Ramp

Richard A. Battaglin



C:\RAL\PCONS\POST\P02CERTX.DOC:07/30/98\1:21 PM

Friedman Sinar & Rohlfing
Attorneys at Law
200 West Madison Street, Suite 2500
Chicago Illinois 60606
(312) 855-5399
Fax (312) 368-5821

James T. Rohlfing
(312) 855-5383

E-Mail Address
FSRLAW@AOL.com

April 13, 1998

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**RECEIPT NO. P 851 275 733**

Mr. Robert Rigsby
Manager, Administrative Services
United States Postal Service
Central Illinois District
6801 West 73rd Street
Bedford Park, Illinois 60499-9991

Re: **Claims by L.P. Consulting Group, Inc. against United States Postal Service**

Dear Mr. Rigsby:

On behalf of our client, L.P. Consulting Group, Inc. ("L.P. Consulting") we hereby submit to you, as contracting officer for the United States Postal Service ("USPS"), the following claims against the USPS in connection with damages sustained by L.P. Consulting resulting from the USPS's breach of implied contracts and failure to follow postal procurement procedures:

| Project Name | Work Order Amount | Lost Profit |
|---|---|---|
| Aroma Park Interior Lobbies and Building Renovation | $62,000.00 | $12,466.00 |
| Beaverville Lobby and Building Renovation | $24,758.00 | $4,736.00 |
| Bradley Concrete Ramp, Lobbies and Building Renovation | $187,352.00 | $31,449.00 |
| East Lynn Building Renovation | $32,775.00 | $5,280.00 |
| Momence Concrete Ramp and Lobby Renovation | $46,388.00 | $7,800.00 |
| Papineau Interior Renovation and Concrete Ramp | $43,442.00 | $6,311.00 |
| St. Anne Concrete and Asphalt and Interior Renovations | $41,691.00 | $7,360.00 |
| Union Hill Interior and Exterior Ramp | $36,110.00 | $5,608.00 |
| **Total** | **$474,516.00** | **$81,010.00** |

With respect to each of the above claims, L.P. Consulting was requested to provide a work order pursuant to its indefinite quantity contract, and it provided a work order after the applicable research and communication with your office. In each case, the work order was provided with the express or implied understanding that the work would be given to

L.P. Consulting. On information and belief, in at least some of the above cases, the work was awarded to another contractor. As a result of your office's failure to follow postal procurement procedures and breach of its implied contracts, L.P. Consulting has been damaged in the amount of $81,010.

Pursuant to the above, L.P. Consulting Group, Inc. hereby makes a claim or claims under the Contract Disputes Act of 1978, in the total amount of $81,010 to recover the losses sustained as described above.

We hereby request a decision within sixty calendar days of your receipt of this claim. Also, pursuant to the Freedom of Information Act, we request a copy of the written notice of award on each of the above eight projects. Incidentally, as we have pointed out before, L.P. Consulting is also entitled to receive the Notice of Award pursuant to section 4.4.3.a.15(b) of the USPS Purchasing Manual. Therefore, we request that the requested information be provided both under the Freedom of Information Act and postal procurement procedures.

We would appreciate your prompt response and invite you to call with any questions that you may have.

Truly yours,

James T. Rohlfing

JTR:kc
cc: L.P. Consulting Group, Inc.

# VERIFICATION

Richard A. Battaglin, a duly authorized officer of L.P. Consulting Group, Inc., being first duly sworn upon his oath, deposes and states that the above and foregoing claim of L.P. Consulting Group, Inc., dated this 7TH day of April, 1998, is true and correct in substance and in fact.

Richard A. Battaglin
Richard A. Battaglin

SUBSCRIBED AND SWORN to
before me this 7th day
of April, 1998.

Anna E Wilma
Notary Public

OFFICIAL SEAL
ANNA E WILMA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/04/99

C:\R\LPCONS\POST\L04RIGSB.DOC\04/03/98\12:00 PM

Friedman Sinar & Rohlfing
Attorneys at Law
200 West Madison Street, Suite 2500
Chicago Illinois 60606
(312) 855-5399
Fax (312) 368-5821

James T. Rohlfing
(312) 855-5383

E-Mail Address
FSRLAW@AOL.com

March 3, 1998

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**RECEIPT NO. Z 041 263 249**

Mr. Robert Rigsby
Manager, Administrative Services
United States Postal Service
Central Illinois District
6801 West 73rd Street
Bedford Park, Illinois 60499-9991

Re: **L.P. Consulting Group, Inc., Claims Concerning Berwick Modular Post Office, Hoopeston Ramp Project, Downers Grove Dock Enclosure and Brook field Ramp and Dock Enclosure**

Dear Mr. Rigsby:

We represent L.P. Consulting Group, Inc. ("L.P. Consulting") concerning its claims against the United States Postal Service ("USPS") in connection with damages sustained by L.P. Consulting resulting from the USPS's failure to follow postal procurement procedures with respect to each claim as follows:

1. Berwick Modular Post Office. On September 17, 1996, L.P. Consulting provided a site visit to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0094 with the USPS ("IQC"), pursuant to your instructions and under the direction of Bruce Rothermel of your office. L.P. Consulting followed the provisions of its IQC to produce a rough sketch of the site work requested, and a work order in the amount of $30,660.83 for the Berwick project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $7,665.00.

2. Hoopeston Ramp Project. On November 1, 1995 and August 1, 1996, L.P. Consulting provided a site visit to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0098 with the USPS ("IQC"),

pursuant to your instructions and under the direction of Paul Steiner and Lois Gunlogson of your office. L.P. Consulting followed the provisions of its IQC to produce a work order in the amount of $62,752.00 for the Hoopeston project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $14,433.00.

3. <u>Downers Grove Dock Enclosure</u>. On August 1, 1996, L.P. Consulting was provided architectural drawings to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0098 with the USPS ("IQC"), pursuant to your instructions and under the direction of Jesse McNabb of your office. L.P. Consulting followed the provisions of its IQC to produce a work order in the amount of $36,564.99 for the Downers Grove project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $10,000.00.

4. <u>Brookfield Ramp & Dock Enclosure</u>. On August 1, 1996, L.P. Consulting was provided architectural drawings to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0094 with the USPS ("IQC"), pursuant to your instructions and under the direction of Jesse McNabb of your office. L.P. Consulting followed the provisions of its IQC to produce a work order in the amount of $89,168.28 for the Brookfield project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $22,229.00.

Pursuant to the above, L.P. Consulting Group, Inc. hereby makes a claim under the Contract Disputes Act of 1978 in the total amount of $54,327.00 for losses sustained as set forth above.

We request a decision within sixty (60) calendar days of receipt of this claim. Also, pursuant to the Freedom of Information Act, we request a copy of the written notice of award on each of the above four projects, stating the award amount, the date of award, the number of offerors, and to whom the award was made. Incidentally, L.P. Consulting is also entitled to receive that information pursuant to section 4.4.3.a.15(b) of the USPS Purchasing Manual.

We look forward to your prompt response.

Truly yours,

James T. Rohlfing

JTR:kc

cc: L.P. Consulting Group, Inc.

C:\R\LPCONS\POST\L02RIGSB.DOC\03/03/98\4:49 PM

## VERIFICATION

Richard A. Battaglin, a duly authorized officer of L.P. Consulting Group, Inc., being first duly sworn upon his oath, deposes and states that the above and foregoing claim of L.P. Consulting Group, Inc., dated this 7TH day of April, 1998, is true and correct in substance and in fact.

Richard A. Battaglin

SUBSCRIBED AND SWORN to
before me this 7th day
of April, 1998.

Notary Public

OFFICIAL SEAL
ANNA E WILMA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/04/99

(f) Has the contractor performed adequate price or cost analysis?

(g) Is the proposed subcontract type appropriate for the risks involved and consistent with current policy?

(h) Service-furnished facilities?

(i) Has the contractor adequately and reasonably translated prime contract technical requirements into subcontract requirements?

(j) Is the proposed subcontractor on the Postal Service's consolidated list of debarred, suspended, and ineligible contractors?

2. Particularly careful and thorough consideration is necessary when:

(a) The prime contractor's purchasing system or performance is inadequate;

(b) Close working relationships or ownership affiliation between the prime and subcontractor may preclude free competition or result in higher prices;

(c) Subcontracts are proposed on a noncompetitive basis, at prices that appear unreasonable, or at prices higher than those offered the Postal Service in comparable circumstances; or

(d) Subcontracts are proposed on other than a fixed-price basis.

### 6.7.2 Limitations

6.7.2.a Lack of disapproval of a subcontract does not constitute a determination of the acceptability of the subcontract terms or price, or of the allowability of costs.

6.7.2.b Contracting officers should not disapprove a subcontract merely because it gives the subcontractor the right to appeal a dispute to the Board of Contract Appeals in the name of the prime contractor.

## Section 8 Claims and Disputes

### 6.8.1 General

6.8.1.a *Contract Disputes Act.* This section and Clause B-9, *Claims and Disputes*, implement the Contract Disputes Act of 1978, as amended (41 U.S.C. 601–613).

6.8.1.b *Policy.* It is the policy of the Postal Service to resolve contractual issues by mutual agreement at the level of the contracting officer. The contracting officer should consider holding informal discussions between the parties to resolve differences before issuing a final decision on a claim.

6.8.1.c *Definitions*

1. *Claim.* A written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of a specified sum of money, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim.

(b) Close working relationships or ownership affiliation between the prime and subcontractor may preclude free competition or result in higher prices;

(c) Noncompetitive subcontracts are proposed at prices that appear unreasonable, or higher than those offered the Postal Service in comparable circumstances; or

(d) Subcontracts are proposed that are not fixed-price.

### 6.7.2 Limitations

6.7.2.a *Lack of Disapproval.* Lack of disapproval of a subcontract does not constitute a determination of the acceptability of the subcontract terms or price, or of the allowability of costs.

6.7.2.b *Disapproval to Avoid Disputes.* Subcontracts should not be disapproved merely because they give the subcontractor the right to appeal a dispute to the Board of Contract Appeals in the name of the prime supplier.

## 6.8 Claims and Disputes

### 6.8.1 General

6.8.1.a *Contract Disputes Act.* This section and Clause B-9, *Claims and Disputes,* implement the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613).

6.8.1.b *Policy.* It is Postal Service policy to resolve contractual issues by mutual agreement at the level of the contracting officer. In addition, the Postal Service supports and encourages the use of alternative dispute resolution (ADR) as an effective way to understand, address and resolve conflicts with suppliers. The contracting officer, working with the purchase team, should consider an ADR method to resolve a dispute, if agreed to by the supplier. ADR methods may include informal negotiation, mediation by a neutral third party, facilitation by an ombudsman, or other approved methods. These efforts to resolve differences should be made before the issuance of a final decision on a claim. Even when the supplier does not agree to use ADR, the contracting officer, working with the purchase team, should consider holding informal discussions between the parties in order to resolve the conflict before the issuance of a final decision.

### 6.8.2 Claim Initiation

6.8.2.a *Receipt.* Supplier claims must be submitted in writing to the contracting officer for final decision. The contracting officer must document the contract file with evidence of the date of receipt of any submission that the contracting officer determines is a claim. Supplier claims must be submitted within 6 years after accrual of a claim unless the parties agreed to a shorter time period. The 6 year time period does not apply to contracts awarded prior to October 1, 1995.