No. 98-868C
(Judge Allegra)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

L.P. CONSULTING GROUP, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO QUASH NOTICE OF DEPOSITION, FOR PROTECTIVE ORDER AND REQUEST FOR EXPEDITED CONSIDERATION

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L. St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

OF COUNSEL:

STEPHEN D. LOBAUGH
United States Postal Service

July 19, 2004

## TABLE OF CONTENTS

Relevant Proceedings Concerning The Discovery Dispute . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I. LP's Rule 30(b)(6) Deposition Notice Is Impermissibly Board . . . . . . . . . . . . . . . . . . . 10

II. LP's Amended Deposition Notice Is Not Within The Remaining Discovery Matters That Were Presented To The Court By Both Parties On July 1, 2004 . . . . 12

III. If Additional Discovery Is Allowed, Interrogatories Are The Proper Discovery Method For Obtaining Detailed Information . . . . . . . . . . . . . . . . . 13

IV. LP's Amended Deposition Notice Does Not Allow Defendant Adequate Time To Respond . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

### FEDERAL CASES

Alexander v. Federal Bureau of Investigation,
188 F.R.D. 111 (D.D.C. 1998) . . . . . . . . . . . . . . . . . 10

Alexander v. Federal Bureau of Investigation,
186 F.R.D. 137 (D.D.C. 1998) . . . . . . . . . . . . . . . . . 9

Bank of New York v. Meridien Biao Bank Tanzania,
171 F.R.D. 135 (S.D.N.Y. 1997) . . . . . . . . . . . . . . 6, 12

Exxon Research & Eng. Co. v. United States,
44 Fed. Cl. 597 (1999) . . . . . . . . . . . . . . . . . . 8, 13

Kalis v. Colgate-Palmolive Co.,
231 F.3d 1049 (7th Cir. 2000) . . . . . . . . . . . . . . . 10

Koken v. Lederman,
48 Fed. R. Serv. 3d 1161,
2001 WL 179894 (E.D. Pa. 2001) . . . . . . . . . . . . . . . 9

McCormick-Morgan, Inc. v. Teledyne Industries, Inc.,
134 F.R.D. 275 (N.D.Cal.), rev'd in other part,
765 F. Supp. 611 (N.D. Cal. 1991) . . . . . . . . . . . . . 13

Prokosch v. Catalina Lighting, Inc.,
193 F.R.D. 633 (D. Minn. 2000) . . . . . . . . . . . . . . 10

Reed v. Bennett,
193 F.R.D. 689 (D. Kan. 2000) . . . . . . . . . . . . . . . . 9

SEC v. Morelli,
143 F.R.D. 42 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . 13

Steil v. Humana Kansas City, Inc.,
197 F.R.D. 442 (D. Kan. 2000) . . . . . . . . . . . . . . . . 9

United States v. Taylor,
166 F.R.D. 356 (Eliason, Mag. J.),
aff'd, 166 F.R.D. 267 (M.D.N.C. 1996) . . . . . . . . . . 9, 13

Wheeler v. United States,
11 F.3d 156 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . 8

### FEDERAL STATUTES

FRCP 26(a)(1) . . . . . . . . . . . . . . . . . . . . . . . 7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| L.P. CONSULTING GROUP, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-868C |
| THE UNITED STATES, | ) | (Judge Allegra) |
| Defendant. | ) | |

DEFENDANT'S MOTION TO QUASH NOTICE OF DEPOSITION, FOR PROTECTIVE ORDER AND REQUEST FOR EXPEDITED CONSIDERATION

Pursuant to Rule 26(b)(2) and (c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court entertain a discovery dispute that could not be resolved through discussions and quash an amended notice of deposition for a Rule 30(b)(6) deposition, served by L.P. Consulting Group, Inc. ("LP") on July 16, 2004 (App. 1-7),[1/] and issue a Protective Order precluding LP from proceeding with such a deposition. Defendant requests a hearing with the Court on the record as soon as a possible.[2/] In accordance with RCFC 26(c), defendant's counsel certifies that she has in good faith conferred with LP's counsel both orally and in writing in an effort to resolve this dispute without Court action, but the dispute has not been resolved.

---

[1/] "App." refers to the appendix attached to this motion.

[2/] On July 20-22, 2004, defendant's counsel is on travel for previously scheduled depositions at MDC-Brooklyn, N.Y. These depositions are taken pursuant to the March 5, 2004 order in Aaron v. United States, Fed. Cl. No. 00-315C.

Relevant Proceedings Concerning The Discovery Dispute

On July 9, 2004, LP served on defendant a "Notice of Party Deposition Upon Oral Examination Of Defendant The United States Postal Service" for a deposition on August 4, 2004, without any prior notice. App. 44-51.

By letter dated July 15, 2004, defendant responded and objected to the Rule 30(b)(6) notice of deposition. App. 29-34. First, defendant objected because the Rule 30(b)(6) notice had not been set forth in the "Parties' Joint Status Report and Motion For Enlargement of Discovery," filed July 1, 2004. Defendant agreed to the report and motion based upon the understanding, reiterated by plaintiff's counsel Lawrence Prosen, that the enlargement of discovery requested would not be open-ended, that the remaining discovery be set forth in the joint motion, and that the requested enlargement was only for completion of such discovery.[3/] LP has had "ample opportunity by discovery" "to obtain the information sought" through its notice of a Rule 30(b)(6) deposition. RCFC 26 (b)(2).

Defendant also objected because the Rule 30(b)(6) notice of deposition was set for August 4, 2004. Defendant's counsel is

[3/] Mr. Prosen denies making such statements. However, by letter dated June 29, 2004, Mr. Prosen stated "As I see it, the Motion [To Extend Discovery Deadline] should be limited to any current/pending discovery, including Mr. Puricelli's deposition, the document productions discussed above by the parties, and any other directly related discovery issues." App. 26-27.

not available July 26-August 6, 2004 because of previously scheduled depositions at FCI-Otisville, N.Y. This discovery is conducted pursuant to the parties' joint discovery plan which was formally approved on April 26, 2004 in Aaron v. United States, Fed. Cl. No. 00-315, and consolidated cases. These depositions involve extensive preparations by both parties and approximately 15 witnesses. It is also essential that defendant's counsel be available to prepare for and defend any deposition in this matter, including a Rule 30(b)(6) deposition.

Defendant also objected because the notice of deposition did not conform to the requirements of Rule 30(b)(6). The sheer breadth of the topics identified in the deposition notice makes designation of a witness or witnesses and preparation for such a deposition impossible.

LP's original notice of deposition purported to cover in excess of 40 different "projects." Initially, the notice of deposition listed the following 12 "projects":

1. Berwick Modular Post Office
2. Hoopeston Ramp Project
3. Downer's Grove Dock Enclosure
4. Brookfield Ramp and Dock Enclosure
5. Aroma Park Interior Lobbies and Building Renovation
6. Beaverville Lobby and Building Renovation
7. Bradley Concrete Ramp, Lobbies and Building Renovation
8. East Lynn Building Renovation
9. Momence Concrete Ramp and Lobby Renovation
10. Papineau Interior Renovation and Concrete Ramp
11. St. Anne Concrete and Ashalt Renovations
12. Union Hill Interior and Exterior Ramp

Then, the deposition notice followed with the names of 21 United States Post Offices, which were called "projects," together bringing the number of Post Offices/projects involved in the deposition notice to 40:

13. Glenwood
14. Bradley
15. Hoopston
16. Paxton
17. Lincoln
18. Marseilles
19. Mendota
20. Oglesby
21. Peru
22. Princeton
23. Spring Valley
24. Streator
25. Canton
26. Bushnell
27. Macomb
28. Lewistown
29. Normal
30. Charleston
31. Tuscola
32. Pana
33. Shelbyville
34. Taylorville
35. Beardston
36. Carlinville
37. Havana
38. Mason City
39. Rushville
40. Virden

App. 46-47. Defendant also objected to the breadth of the notice of deposition due to all the other broad topic areas also listed in the notice, for example:

1. all information surrounding or involving the 40 projects;

2. all information regarding site visits by the USPS, LP, or others to the 40 projects;

3. all information regarding any investigations, etc., which refer or relate to the 40 projects;

4. all handicap ramp and/or dock enclosure projects located in Illinois between 1995 and 1998 (without identifying such projects);

5. the development, drafting, preparation, approval, issuance or other administrative task involving any task orders or scopes of work for any of the 40 projects;

6. any site visits by LP to the 40 projects;

7. any scopes of work developed by LP for the 40 projects;

8. USPS standard procedures for the preparation of statements of work such as those which are the subject of the litigation;

9. any documents prepared by USPS personnel or contractors/independent contractors for the 40 projects;

10. the USPS purchasing manual in existence between 1996 and 1999, and the procedures, statements, and requirements set forth therein;

11. any discussions with LP regarding the 40 projects;

12. any involvement of seven individuals in the 40 projects;

13. any requests to LP to perform site surveys, take-offs, analyses, scopes of work or other tasks related to the 40 projects;

14. any statements of work developed by LP for the 40 projects;

15. any and all facts involving Andrew Fernandez and the 40 projects;

16. all statements of work prepared or otherwise issued by USPS for the 40 projects; and

17. any and all documents produced by defendant.

App. 47-50.

Defendant objected because not only were the discovery topics unreasonably broad and numerous, but the deposition notice is improper because there is not sufficient time to respond to the notice. App. 31. The deposition notice would require defendant first to locate, and then to research, numerous files of documents, that had not even been required to be located or examined in connection with the litigation. Defendant is entitled to a minimum of 30 days to respond to any requests for production of documents. RCFC 33. The notice of deposition, while ostensibly requesting testimony, actually requires defendant to locate, review, and study numerous files and documents, all without providing sufficient time for defendant to even attempt to locate relevant documents or to obtain the information from Government employees. Moreover, Government counsel would have to travel to Illinois to interview witnesses and to locate and review numerous documents before responding to a Rule 30(b)(6) deposition. Most of the witnesses with any knowledge of these matters, or the ability to knowledgeably review relevant documents are located in Illinois.

Defendant also objected upon the ground that the detailed information that LP apparently would be requesting through its deposition should have been requested through interrogatories and

requests for production of documents, instead of a Rule 30(b)(6) deposition. App. 32.

Defendant noted that Rule 30(b)(6) "is not designed to be a memory contest." Bank of New York v. Meridien Biao Bank Tanzania, 171 F.R.D. 135, 150 (S.D.N.Y. 1997). Defendant objected to the Rule 30(b)(6) notice of deposition because the notice of deposition apparently is intended for this improper purpose. App. 33. No witness could ever hope to learn all of the detailed information and regurgitate it at a deposition. Given the impossibility of accomplishing that task, any witness would be left to speculate at what precise information he or she should attempt to learn, given the scope and breadth of the deposition topics.

Defendant also objected because the deposition notice was geared to obtain testimony regarding matters that were not relevant to the resolution of this matter. RCFC 26(b)(1). App. 33.

On July 16, 2004, defendant's counsel discussed the deposition notice with LP's counsel Lawrence Prosen.[4/] Mr. Prosen stated that LP would revise its deposition notice by eliminating the list of 21 Post Offices/projects, but not otherwise change the notice of deposition. Defendant's counsel

[4/] Defendant's counsel also attempted to discuss the matter with LP's counsel of record, Brian Cohen, but he did not return her telephone calls.

objected to such an amended deposition notice. On July 16, 2004, LP served a letter accompanied by an amended Rule 30(b)(6) notice, which superceded the July 5, 2004 notice of deposition. The deposition was noticed for August 4, 2004. App. 1-7, 35-38. The July 16, 2004 amended notice of Rule 30(b)(6) deposition eliminated the list of 21 Post Offices/projects contained in the earlier notice but retained all of the other board topic areas contained in the original notice. App. 1-7. By letter dated July 19, 2004, defendant responded to LP's letter. App. 39-43. For the reasons below, defendant respectfully requests that the Court quash the July 16, 2004 Amended Notice of Rule 30(b)(6) deposition, and issue a protective order precluding LP from proceeding with such a deposition.

<u>ARGUMENT</u>

Rule 30(b)(6) states:

> A party may in the party's notice . . . name as the deponent a . . . governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization.

RCFC 30(b)(6). Federal law interpreting the Federal Rules of Civil Procedure is persuasive authority for an identical rule of

the Court of Federal Claims. Wheeler v. United States, 11 F.3d 156 (Fed. Cir. 1993); Exxon Research & Eng. Co. v. United States, 44 Fed. Cl. 597, 599 (1999).

Rule 30(b)(6) depositions require extensive preparation of the responding witness or witnesses. If the persons designated by the corporation do not possess personal knowledge of the matters specified in the deposition notice, the corporation is obligated to prepare the designees. This may, depending upon the circumstances, include reviewing documents, written discovery, and deposition testimony. United States v. Taylor, 166 F.R.D. 356, 361 (Eliason, Mag. J.), aff'd, 166 F.R.D. 267 (M.D.N.C. 1996).

Rule 30(b)(6) places certain burdens on both parties. The initial burden falls on the requesting party. Alexander v. Federal Bureau of Investigation, 186 F.R.D. 137, 139 (D.D.C. 1998). Specifically, before the responding party designates a witness under the notice of deposition, the requesting party must have described with reasonable particularity the matters on which examination is requested. Id. The plain purpose of requiring the requesting party to specify the areas of inquiry in the deposition notice is to assist the corporation in choosing the appropriate representative(s). Koken v. Lederman, 48 Fed. R. Serv.3d 1161, 2001 WL 179894 (E.D. Pa. 2001).

"An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task." Steil v. Humana Kansas City, Inc., 197 F.R.D. 442, 443 (D. Kan. 2000)(Rushfelt, Mag. J.); Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000). Where the responding party cannot identify the limits of the areas of inquiry noticed, it is not feasible for that party to designate its representatives. Steil, 197 F.R.D. at 443; Reed, 193 F.R.D. at 692. "To allow the Rule [30(b)(6)] to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000)(Erickson, Mag. J.)(emphasis added). See Alexander v. Federal Bureau of Investigation, 188 F.R.D. 111, 121 (D.D.C. 1998)(rejecting notice to depose on "any matters relevant to this case" as not meeting the reasonable particularity requirement).

I. LP's Rule 30(b)(6) Deposition Notice Is Impermissibly Broad

LP's Rule 30(b)(6) amended notice of deposition served on July 16, 2004 does not state the matters for deposition with "reasonable particularity." Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 158 n.5 (7th Cir. 2000) (plaintiff's generic Rule 30(b)(6) notice did not meet this standard). The deposition notice fails "to designate, with painstaking specificity, the

particular subject areas that are intended to be questioned." Prokosch v. Catalina Lighting, Inc., 193 F.R.D. at 638 (emphasis added)(cited with approval in Kalis v. Colgate-Palmolive Co.). Instead, LP's amended notice of deposition requests testimony upon numerous broad subject areas, for example:

1. all information surrounding or involving the 12 projects;

2. all information regarding site visits by the USPS, LP, or others to the 12 projects;

3. all information regarding any investigations, etc., which refer or relate to the 12 projects;

4. all handicap ramp and/or dock enclosure projects located in Illinois between 1995 and 1998 (without identifying such projects);

5. the development, drafting, preparation, approval, issuance or other administrative task involving any task orders or scopes of work for any of the 12 projects;

6. any site visits by LP to the 12 projects;

7. any scopes of work developed by LP for the 12 projects;

8. USPS standard procedures for the preparation of statements of work such as those which are the subject of the litigation;

9. any documents prepared by USPS personnel or contractors/independent contractors for the 12 projects;

10. the USPS purchasing manual in existence between 1996 and 1999, and the procedures, statements, and requirements set forth therein;

11. any discussions with LP regarding the 12 projects;

12. any involvement of seven individuals in the 12 projects;

13. any requests to LP to perform site surveys, take-offs, analyses, scopes of work or other tasks related to the 12 projects;

14. any statements of work developed by LP for the 12 projects;

15. any and all facts involving Andrew Fernandez and the 12 projects;

16. all statements of work prepared or otherwise issued by USPS for the 12 projects; and

17. any and all documents produced by defendant.

App. 3-6. No witness could ever hope to learn all of this detailed information and regurgitate it at a deposition. Given the impossibility of accomplishing that task, any witness would be left to speculate at what precise information he or she should attempt to learn, given the scope and breadth of the deposition topics. Rule 30(b)(6) "is not designed to be a memory contest." Bank of New York v. Meridien Biao Bank Tanzania, 171 F.R.D. at 150. The Rule 30(b)(6) amended notice of deposition apparently is intended for this improper purpose.

## II. LP's Amended Deposition Notice Is Not Within The Remaining Discovery Matters That Were Presented To The Court By Both Parties On July 1, 2004

LP has had "ample opportunity by discovery" "to obtain the information sought" through its amended notice of a Rule 30(b)(6) deposition. RCFC 26 (b)(2). In their July 1, 2004 "Joint Status Report and Motion For Enlargement Of Discovery," the parties set

forth their remaining discovery requirements in this matter. No where in the joint motion did LP mention an anticipated Rule 30(b)(6) deposition of defendant. Indeed, LP's counsel had never discussed such a deposition with Government counsel. On July 2, 2004, the Court allowed the enlargement of discovery to August 6, 2004, and directed the parties to cooperate in the remaining discovery. LP's Rule 30(b)(6) deposition was not set forth in the report and motion regarding the remaining discovery in this matter. Accordingly, the Court should preclude LP from proceeding with the Rule 30(b)(6) amended notice of deposition.

## III. If Additional Discovery Is Allowed, Interrogatories Are The Proper Discovery Method For Obtaining Detailed Information

Whether a Rule 30(b)(6) deposition or an interrogatory is more appropriate is determined upon a case by case basis. Exxon, 44 Fed. Cl. at 601; United States v. Taylor, 166 F.R.D. at 362 n.7. In some cases, courts have directed a requesting party to proceed by interrogatories, rather than a Rule 30(b)(6) deposition. In Exxon, the Court barred the United States' request for a Rule 30(b)(6) deposition and directed the United States to proceed through contention interrogatories as a less expensive and less invasive method of allowing it to learn the required information. 44 Fed. Cl. at 601. Other courts have barred Rule 30(b)(6) depositions and directed a party to proceed through interrogatories. SEC v. Morelli, 143 F.R.D. 42, 48 (S.D.N.Y. 1992) (directing party to proceed by interrogatories

and barring a Rule 30(b)(6) deposition); McCormick-Morgan, Inc. v. Teledyne Industries, Inc., 134 F.R.D. 275, 278 (N.D. Cal.) (directing party to respond to interrogatories rather than produce a Rule 30(b)(6) witness), rev'd in other part, 765 F. Supp. 611 (N.D. Cal. 1991).

LP should be precluded from proceeding with its Rule 30(b)(6) amended notice of deposition. As explained above, the deposition notice requests that a witness be prepared to testify upon countless topic areas. No witness or witnesses could be prepared to testify about all of these matters. The witness would have to review hundreds of documents, the deposition testimony already obtained, and interview other witnesses to obtain information. The witness would have to attempt to remember all of such detailed information, an impossible task.

LP has forgone the issuance of detailed interrogatories in this matter. The Government should not suffer the consequences of LP's litigation strategy by undergoing an improper Rule 30(b)(6) examination. No witness could be adequately prepared to testify about all these matters. If the Court concludes that LP should have some form of additional discovery in this matter, it should direct LP to proceed by issuing interrogatories, and allow adequate time for defendant to research and respond to LP's specific questions.

## IV. LP's Amended Deposition Notice Does Not Allow Defendant Adequate Time To Respond

LP's amended notice of deposition, like its original notice, is for August 4, 2004. Defendant's counsel is not available between July 26 and August 6, 2004 because of previously scheduled depositions in another matter. Consequently, defendant's counsel can neither prepare witnesses for a Rule 30(b)(6) deposition nor defend the Government at the deposition.

Second, although the deposition notice ostensibly requests testimony, it actually requires defendant to locate, review, and study numerous documents that have not previously been produced in the litigation. The deposition subject areas are much broader than LP's two prior Requests For Production of Documents, which is the only written discovery propounded by LP in this case. App. 52-58. Defendant and its designated witness would require adequate time to locate, review, and study the pertinent documents before responding to such a deposition notice. Rule 33 allows 30 days response time for responses to requests for production of documents. RCFC 33. Accordingly, a party should be allowed a minimum of 30 days to respond to such a Rule 30(b)(6) notice that necessitates the production and review of documents, i.e., August 9, 2004. Moreover, given the Government counsel's pre-existing schedule, at least an additional four weeks would be required to prepare for such a deposition. Even assuming that the scope of LP's Rule 30(b)(6) amended notice of

deposition would be narrowed, the discovery period in this matter would have to be extended through at least September 2004 to enable completion of such a deposition.

CONCLUSION

For the reasons set forth above, defendant respectfully requests that the Court, pursuant to RCFC 26(b)(2) and (c), quash LP's amended notice of a Rule 30(b)(6) deposition served July 16, 2004, and preclude LP from proceeding with such a deposition. Defendant also respectfully requests an expedited resolution of this matter.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor, 1100 L. St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

Of Counsel:
STEPHEN D. LOBAUGH
United States Postal Service
July 19, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 19th day of July 2004, a copy of the foregoing "DEFENDANT'S MOTION TO QUASH NOTICE OF DEPOSITION, FOR PROTECTIVE ORDER AND REQUEST FOR EXPEDITED CONSIDERATION" was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s DOMENIQUE KIRCHNER

Table of Contents of Appendix

Pages
1. July 16, 2004 LP Amended Notice Of Party Deposition........1
2. February 25, 2004 Letter of Defendant's Counsel............8
3. April 9, 2004 Letter of Defendant's Counsel...............14
4. April 15, 2004 Letter of LP's Counsel.....................16
5. May 6, 2004 Letter of Defendant's Counsel.................18
6. May 7, 2004 Letter of LP's Counsel........................19
7. May 13, 2004 Letter of Defendant's Counsel................20
8. June 3, 2004 Letter of Defendant's Counsel................21
9. June 3, 3004 Letter of LP's Counsel.......................25
10. June 29, 2004 Letter of LP's Counsel.....................26
11. July 8, 2004 Letter of Defendant's Counsel...............28
12. July 15, 2004 Letter of Defendant's Counsel..............29
13. July 16, 2004 Letter of LP's Counsel.....................35
14. July 19, 2004 Letter of Defendant's Counsel..............39
15. July 9, 2004 LP Notice of Party Deposition...............44
16. Sept. 8, 1999 LP First Request For Production of Documents....................................................52