Table of Contents of Appendix

Pages
1. July 16, 2004 LP Amended Notice Of Party Deposition........1
2. February 25, 2004 Letter of Defendant's Counsel............8
3. April 9, 2004 Letter of Defendant's Counsel..............14
4. April 15, 2004 Letter of LP's Counsel.....................16
5. May 6, 2004 Letter of Defendant's Counsel.................18
6. May 7, 2004 Letter of LP's Counsel........................19
7. May 13, 2004 Letter of Defendant's Counsel................20
8. June 3, 2004 Letter of Defendant's Counsel................21
9. June 3, 3004 Letter of LP's Counsel.......................25
10. June 29, 2004 Letter of LP's Counsel.....................26
11. July 8, 2004 Letter of Defendant's Counsel...............28
12. July 15, 2004 Letter of Defendant's Counsel..............29
13. July 16, 2004 Letter of LP's Counsel.....................35
14. July 19, 2004 Letter of Defendant's Counsel..............39
15. July 9, 2004 LP Notice of Party Deposition...............44
16. Sept. 8, 1999 LP First Request For Production of Documents....................................................52

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **L.P. CONSULTING GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 98-868 C** |
| v. | ) | **(Judge Allegra)** |
| | ) | |
| **THE UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**AMENDED NOTICE OF PARTY DEPOSITION UPON ORAL EXAMINATION OF DEFENDANT THE UNITED STATES POSTAL SERVICE**

Plaintiff, L.P. Consulting, Inc., through undersigned counsel and pursuant to United States Court of Federal Claims Rule 30(b)(6), hereby notices the deposition of party Defendant, The United States Postal Service ("Government"), upon oral examination for a party or "corporate" oral deposition.

This noticed deposition of the Government shall take place at the offices of Bell, Boyd & Lloyd PLLC, 1615 L Street, N.W., Washington, D.C. 20036 or such other place and time as may be mutually agreed upon by counsel for the parties on August 4, 2004 at 10:00 a.m. Pursuant thereto, L.P. hereby demands that the Government designate one or more officers, directors, managing agents, authorized agent(s), or other persons who consent to testify on the Government's behalf, and to set forth, for each person so designated, the matters on which those persons will testify.

## I. DEFINITIONS AND INSTRUCTIONS

As used herein, the following Definitions and Instructions shall apply, unless the context clearly calls for a different meaning.

1. "Document" means the complete original or the true, correct and complete copy of any non-identical copies of any written or graphic matter, no matter how produced, recorded,

stored or reproduced, including, but not limited to, any writing, letter, telegram, meeting minute, memorandum, statement, book, record, survey, map, study, handwritten note, working paper, chart, tabulation, graph, tape, data sheet, data processing card, printout, microfilm, index, diary entry, book, analysis, summary, study, job record, check, chart, invoice, schedule, financial and accounting record, plans, specifications, photograph, video, report, agenda, log, contract, agreement, memoranda of meetings and telephone conversations, position papers, stored computerized data and printouts thereof, and papers of any nature, including drafts and proposed drafts of each, and all copies of documents by whatever means made, except for exact duplications which do not differ from the original or from any other copy by way of color, interlineation, markings, notations or otherwise.

2. The terms "USPS", "Government" or "United States Postal Service" means the United States Postal Service, its officers, directors, employees, agents, representatives and independent contractors or any one of them.

3. The "Contract" means IQC Contract No. 162640-96-B-0094 and Contract No. 162640-96-B-0098 unless otherwise noted.

4. All terms defined herein refer to the singular as well as to the plural, as the context requires.

5. To the extent any of the following areas or subject matters of the noticed deposition are objectionable, separately state the part of each subject matter area/item to which an objection has been raised and each ground for each such objection.

6. Any documents shall be produced in the manner in which they are kept in the normal course of business and shall be identified by the particular request to which they are responsive.

A 2

7. This Notice of Deposition is continuing in character, and, therefore, any additional informational responsive to this Notice or the subject matters set forth below shall be produced as it becomes known, available, or is generated, received or located.

8. The terms "refer or relate" mean reflect, contain, pertain to, refer to, indicate, show, concern, evidence, describe, discuss, mention, bear upon, or comprise in whole or in part.

9. The terms "you," "your," or "Defendant" shall mean and refer to USPS and its agents, servants, employees, representatives, attorneys or any other person or entity acting on its or their behalf.

10. The term "SOW" shall mean and refer to any task order, delivery order, scope of work, or other description of the work to be performed on any of the Projects as defined under the previous paragraph.

11. The term "Subject Projects" shall mean and refer to each of the projects identified below which are the subject of the current litigation.

a. Berwick Modular Post Office
b. Hoopeston Ramp Project
c. Downer's Grove Dock Enclosure
d. Brookfield Ramp and Dock Enclosure
e. Aroma Park Interior Lobbies and Building Renovation
f. Beaverville Lobby and Building Renovation
g. Bradley Concrete Ramp, Lobbies and Building Renovation
h. East Lynn Building Renovation
i. Momence Concrete Ramp and Lobby Renovation
j. Papineau Interior Renovation and Concrete Ramp
k. St. Anne Concrete and Asphalt Material Renovations
l. Union Hill Interior and Exterior Ramp

## II. SUBJECT MATTER

The subject matter of the Rule 30(b)(6) Deposition shall include, without limitation, the following:

1. All information surrounding or involving the Subject Projects.

A 3

2. All information regarding site visits performed by USPS personnel, L.P., or others regarding any of the Subject Projects.

3. All information which is not privileged which involves any investigations, reports, analyses, data, information or which refer or relate to this case, L.P., or the Subject Projects.

4. All documents produced either previously or in the future by the USPS.

5. All USPS handicapped ramp and/or dock enclosure projects located in Illinois, performed between 1995 and 1998 regarding or related to the Subject Projects.

6. The destruction, removal, archiving or other disposition of any USPS documents, materials or other items requested by L.P. in its Requests for Production of Documents, whether produced or not produced by the USPS.

7. The development, drafting, preparation, approval, issuance and other administrative tasks involving any task orders, scopes of work or other contracts regarding or relating to any of the Subject Projects.

8. Any site visits by L.P. to any of the Subject Projects.

9. Any scopes of work or the like developed by L.P. for any of the Subject Projects.

10. USPS standard procedures at the time of the Contracts, for the preparation of statements of work and/or task orders such as those which are the subject of this litigation.

11. Any documents prepared by USPS personnel or contractors/independent contractors, for any of the Subject Projects.

12. The USPS Purchasing Manual in existence between 1996 and 1999, and the procedures, statements, and requirements set forth therein.

13. Any decisions made by the USPS to exclude L.P. from participation in any of the Subject Projects.

14. Any requests, whether written, verbal, or otherwise, made by the USPS to L.P., to perform site surveys, take-offs, analyses, develop scopes or work or perform other work/tasks on any of the Subject Projects.

15. Any statements of work developed by L.P. regarding any of the Subject Projects.

16. The provision of any SOWs prepared by L.P. for any of the Subject Projects.

17. Any discussions with L.P. regarding the Subject Projects.

18. Any involvement by any of the following individuals regarding the Subject Projects:

Bruce Rothmel
Paul Steiner
Lois Gunlogson
Jesse McNabb
Mary Yates
Robert F. Gibbons
Samuel Southern

19. Any and all facts involving or relating to Mr. Andrew Fernandez and/or A.M. Fernandez & Associates (collectively "Fernandez") and his involvement in any of the Subject Projects.

20. Any and all facts involving or relating to the indictment and subsequent guilty plea of Mr. Fernandez.

21. With regard to the Subject Projects subsequently awarded to the other contractors, including, without limitation, Ulbrich & Associates; Ramcorp Inc.; Concrete by Wagner, Inc.; R.J. Custom Builders and/or Somer Construction:

a. Any determinations or discussion of unusual urgency, emergency conditions or the like, regarding USPS's need for the services ordered by the USPS, such

A 5

that the issuance or award of a task order or delivery order under a given IQC contract would result in unacceptable delay in fulfilling that need; and any justification documents regarding same.

b. Any determination or discussions by USPS that there was only one contractor under each of the contracts referenced above as part of this section 21, which USPS awarded, capable of providing the services or work required at the level of quality required because the services ordered are unique and/or highly specialized; and any justification documents regarding same.

c. Any determination or discussions by USPS regarding any reason why each or any of these tasks or delivery orders had to be issued on a sole-source basis in the interest of the economy and/or efficiency, if in fact that occurred; and any justification documents regarding same.

d. Any determination or discussions by USPS that it was necessary to place any contract or task/delivery order with a particular contractor in order to satisfy a minimum guarantee; and any justification documents regarding same.

22. All SOWs prepared or otherwise issued by USPS for the Subject Projects.

Dated: July 16, 2004

Respectfully submitted,

Brian Cohen, Esquire
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036-5610
(202) 466-6300

Attorney for Plaintiff

Of Counsel:

Lawrence M. Prosen, Esquire
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036-5610
(202) 466-6300

Attorney for Plaintiff

A 6

CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of July, 2004 delivered by hand delivery, Plaintiff's AMENDED NOTICE OF PARTY DEPOSITION UPON ORAL EXAMINATION OF DEFENDANT THE UNITED STATES POSTAL SERVICE to counsel for Defendant:

Domenique Kirchner, Esquire
United States Department of Justice
Civil Division-Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Brian Cohen

U. S. Department of Justice

Civil Division

DKirchner
154-98-868C

Telephone:
(202) 307-0290

Washington, D.C. 20530

February 25, 2004

Brian Cohen
Lawrence Prosen
Boyd, Boyd & Lloyd
1615 L Street NW, Suite 1200
Washington, D.C. 20036-5610
Tele: (202) 466-6300
FAX: (202) 835-4117

Dear Messrs. Cohen and Prosen:

With regard to your motion to compel depositions, you have stated that you will withdraw the motion. I have recommended that we schedule depositions for May 5-7, 2004, in Chicago, IL, at your offices, to include the following witnesses: Robert Rigsby, Jesse McNabb (if necessary), and Richard Battaglin. As I informed Larry Prosen, Samuel Southern is scheduled for back surgery in March 2004, and is currently on various pain medications which together preclude his providing a deposition. Mr. Southern anticipates that he will require an extensive recuperation period. With regard to Mr. Southern, I suggest we tentatively schedule him for the same period with the understanding that Mr. Southern will provide a deposition at that time if he is physically able to do so.

I am providing the following updated information:

Jesse McNabb
Southwest Design and Construction, Inc.
P.O. Box 1281
Harvey, IL 60426
Tele: (312) 969-3743

Robert A. Rigsby
1655 East 91st Street
Chicago, Ill. 60617-3503
Tele: (773) 858-9620

As I previously informed you, Robert Rigsby is a former employee, Mr. McNabb is a former contract employee, and Mr. Fernandez was an independent contractor. Therefore, the Government has no control over those three individuals. Accordingly, you will have to subpoena Mr. Rigsby, Mr. McNabb,

and Mr. Fernandez in order to take their depositions. Please let me know why you require a deposition of Mr. McNabb.

With regard to Mr. Fernandez, I recommend that you await the conclusion of his criminal case before taking his deposition. You may wish to subpoena him for May 2004 with the understanding that, if the criminal case is still pending at that time, his deposition will be rescheduled.

As requested, I am enclosing a copy of the criminal information for Andrew Fernandez and the Docket Sheet for the criminal case from PACER. As stated in the docket, the Government's information was filed on February 11, 2004. Mr. Fernandez waived the indictment, and entered a "not guilty" plea on February 18, 2004. A status hearing is set for February 27, 2004, at which pretrial dates and a trial date will be set.

With regard to Carl Purchelli, the Office of the Inspector General ("IG") investigator, Mr. Purchelli will not testify to any matters that he learned of through the grand jury because such matters are within the scope of Federal Rule of Criminal Procedure Rule 6(e)(2), which prohibits disclosure of "matters occurring before the grand jury." With regard to other matters that relate to the Government's investigation but do not fall within Rule 6(e), the Government will assert the work product and investigatory privileges. After the criminal case against Mr. Fernandez is concluded, the Government will reevaluate whether or not it will assert the work product and investigatory privileges.

If you wish to secure the release of grand jury material after the criminal case against Mr. Fernandez is concluded, you must do so pursuant to Rule 6(e)(3)(E)(i), which requires filing a motion with the U.S. District Court for the Northern District of Illinois. Rule 6(e)(3)(F); United States v. Campbell, 294 F.3d 824, 827 (7th Cir. 2002). To obtain grand jury material, a litigant must show that the information "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979); United States v. Campbell, 324 F.3d 497, 499 (7th Cir. 2003).

Very truly yours,

DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch

Docket as of February 23, 2004 9:30 pm Web PACER (v2.4)

---

**U.S. District Court**

**Northern District of Illinois (Chicago)**

**CRIMINAL DOCKET FOR CASE #: 04-CR-153-ALL**

**USA v. Fernandez**

Filed: 02/11/04
Dkt# in other court: None

---

**Case Assigned to: Hon. Suzanne B. Conlon**

Case Referred to: Hon. Arlander Keys

---

```
ANDREW FERNANDEZ (1)                 Patrick Alan Tuite
     defendant                       [COR LD NTC ret]
                                     Arnstein & Lehr
                                     120 South Riverside Plaza
                                     Suite 1200
                                     Chicago, IL 60606-3913
                                     (312) 876-7100

Pending Counts:                             Disposition

26:7206C.F DECLARE UNDER
PENALTY OF PERJURY
(1)

Offense Level (opening): 4

Terminated Counts:

   NONE

Complaints:

   NONE

U. S. Attorneys:

  Bart Huff
  [COR LD NTC]
  United States Attorney's Office
```

A 10

219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300

Pretrial Services

435-5545
[NTC]
Probation Department
408-5197
Room 1100
[NTC]
.

---

# DOCKET PROCEEDINGS

---

| DATE | # | DOCKET ENTRY |
|---|---|---|
| 2/11/04 | 1 | INFORMATION Andrew Fernandez (1) count(s) 1 (pp) [Entry date 02/11/04] |
| 2/11/04 | 2 | DESIGNATION SHEET Felony Category II (pp) [Entry date 02/11/04] |
| 2/11/04 | 3 | ARRAIGNMENT NOTICE: Before Hon. Suzanne B. Conlon as to Andrew Fernandez : Arraignment and plea set for Wednesday, 02/18/04 at 9:00 a.m. in courtroom 2325. Mailed notice (pp) [Entry date 02/11/04] |
| 2/12/04 | 4 | REFERRAL ORDER of 2/12/04 Case referred to Hon. Arlander Keys pursuant to Local Rule 72.1: Hear and enter order(s) on the following non-dispositive motion/matter: Arraignment(s) and/or detention hearing(s) (For further details see order) Mailed notice (pp) [Entry date 02/18/04] |
| 2/18/04 | 5 | ORDER by Hon. Arlander Keys setting conditions of release for Andrew Fernandez in the amount of $4,500.00 own recognizance (For further details see order) (pp) [Entry date 02/19/04] |
| 2/18/04 | 6 | BOND ($4,500.00 own recognizance) by Andrew Fernandez (pp) [Entry date 02/19/04] |
| 2/18/04 | 7 | WAIVER by Andrew Fernandez of indictment (pp) [Entry date 02/19/04] |
| 2/18/04 | 8 | APPEARANCE of Attorney for Andrew Fernandez by Patrick |



h ce c g c cg b ce

Alan Tuite (pp) [Entry date 02/19/04]

2/18/04 9 MINUTE ORDER of 2/18/04 by Hon. Arlander Keys as to Andrew Fernandez : Arraignment held. Patrick Tuite is granted leave to file his appearance on defendant's behalf. The defendant enters plea of not guilty to the information. 16.1 A conference to be held by 2/23/04. Status hering set before Judge Conlon on 2/27/04 at 9:00 a.m. at which time Judge Conlon will set pretrial dates and a trial date. Time is excluded pursuant to 18:3161(h)(1) Mailed notice (pp) [Entry date 02/19/04]

2/23/04 10 NOTICE regarding passport by Andrew Fernandez (pp) [Entry date 02/23/04]

---

Case Flags:
KEYS

---

END OF DOCKET: 1:04cr153-0

---

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/25/2004 10:32:50 | | | |
| **PACER Login:** | dj0009 | **Client Code:** | |
| **Description:** | docket report | **Search Criteria:** | 1:04cr00153 |
| **Billable Pages:** | 3 | **Cost:** | 0.21 |



h ce c g c cg b ce

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 04 CR 0153 |
| | ) | |
| v. | ) | Violations: Title 26, United States Code, Section 7206(1) |
| | ) | |
| ANDREW FERNANDEZ | ) | |

The UNITED STATES ATTORNEY charges:

On or about April 15, 1998, in the Northern District of Illinois, Eastern Division,

ANDREW FERNANDEZ,

defendant herein, who during the calendar year 1997 was a resident of LaGrange, Illinois, willfully did make and subscribe, and cause to be made and subscribed, a United States Individual Income Tax Return (Form 1040 and accompanying schedules) for the calendar year 1997, on behalf of himself, which return was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that it was stated in that return that his gross income was $43,207, when, in fact, as defendant FERNANDEZ well knew and believed, his gross income was at least $110,023;

In violation of Title 26, United States Code, Section 7206(1).

Patrick J Fitzgerald by Robert W Kent
UNITED STATES ATTORNEY