U. S. Department of Justice

Civil Division

DKirchner
154-98-868C

Telephone:
(202) 307-0290

Washington, D.C. 20530
April 9, 2004

Brian Cohen
Lawrence Prosen
Boyd, Boyd & Lloyd
1615 L Street NW, Suite 1200
Washington, D.C. 20036-5610
Tele: (202) 466-6300
FAX: (202) 835-4117

Re: LP Consulting Group, Inc. v. United States, Fed. Cl. No. 98-868C

Dear Messrs. Cohen and Prosen:

With regard to Mr. Prosen's March 15, 2004 letter, Mr. Prosen cites ¶ 16 of the plea agreement between the United States and Andrew Fernandez which states: "Defendant [Mr. Fernandez] understands that the information and this Plea Agreement are matters of public record and may be disclosed to any party." Based upon this language, you have requested in your letter that "the Government turn over any and all information and materials from the grand jury or any investigation arising thereunder. . . ."

However, the term "information" in ¶ 16 of the plea agreement refers to the criminal information which was filed with the district court on February 11, 2004, and which is a public record. By letter dated February 25, 2004, I provided you with a copy of "the information."

The procedure for release of grand jury material after a criminal case is concluded is as stated in my letter dated February 25, 2004. Plaintiffs must file a motion with the U.S. District Court for the Northern District of Illinois pursuant to Rules 6(e)(3)(E)(i) and 6(e)(3)(F). To obtain grand jury material, a litigant must show that the information "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979); United States v. Campbell, 324 F.3d 497, 499 (7th Cir. 2003).

Pursuant to Rule 6(e), IG investigator Carl Purchelli is precluded from discussing any grand jury information or documents. Thus, the only avenues to secure the information and documents that were obtained by the grand jury is through subpoenas to third parties or by the filing of a motion pursuant to Rules 6(e)(3)(E)(i) and 6(e)(3)(F). Please let me know whether you intend to file such a motion.

With regard to materials that are not part of the grand jury investigation, the Government is releasing the statement of Andrew M. Fernandez, dated December 19, 2000 (copy enclosed). This document is not part of the grand jury investigation and is not governed by Rule 6(e). Also enclosed are copies of memoranda of IG inspector Purchelli, which are not part of the grand jury investigation. Again, with regard to any documents that were subpoenaed by the grand jury, Rule 6(e) governs and requires the filing of an appropriate motion. Mr. Purchelli may not testify with regard to any grand jury information or documents.

You request "an update on whether any other criminal investigation(s) exist or will be ongoing with regard to any other parties, including any current or former Government employees." I have informed Assistant United States Attorney Brian Huff of your request. Mr. Huff, however, may not comment upon the existence or status of any other criminal investigations.

With regard to your request for a deposition of U.S. Postal Service employee Samuel Southern, Mr. Southern remains on leave from the agency. He underwent back surgery on March 11 and was discharged from the hospital on March 15, 2004. He continues to be heavily medicated for pain, and is currently taking hydrocodone, oxycontin, effexor, valium and neurontin. Mr. Southern has concerns that the medication may affect his memory. Mr. Southern also cannot readily tolerate car rides at this time because they cause addition back pain and related exhaustion. Given his medical condition, a deposition at this time would not appear to be fruitful.

Very truly yours,

Domenique Kirchner

DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch

BELL, BOYD & LLOYD PLLC

1615 L STREET N.W., SUITE 1200
WASHINGTON, D.C. 20036-5610
202.466.6300 FAX 202.463.0678

OFFICES IN WASHINGTON, D.C.
AND CHICAGO

LAWRENCE M. PROSEN
202.955.6830
lprosen@bellboyd.com
DIRECT FAX: 202.835.4127

VIA FACSIMILE (202) 514-8624

April 15, 2004

Domenique Kirchner, Esquire
United States Department of Justice
Civil Division-Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Re: L.P. Consulting, Inc. v. United States Postal Service
COFC Case No. 98-CV-868

Dear Domenique:

I am in receipt of your April 9, 2004 letter. Per our discussion of April 12, 2004, we mutually agreed that, given the current status of Mr. Fernandez's criminal matter and the sentencing scheduled for May, it would be in all parties' best interests to delay the depositions currently scheduled for the first week of May for approximately one month. We agreed that June 8, 9, 10 and 11 would be the next available dates in Chicago. Having consulted with my client, Mr. Battaglin is available each of those days. Therefore, I ask that you please consult with the necessary witnesses and let me know whether the block of June 8, 9 and 10 or June 9, 10 and 11 would be more preferable to you and the witnesses.

The depositions will take place at my firm's Chicago offices and we will arrange for a court reporter.

On a related note, you asked me why L.P. was interested in deposing Mr. McNabb. Mr. McNabb was a contract employee to L.P. Consulting some time ago. Subsequent to his employment, Mr. McNabb performed other work in the private realm. He was subsequently hired by Mr. Rigsby to perform certain design and/or computer-aided design work for the U.S. Postal Service. It is L.P.'s belief that Mr. Rigsby possesses certain material information regarding L.P.'s claim and that his testimony may lead to the discovery of admissible evidence. Given these facts, L.P. believes Mr. McNabb is a proper and appropriate witness to be deposed with regard to the current case.

Should you have any questions in this regard, please call me. Otherwise, I ask that you please consult with Messrs. Southern, Rigsby and McNabb and let me know which block of time set forth as discussed above works best with your schedule. I await your reply.

Sincerely yours,

Lawrence M. Prosen

LMP:vfg

Copies to Brian Cohen, Esquire
L.P. Consulting, Inc.



70277/F/1

U. S. Department of Justice

Civil Division

DKirchner
154-98-868C

Telephone:
(202) 307-0290

*Washington, D.C. 20530*

May 6, 2004

Lawrence Prosen
Boyd, Boyd & Lloyd
1615 L Street NW, Suite 1200
Washington, D.C. 20036-5610
Tele: (202) 466-6300
FAX: (202) 835-4117

Re: LP Consulting Group, Inc. v. United States,
Fed. Cl. No. 98-868C

Dear Mr. Prosen:

As I informed you with regard to the depositions in this matter, I have not been able to contact Mr. McNutt, and I have informed Mr. Robert Rigsby by telephone that you wish to depose him. Mr. Samuel Southern continues to have health problems, and, if his deposition is required, he requests that you schedule it for Wednesday, June 9, 2004, at 10:00 a.m. Mr. Southern's home address is:

Samuel W. Southern
24707 South Mulberry Lane
Crete, Ill. 60417-3788

Mr. Southern has not worked for the U.S. Postal Service since February 2003.

We will depose Mr. Richard Battaglin at your firm on Friday, June 11, 2004, if not earlier that week.

Very truly yours,

DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch

BELL, BOYD & LLOYD PLLC
1615 L STREET N.W., SUITE 1200
WASHINGTON, D.C. 20036-5610
202.466.6300 FAX 202.463.0678

OFFICES IN WASHINGTON, D.C.
AND CHICAGO

LAWRENCE M. PROSEN
202.955.6830
lprosen@bellboyd.com
DIRECT FAX: 202.835.4127

Bloccklage, Kirchner, D

VIA U.S. MAIL

May 7, 2004

Domenique Kirchner, Esquire
United States Department of Justice
Civil Division-Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

RECEIVED
2004 MAY 11 P 2: 33
CASE PROCESSING UNIT
CIVIL DIVISION/OMI

Re: L.P. Consulting, Inc. v. United States Postal Service
COFC Case No. 98-CV-868

Dear Domenique:

Enclosed please find the subpoenas for Sam Southern, Jesse McNabb, Andrew Fernandez and Robert Rigsby in the above-referenced matter. We have arranged for a court reporter to be present for the depositions of each of these individuals, and I have notified the court reporter that the Friday deposition of Mr. Battaglin may also require their attendance. Please confirm for me whether or not you wish to use our court reporter for the deposition or if you will make your own arrangements.

Please call me with any questions or should any other matters arise which need our attention.

Sincerely yours,

Lawrence M. Prosen

LMP:vfg

Copies to Brian Cohen, Esquire
L.P. Consulting, Inc.



154-98-868
CB

70508/F/2

U. S. Department of Justice

Civil Division

DKirchner
154-98-868C

Telephone:
(202) 307-0290

---

Washington, D.C. 20530
May 13, 2004

Brian Cohen
Lawrence Prosen
Boyd, Boyd & Lloyd
1615 L Street NW, Suite 1200
Washington, D.C. 20036-5610
Tele: (202) 466-6300
FAX: (202) 835-4117
By Facsimile Transmission and Messenger

Re: LP Consulting Group, Inc. v. United States, Fed. Cl. No. 98-868C

Dear Messrs. Cohen and Prosen:

Plaintiff has not responded to defendant's request for production of documents, dated April 11, 2000 (copy enclosed). As I discussed with Brian Cohen yesterday, in order for defendant to go forward with the anticipated depositions on June 9-11, 2004, defendant needs copies of the documents that plaintiff is producing in response to our request for production of documents by May 19, 2004, at the latest. I am on travel for work from May 17-28, 2004, and return to the office on June 1, 2004. Consequently, the documents should be sent to me by Federal express at my hotel: Residence Inn Oklahoma City West, 4361 West Reno Ave., Oklahoma City, OK, Tele: (405) 942-4500. Thank you for your cooperation in this matter.

Very truly yours,

DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch

U. S. Department of Justice

Civil Division

DKirchner
154-98-868C

Telephone:
(202) 307-0290

---

Washington, D.C. 20530
June 3, 2004

Brian Cohen
Lawrence Prosen
Bell, Boyd & Lloyd
1615 L Street NW, Suite 1200
Washington, D.C. 20036-5610
Tele: (202) 466-6300
FAX: (202) 835-4117
By Facsimile Transmission and Regular Mail

Re: LP Consulting Group, Inc. v. United States, Fed. Cl. No. 98-868C

Dear Messrs. Cohen and Prosen:

This responds to your May 13 and 28, 2004 letters. Initially, we note that the claim for "de facto debarment" stated in paragraphs 28 and 29 of the amended complaint has not been the subject of a contractor's request for a final decision of the contracting officer. Accordingly, that claim is beyond the jurisdiction of the Court. 41 U.S.C. § 605; James M. Ellett Construction Co., Inc. v. United States, 93 F.3d 1537, 1541 (Fed. Cir. 1996); Reliance Insurance Co. v. United States, 931 F.2d 863, 866 (Fed. Cir. 1991).

As I explained to Mr. Prosen on June 1, 2004, we need the computations and supporting documentation for each of the amounts claimed by LP Consulting in order to properly evaluate LP Consulting's claims. For example, with regard to the Berwick Modular Post Office project, we have a copy of a three-page LP Consulting work order document dated September 17, 1996, in the amount of $30,660.83 (copy enclosed). This appears to be the work order which is the subject of plaintiff's amended complaint ¶¶ 36-40. We need LP Consulting's computation of damages which supports its related claimed amount of lost profits of $7,665.00 for this work order, and all supporting documentation for that calculation. We also have a copy of the two-page LP Consulting work order for Downers Grove dated August 1, 1996, in the amount of $36,564.99 (copy enclosed). This appears to be the work order which is the subject of plaintiff's amended complaint ¶¶ 49-53. Again, we need the computation of damages which supports the claimed amount of lost profits for this work order, and all supporting documentation.

Similarly, we require the calculations of the claimed amounts and the supporting documentation for each of the other counts of the amended complaint that you wish us to consider. All of this material previously was requested in defendant's discovery requests.

In addition, we have reviewed all of the documents provided by LP Consulting (including those provided on May 18, 2004). However, LP Consulting has not provided copies of the following documents referred to in its amended complaint:

(1) LP Consulting work order in the amount of $62,752.00 for the Hoopeston project; this document is referred to in amended complaint ¶¶ 42-47.

(2) LP Consulting work order in the amount of $89,168.28 for the Brookfield Ramp & Dock enclosure project; this document is referred to in amended complaint ¶¶ 55-59.

(3) September 1995 LP Consulting work order in the amount of $62,000.00 for the Aroma Park Interior Lobbies and Building Renovation project; this document is referred to in amended complaint ¶¶ 61-63.

(4) September 1995 LP Consulting work order in the amount of $24,758.00 for the Beaverville Lobby and Building Renovation project; this document is referred to in amended complaint ¶¶ 67-71.

(5) LP Consulting work order in the amount of $187,352.00 for the Bradley Concrete Ramp, Lobbies and Building renovation project; this document is referred to in amended complaint ¶¶ 73-76.

(6) October 1995 LP Consulting work order in the amount of $32,775.00 for the East Lynn Building Renovation; this document is referred to in amended complaint ¶¶ 78-80.

(7) LP Consulting work order in the amount of $46,388.00 for the Momence Concrete Ramp and Lobby Renovation; this document is referred to in amended complaint ¶¶ 84-87.

(8) September 1995 LP Consulting work order in the amount of $43,442.00 for the Papineau Interior

Renovation and Concrete Ramp; this document is referred to in amended complaint ¶¶ 89-91.

(9) May 1996 LP Consulting work order in the amount of $41,691.00 for St. Anne Concrete and Asphalt and Interior Renovations. This document is referred to in amended complaint ¶¶ 95-97.

(10) August 1995 LP Consulting work order in the amount of $36,110.00 for Union Hill Interior and Exterior Ramp; this document is referred to in amended complaint ¶¶ 101-03.

All of these documents are identified in plaintiff's preliminary exhibit list dated March 8, 1999.

As you know, this case was held in abeyance pending the criminal investigation, conviction and sentencing of Andrew Fernandez. We previously received plaintiff's letter dated July 20, 1999, which enclosed copies of some of the documents identified on plaintiff's preliminary exhibit list, dated March 8, 1999. However, we have not yet received a complete set of plaintiff's exhibits identified in its March 8, 1999 exhibit list. We look forward to receiving all of the requested documentation at or prior to our meeting on June 4, 2004.

In addition, plaintiff is required to provide the requested computations of any damages sought and related documentation by Court of Federal Claims Rule 26(a)(1)(C). See Chedick v. Nash, 151 F.3d 1077, 1084 (D.C. Cir. 1998)(affirming trial court's exclusion of damages evidence citing Fed. R. Civ. Proc. Rule 26(a)(1)(C)); City and County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Ca. 2003)(plaintiff must provide more than a lump sum statement of the damages sustained; plaintiff must specify the damages allegedly sustained for each contract at issue); Bullard v. Roadway Exp., 3 Fed. Appx. 418, 420 (6th Cir. 2001) (unpublished) (in a claim for lost wages, there must be information relating to hours worked and pay rate); United States v. Rempel, 2001 WL 1572190 (D. Alaska 2001) at *2 (government required to disclose computation of tax liability); First National Bank of Chicago v. Ackerley Communications, Inc., 2001 WL 15693 at *6 n. 6 (S.D.N.Y. 2001)(calculation of damages requires more than merely setting forth the figure demanded); Kleiner v. Burns, 2000 WL 1009470 at *2 (D. Kan. 2000)(defendant is generally entitled to a specific computation of damages).

With regard to the depositions in Chicago, Stephen Lobaugh, U.S. Postal Service Counsel, and I will attend those depositions.

Please let me know when LP Consulting and Mr. Battaglin will have available copies of the documents requested by defendant. It is essential that all damages computations and all requested documents be provided before Mr. Battaglin's deposition on June 11, 2004. Again, defendant cannot consider LP Consulting's May 13, 2004 letter in the absence of LP Consulting's supporting computations and documents.

I also have enclosed a complete copy of the October 1, 1997 decision in LP Consulting's bid protest of the award for construction of a handicap ramp at the Hoopeston Post Office. You had served us with an incomplete copy of that document.

Very truly yours,

Domenique Kirchner

DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch

BELL, BOYD & LLOYD PLLC

[illegible] STREET N.W., SUITE 1200
WASHINGTON, D.C. 20036-5610
202.466.6300 FAX 202.463.0678

OFFICES IN WASHINGTON, D.C.
AND CHICAGO

LAWRENCE M. PROSEN
202.955.6830
lprosen@bellboyd.com
DIRECT FAX: 202.835.4127

FOR SETTLEMENT PURPOSES ONLY

June 3, 2004

VIA HAND DELIVERY

Domenique Kirchner, Esquire
United States Department of Justice
Civil Division-Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Re: L.P. Consulting, Inc. v. United States Postal Service
COFC Case No. 98-CV-868

Dear Domenique:

Per our discussion, enclosed please find the work-orders/take-offs prepared by L.P. and contemporaneously submitted to the USPS. These are submitted in an effort to reach a settlement on the above-referenced case. As I mentioned to you, a few of these (Berwick & Downer's Grove) match directly to the revenue amount claimed. Several of the others will need some accounting work (either to calculate the multiple sheets, or to fill in the unit prices and calculate the amounts) to determine the amounts.

The numbers submitted in the original two claims were not pulled out of the air. They do have a basis. Unfortunately, given the time that has passed and the poor state of the parties' files, complicates this exercise.

Nonetheless, we would certainly look forward to meeting with you tomorrow in the hopes of reaching a global settlement. With that in mind, please call me with your response or to finalize whether we should meet tomorrow. Thank you for your consideration.

Sincerely yours,

Lawrence M. Prosen

LMP:mag

Copies to Brian Cohen, Esquire
L.P. Consulting, Inc.

70508/F/6

BELL, BOYD & LLOYD PLLC

1615 L STREET N.W., SUITE 1200
WASHINGTON, D.C. 20036-5610
202.466.6300 FAX 202.463.0678

LAWRENCE M. PROSEN
202.955.6830
lprosen@bellboyd.com
DIRECT FAX: 202.835.4127

OFFICES IN WASHINGTON, D.C.
AND CHICAGO

VIA FACSIMILE

June 29, 2004

Dominique Kirchner, Esquire
United States Department of Justice
Civil Division-Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Re: L.P. Consulting, Inc. v. United States Postal Service
COFC Case No. 98-CV-868

Dear Dominique:

I received your June 25, 2004 voicemail regarding L.P.'s review of the USPS documents and Samuel Southern diaries, suggesting dates of July 1 and 2. Unfortunately, I am out of town on those dates. I am returning to the Office after the Independence Day holiday, and am available Wednesday, July 7, and Thursday, July 8. Please confirm which of those dates works best with your schedule.

We are still reviewing the documents received from L.P. Consulting Group's former counsel, Friedman, Sinar & Rohlfing, for privilege. My paralegal, unfortunately, is out on sick leave, but we hope to have that review completed by week's end. I will contact you next week to schedule a time for you to review those files.

Also, you had informed me two weeks ago that you planned on having a draft Motion to Extend Discovery Deadline as to any ongoing discovery to my office by last Monday. I have not received that Motion as of yet. As I am out for part of this coming Thursday and all day Friday, please fax me that Motion today, or tomorrow at the latest, so that it can be reviewed, revised and filed prior to the current July 1 discovery cut-off. As I see it, the Motion should be limited to any current/pending discovery, including Mr. Purcelli's deposition, the document productions discussed above by the parties, and any other directly related discovery issues.

Lastly, given that your August/September schedule appears "more busy" than mine, please provide some proposed dates when we can depose Mr. Carl Purcelli in St. Louis.

Thank you and I await your response.

Sincerely yours,

Lawrence M. Prosen

LMP:vfg

Copies to Brian Cohen, Esquire
L.P. Consulting, Inc.

U. S. Department of Justice

Civil Division

DKirchner
154-98-868C

Telephone:
(202) 307-0290

Washington, D.C. 20530
July 8, 2004

Lawrence Prosen
Bell, Boyd & Lloyd
1615 L Street NW, Suite 1200
Washington, D.C. 20036-5610
Tele: (202) 466-6300
FAX: (202) 835-4117

Re: LP Consulting Group, Inc. v. United States, Fed. Cl. No. 98-868C

Dear Mr. Prosen:

This responds to your July 6, 2004 letter regarding discovery. As I previously informed you, my schedule precludes deposing Mr. Carl Puricelli in July. Mr. Puricelli has been on leave, and we will ascertain his availability when he returns. I am informed that he is scheduled to return on July 9, 2004. I have a hearing scheduled today, July 8th. I am on scheduled leave for family medical reasons on July 13, 2004. I am previously scheduled to defend and conduct depositions in Brooklyn on July 20-21, 2004. I also am previously scheduled to defend and conduct depositions in Otisville, N.Y. on July 26 - August 6, 2004. I will contact you once we have ascertained Mr. Puricelli's schedule.

With regard to the documents that we have available for your review, there are four boxes total, one of which contains Mr. Samuel Southern's documents that he previously produced at his deposition.

Very truly yours,

DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch

U. S. Department of Justice

Civil Division

DKirchner
154-98-868C

Telephone:
(202) 307-0290

---

Washington, D.C. 20530
July 15, 2004

Brian Cohen
Lawrence Prosen
Bell, Boyd & Lloyd
1615 L Street NW, Suite 1200
Washington, D.C. 20036-5610
Tele: (202) 466-6300
FAX: (202) 835-4117
By facsimile transmission and regular mail

Re: <u>LP Consulting Group, Inc. v. United States</u>,
Fed. Cl. No. 98-868C

Dear Messrs. Cohen and Prosen:

This responds to your "Notice of Party Deposition Upon Oral Examination Of Defendant The United States Postal Service," served on defendant, without any prior notice, on July 9, 2004. We agreed to the "Parties' Joint Status Report and Motion For Enlargement Of Discovery," filed July 1, 2004, based upon the mutual understanding that both parties' discovery needs would be set forth in that document. Mr. Prosen reiterated this point numerous times in discussions with defendant's counsel.

However, your recent "Notice of Party Deposition Upon Oral Examination Of Defendant The United States Postal Service" is not contained in the "Parties' Joint Status Report and Motion For Enlargement of Discovery" that was filed with the Court. At no time had you ever informed us that you intended to serve such a notice of deposition.

You also served this notice of deposition for a date and time when you already knew that I am unavailable to conduct any deposition in this matter. Such conduct hardly meets the normal standards for cooperation in discovery matters.

Your deposition notice also does not conform to the requirements of Rule 30(b)(6) of the rules of the Court of Federal Claims ("RCFC"). Specifically, before the responding party even needs to designate a witness under a Rule 30(b)(6) notice of deposition, the requesting party must have described "with reasonable particularity" the matters on which examination is requested. <u>Alexander v. Federal Bureau of Investigation</u>, 186 F.R.D. 137, 139 (D.D.C. 1998). "An overbroad Rule 30(b)(6) notices subjects the noticed party to an impossible task" and is

improper. Steil v. Humana Kansas City, Inc., 197 F.R.D. 442, 443 (D. Kan. 2000); Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000). The sheer breadth of the topics sketched in your deposition notice makes designation of a witness or witnesses impossible.

The plaintiffs' notice of deposition purports to cover in excess of 40 different "projects." Initially, you list the following 12 "projects":

1. Berwick Modular Post Office
2. Hoopeston Ramp Project
3. Downer's Grove Dock Enclosure
4. Brookfield ramp and dock enclosure
5. Aroma Park Interior Lobbies and Building Renovation
6. Beaverville Lobby and Building Renovation
7. Bradley Concrete Ramp, Lobbies and Building Renovation
8. East Lynn Building Renovation
9. Momence Concrete Ramp and Lobby Renovation
10. Papineau Interior Renovation and Concrete Ramp
11. St. Anne Concrete and Ashalt renovations
12. Union Hill interior and exterior ramp

Then, you follow with the names of 21 United States Post Offices, which you call "projects," together bringing the number of Post Offices/projects involved in your deposition notice to 40:

13. Glenwood
14. Bradley
15. Hoopston
16. Paxton
17. Lincoln
18. Marseilles
19. Mendota
20. Oglesby
21. Peru
22. Princeton
23. Spring Valley
24. Streator
25. Canton
26. Bushnell
27. Macomb
28. Lewistown
29. Normal
30. Charleston
31. Tuscola
32. Pana
33. Shelbyville

34. Taylorville
35. Beardston
36. Carlinville
37. Havana
38. Mason City
39. Rushville
40. Virden

Given this list of post offices/projects, defendant is left to guess at what is "all information surrounding or involving" the 40 post offices/projects that defendant is supposed to provide at such a deposition. The broadness of the notice of deposition is further compounded by all the additional broad topics also listed in the notice, e.g., all information regarding any investigations, etc., which refer or relate to the 40 projects; all handicap ramp or dock enclosure projects located in Illinois between 1995 and 1998 (without identifying such projects); the development of any task orders or scopes of work for any of the 40 projects; any requests to LP to perform site surveys, take-offs, analyses, scopes of work or other tasks related to the 40 projects; any statements of work developed by LP for the 40 projects; any and all facts involving Andrew Fernandez and the 40 projects; all statements of work prepared or otherwise issued by USPS for the 40 projects; and any and all documents produced by defendant.

All of this is improper and in plain violation of the discovery rules. Not only are the discovery requests improperly broad. The deposition notice also is improper because it would require defendant first to locate, and then to research, numerous files of documents, none of which has heretofore even been located or examined in connection with this matter. Defendant is entitled to a minimum of 30 days to respond to any requests for production of documents issued by plaintiff. RCFC 33. Your notice of deposition ostensibly requests testimony, but actually would require defendant to locate, review, and study countless files and documents, all without providing sufficient time for defendant to even attempt to locate relevant documents or to obtain information from Government employees.

Moreover, I would have to travel to Illinois to interview witnesses and to locate and review numerous documents before responding to a Rule 30(b)(6) deposition. Most of the witnesses with any knowledge of these matters, or the ability to review relevant documents, are located in Illinois. Thus, a Rule 30(b)(6) deposition could not be conducted in Washington, D.C. in any event.

Further, LP already has deposed the former contracting officer, Robert Rigsby, who was the only contracting officer with authority to enter into any contract (whether written or implied -in-fact) with LP during the time period in question. According to the amended complaint, LP is alleging 12 specific implied-in-fact contracts (Counts I through 12). You had ample opportunity to examine all of these 12 alleged implied-in-fact contract allegations with Mr. Rigsby. You also deposed Samuel Southern, who assisted Mr. Rigsby.

This brings us to another important point. Not only have you violated the discovery rules, but the deposition notice is without any apparent basis. We are at a loss to fathom what exactly is LP attempting to accomplish through this notice of deposition.

Given the breadth of your Rule 30(b)(6) deposition notice, whatever information you are seeking through the deposition notice is more appropriately sought and provided by defendant through responses to specific interrogatories, to which defendant would respond pursuant to Rule 33(b). Interrogatories and related document production requests would enable defendant to research the specific questions and provide requested information and relevant documents.

There also is ample authority for requiring LP to proceed by interrogatories and requests for production of documents. Whether a Rule 30(b)(6) deposition or an interrogatory is more appropriate is determined upon a case by case basis. Exxon Research & Eng. Co. v. United States, 44 Fed. Cl. 597, 601 (1999); United States v. Taylor, 166 F.R.D. 356, 362 n.7 (Eliason, Mag. J.), aff'd, 166 F.R.D. 267 (M.D.N.C. 1996). In some cases, courts have directed a requesting party to proceed by interrogatories, rather than a Rule 30(b)(6) deposition. In Exxon, the court barred the United States' request for a Rule 30(b)(6) deposition and directed the United States to proceed through contention interrogatories as a less expensive and less invasive method of allowing it to learn the required information. 44 Fed. Cl. at 601. Other courts have barred Rule 30(b)(6) depositions and directed a party to proceed through interrogatories. SEC v. Morelli, 143 F.R.D. 42, 48 (S.D.N.Y. 1992) (directing party to proceed by interrogatories and barring a Rule 30(b)(6) deposition); McCormick-Morgan, Inc. v. Teledyne Industries, Inc., 134 F.R.D. 275, 278 (N.D.Cal.) (directing party to respond to interrogatories rather than produce a Rule 30(b)(6) witness), rev'd in other part, 765 F. Supp. 611 (N.D.Cal. 1991).

Moreover, Rule 30(b)(6) "is not designed to be a memory contest." Bank of New York v. Meridien Biao Bank Tanzania, 171 F.R.D. 135, 150 (S.D.N.Y. 1997). Here, plaintiffs' notice of deposition apparently is intended for this improper purpose. No witness could ever hope to learn all of the detailed information and regurgitate it at a deposition. Given the impossibility of accomplishing that task, any witness would be left to speculate at what precise information he or she should attempt to learn, given the scope and breadth of the deposition topics.

Finally, we strongly doubt that the Court will entertain testimony regarding some 40 projects in support of plaintiffs' amended complaint. Any discovery propounded by a party is required to be "relevant to the subject matter involved in the action." RCFC 26(b)(1); United States v. Farley, 11 F.3d 1385, 1390 (7th Cir. 1993)(precluding discovery not relevant to issues presented by complaint or affirmative defense). Plaintiffs' deposition notice fails to meet this requirement as well.

Your deposition notice flies in the face of the court's order that the parties cooperate in the remaining discovery. Please let me know by Friday, July 16, 2004, whether you will withdraw the Rule 30(b)(6) notice. Absent your agreement in writing withdrawing the notice of deposition, defendant will file a motion for protective order for resolution of this discovery dispute by the court.

With regard to Carl Puricelli, you stated that you were available for his deposition on July 26, 29, August 2, 4, or 5. None of those dates works with regard to Mr. Puricelli's deposition. If we cannot arrive at a mutually agreeable date within the remaining discovery period, defendant will not oppose a motion to enlarge discovery solely to accomplish the deposition on a date when both Mr. Puricelli and counsel for the parties all are available. In this respect, I am not available on July 20-22, 2004 because of depositions previously scheduled in Brooklyn, and also am not available on July 26-August 6, 2004 because of previously scheduled depositions in Otisville, N.Y. All of this discovery is conducted pursuant to the parties' joint discovery plan which was formally approved by Judge Bruggink on April 26, 2004 and also pursuant to his order dated March 5, 2004. I also am not available the week of August 9-13, 2004, because of the April 28, 2004 order of Judge Braden requiring my review of documents in Kansas City, KA. Please let me know whether you are available for deposition the week of August 16, 2004.

With regard to your July 14, 2004 request for a privilege log, defendant previously provided a log of documents withheld

upon the basis of privilege. Defendant, however, will review that list and supplement it, if appropriate. This is another item recently requested by plaintiff that was not covered in the parties' status report to the Court. However, given my schedule, I will review that matter after I return from the Otisville, N.Y. depositions that end on August 6, 2004.

Very truly yours,

Domenique Kirchner

DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch