IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| L.P. CONSULTING GROUP, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 98-868 C (Judge Allegra) |
| THE UNITED STATES POSTAL SERVICE | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, UNITED STATES POSTAL SERVICE**

Pursuant to RCFC 34, Plaintiff L. P. Consulting Group, Inc. ("L. P."), by counsel, hereby requests Defendant, The United States Postal Service ("USPS") to produce for inspection and copying all of the documents listed below within USPS's possession, custody or control at the law offices of Bell, Boyd & Lloyd, 1615 L Street, N.W., Suite 1200, Washington, D.C. 20036 within 45 days of the date of the service of this request, or at such other time and place as may be mutually agreed upon by counsel for the parties.

## I. DEFINITIONS AND INSTRUCTIONS

As used herein, the following Definitions and Instructions shall apply, unless the context clearly calls for a different meaning.

1. "Document" means the complete original or the true, correct and complete copy of any non-identical copies of any written or graphic matter, no matter how produced, recorded, stored or reproduced, including, but not limited to, any writing, letter, telegram, meeting minute, memorandum, statement, book, record, survey, map, study, handwritten note, working paper, chart, tabulation, graph, tape, data sheet, data processing card, printout, microfilm, index, diary entry, book, analysis, summary, study, job record, check, chart, invoice, schedule, financial and accounting record, plans, specifications, photograph, video, report, agenda, log, contract, agreement, memoranda of meetings and telephone conversations, position papers, stored computerized data and printouts thereof, and papers of any nature, including drafts and proposed

drafts of each, and all copies of documents by whatever means made, except for exact duplications which do not differ from the original or from any other copy by way of color, interlineation, markings, notations or otherwise.

2. United States Postal Service means the United States Postal Service, its officers, directors, employees, agents, representatives and independent contractors or any one of them.

3. The contract means IQC Contract No. 162640-96-B-0094 and Contract No. 162640-96-B-0098 unless otherwise noted.

4. All terms defined herein refer to the singular as well as to the plural, as the context requires.

5. To the extent any of the following requests for production of documents are objectionable, produce such documents as are not objectionable and separately state the part of each request to which an objection has been raised and each ground for each such objection.

6. The documents shall be produced in the manner in which they are kept in the normal course of business and shall be identified by the particular request to which they are responsive.

7. These document requests are continuing in character, and, therefore, all additional documents responsive to these requests shall be produced as they are generated, received or located.

8. To the extent you seek to withhold information or documents requested herein under a claim of privilege, provide the following:

a. The date of the document or communication.

b. The number of pages in the document, the type and title of the document, and a description of the subject matter of the document or communication.

c. Any identifying index or reference number for the document or the file in which the document is found, as well as the name of any such file.

d. The identity of each and every attachment or enclosure to the document.

e. The name, employer and position of each author, preparer, sender, addressee, and recipient of the document and the name, employer and position of each participant in or witness to the communication;

f. The name, employer and position of each person now in possession of the original or a copy of the document.

g. The type of privilege that is being claimed, a statement of whether or not every line and paragraph of the document is claimed to be subject to the privilege being claimed, the facts that constitute the basis on which such privilege is claimed; and

h. The paragraph number of the Request to which the information in the document or communication is responsive.

10. The terms "refer or relate" mean reflect, contain, pertain to, refer to, indicate, show, concern, evidence, describe, discuss, mention, bear upon, or comprise in whole or in part.

11. The terms "you," "your," or "Defendant" shall mean and refer to USPS and its agents, servants, employees, representatives, attorneys or any other person or entity acting on its or their behalf.

## II. <u>DOCUMENTS REQUESTED</u>

1. All documents that discuss, refer or relate to communications between USPS and L.P., in connection with the facts and circumstances raised by the Complaint or USPS's Answer, including but not limited to, all documents that discuss, refer or relate to this litigation.

2. All documents that discuss, refer or relate to communications between USPS and A. M. Fernandez, in connection with the facts and circumstances raised by the Complaint and USPS's Answer, including but not limited to, all documents that discuss, refer or relate to this litigation.

3. All documents that discuss, refer or relate to the contracts between USPS and L.P.

4. All documents that discuss, refer or relate to USPS's denial of allegations 11, 12, 13, 16, 18, 20, 21, 22, 23, 24, 25, 29, 30, 36, 37, 42, 49, 56, 61, 63, 67, 69, 78, 80, 89, 91, 95, 97, 101 and 103 of the Complaint.

5. All documents that discuss, refer or relate to meetings between USPS and L.P. relating to this litigation.

6. All documents referring or relating to the damages sought by L.P. in this litigation.

7. All documents generated by or provided to any consultant retained by USPS or on its behalf in connection with this litigation.

8. All documents and correspondence between USPS and A. M. Fernandez, relating to L.P., or this litigation.

9. All documents referring or relating to communications (whether oral or written) involving this litigation.

10. All personal diaries, appointment books, desk calendars, field diaries, minutes of meetings, field books or logs, notebooks, daily or other reports or similar documents referring or relating to this litigation.

11. All documents referring or relating to any of the issues in this litigation.

12. All documents that USPS may use or may introduce at the trial of this litigation.

13. Any and all documents relating or pertaining to the Work Order for Berwick Modular Post Office (Count I) including, but not limited to, the facility history page (contained on the FMS), any commitments made to contractors by USPS to perform the work, and any solicitations for said work.

14. Any and all documents relating or pertaining to the Work Order for Hoopeston Post Office (Count II) including, but not limited to, the facility history page (contained on the FMS), any commitments made to contractors by USPS to perform the work, and any solicitations for said work.

15. Any and all documents relating or pertaining to the Work Order for Downers Grove Dock Enclosure (Count III) including, but not limited to, the facility history page (contained on the FMS), any commitments made to contractors by USPS to perform the work, and any solicitations for said work.

A 55

16. Any and all documents relating or pertaining to the Work Order for Brookfield Ramp & Dock Enclosure Project (Count IV) including, but not limited to, the facility history page (contained on the FMS), any commitments made to the contractors by USPS to perform the work, and any solicitations for said work.

17. Any and all documents relating or pertaining to the Work Order for Aroma Park Interior Lobbies and Building Renovation Project (Count V) including, but not limited to, the facility history page (contained on the FMS), any commitments made to contractors by USPS to perform the work, and any solicitations for said work.

18. Any and all documents relating or pertaining to the Work Order for Beaverville Lobby and Building Renovation Project (Count VI) including, but not limited to, the facility history page (contained on the FMS), any commitments made to contractors by USPS to perform the work, and any solicitations for said work.

19. Any and all documents relating or pertaining to the Work Order for Bradley Concrete Ramp, Lobbies and Building Renovations Project (Count VII) including, but not limited to, the facility history page (contained on the FMS), any commitments made to contractors by USPS to perform the work, and any solicitations for said work.

20. Any and all documents relating or pertaining to the Work Order for East Lynn Building Renovation Project (Count VIII) including, but not limited to, the facility history page (contained on the FMS), any commitments made to contractors by USPS to perform the work, and any solicitations for said work.

21. Any and all documents relating or pertaining to the Work Order for Momence Concrete Ramp and Lobby Renovation Project (Count IX) including, but not limited to, the facility history page (contained on the FMS), any commitments made to contractors by USPS to perform the work, and any solicitations for said work.

22. Any and all documents relating or pertaining to the Work Order for Papineau Interior Renovation and Concrete Ramp Project (Count X) including, but not limited to, the facility history page (contained on the FMS), any commitments made to contractors by USPS to perform the work, and any solicitations for said work.

23. Any and all documents relating or pertaining to the Work Order for St. Anne Concrete Asphalt and Interior Renovations (Count XI) including, but not limited to, the facility history page (contained on the FMS), any commitments made to contractors by USPS to perform the work, and any solicitations for said work. ✓

24. Any and all documents relating or pertaining to the Work Order for Union Hill Interior and Exterior Ramp Project (Count XII) including, but not limited to, the facility history page (contained on the FMS), any commitments made to contractors by USPS to perform the work, and any solicitations for said work. ✓

Respectfully submitted,

[signature]

Brian Cohen
BELL, BOYD & LLOYD
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300
Counsel for Defendant/
Counter-Plaintiff

A 57

CERTIFICATE OF SERVICE

I hereby certify that I have this 24 day of September 1999 delivered by hand, Plaintiff's First Request for Production of Documents to Defendant United States Postal Service to counsel for Plaintiff:

Matthew P. Reed, Esquire
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn; Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

Brian Cohen