**No. 98-868C**
**(Judge Allegra)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**L.P. CONSULTING GROUP, INC.**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, IN PART

---

Brian Cohen
Lawrence M. Prosen
Michael J. Schrier
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, DC 20036
(202) 466-6300 Telephone
(202) 463-0678 Facsimile

Counsel for L.P. Consulting Group, Inc.

Dated: July 23, 2004

TABLE OF CONTENTS

Page

I. STATEMENT OF THE ISSUE....................................................................1

II. ARGUMENT..........................................................................................1

A. Jurisdiction Of This Court ..........................................................1

B. The Government Is Completely Wrong To Assert That *De Facto* Debarment Claims Arise Under The Contract Disputes Act.......................2

C. This Court Has Jurisdiction to Hear *De Facto* Debarment Claims Pursuant to 28 U.S.C. § 1491(b)..............................................................4

III. CONCLUSION.......................................................................................5

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 4 (D.C. Cir. 1998) .......... 2

*CRC Marine Services, Inc. v. United States*, 41 Fed.Cl. 66 (1998) .......... 3, 4

*Dynalectron Corp. v. United States*, 4 Cl. Ct. 424, *aff'd*, 758 F.2d 665 (Fed. Cir. 1984) .......... 1

*Stapp Towing, Inc. v. United States*, 34 Fed.Cl. 300 (1995) .......... 3, 4

*TLT Construction Corp. v. United States*, 50 Fed.Cl. 212 (2001) .......... 3, 4

## STATUTES

28 U.S.C. § 1491 (a) .......... 4

28 U.S.C. § 1491 (b). .......... 1, 4

28 U.S.C. § 1491(a)(3) .......... 4

28 U.S.C. § 1491(b (1) .......... 4

28 U.S.C. § 1491(b) .......... 4

28 U.S.C.§ 1491(b)(4) .......... 4

41 U.S.C. § 602(a). .......... 3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **L.P. CONSULTING GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 98-868 C** |
| **v.** | ) | **(Judge Allegra)** |
| | ) | |
| **THE UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, IN PART**

L.P. Consulting Group, Inc. ("LP"), through counsel, hereby opposes the Government's Motion to Dismiss the Complaint, in Part. The Government's motion, seeking only the dismissal of LP's *de facto* debarment claim (Amended Complaint ¶¶ 28-34), must be denied because it is based upon frivolous arguments completely unsupported by law.

## I. STATEMENT OF THE ISSUE

Whether this Court has jurisdiction to adjudicate LP's *de facto* debarment claim pursuant to 28 U.S.C. § 1491 (b).

## II. ARGUMENT

### A. Jurisdiction Of This Court

As able Government counsel pointed out in her brief, the United States Court of Federal Claims is a court of limited jurisdiction. Motion at 7 (*citing Dynalectron Corp. v. United States*, 4 Cl. Ct. 424, 428, *aff'd*, 758 F.2d 665 (Fed. Cir. 1984)(table)). In particular, this Court has jurisdiction to hear two types of cases, among others.

> (a)(1) The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . .

> (2) . . . The Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978, including a dispute concerning termination of a contract, rights in tangible or intangible property, compliance with cost accounting standards, and other nonmonetary disputes on which a decision of the contracting officer has been issued under section 6 of that Act.
>
> . . .
>
> (b)(1) Both the Unites [sic] States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

28 U.S.C. § 1491. The Government proceeds from the assumption that LP's *de facto* debarment claim falls under this Court's Section 1491(a) jurisdiction as a case arising under the Contract Disputes Act ("CDA"). *See* Motion at 1 ("plaintiff has not submitted its defacto debarment claim contained in paragraphs 28 through 34 of the amended complaint to the contracting officer pursuant to the Contracts Disputes Act of 1978. 41 U.S.C. §§ 601 et seq.").

This is the sole basis for the Government's RCFC 12(b)(1) motion to dismiss. If Government counsel is correct and *de facto* debarment claims arise only under the CDA and this Court's exclusive § 1491(a)(1) jurisdiction, then prior precedent of this and other courts addressing this very issue must be wrong.

### B. The Government Is Completely Wrong To Assert That *De Facto* Debarment Claims Arise Under The Contract Disputes Act

The U.S. Court of Appeals for the District of Columbia Circuit has succinctly noted that a *de facto* debarment claim is "not 'at its essence' a contract action" based on the Contract Disputes Act. *Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 4 (D.C. Cir. 1998); *see id.*, 133 F.3d at 7 (*de facto* debarment claims "are reviewed under the Administrative

Procedure Act."). This conclusion is harmonious with many decisions of this Court which analyzed *de facto* debarment claims outside the scope of the CDA and this Court's § 1491(a) jurisdiction. *See e.g. TLT Construction Corp. v. United States*, 50 Fed.Cl. 212 (2001) (analyzing de facto debarment claim using the Administrative Procedure Act (5 U.S.C. §§ 701-706), not the CDA); *CRC Marine Services, Inc. v. United States*, 41 Fed.Cl. 66 (1998); *Stapp Towing, Inc. v. United States*, 34 Fed.Cl. 300 (1995).

To prevail on a *de facto* debarment claim, a plaintiff

> must demonstrate a "systematic effort by the procuring agency to reject all of the bidder's contract bids." Two options exist to establish a de facto debarment claim: 1) by an agency's statement that it will not award the contractor future contracts; or 2) by an agency's conduct demonstrating that it will not award the contractor future contracts.

*TLT Construction Corp*., 50 Fed.Cl. at 215-16 (citations omitted). Hence, at its essence, a *de facto* debarment claim is premised on the fact that the plaintiff was *not awarded contracts* by the Government. Practically speaking, it is conceptually difficult to imagine how a contractor who *was not awarded one or more contracts* could have a claim for *de facto* debarment under the CDA, especially when the CDA only "applies to any express or implied contract . . . entered into by an executive agency." 41 U.S.C. § 602(a). Because there was no contract between LP and the Government as a result of *de facto* debarment, the CDA clearly does not apply. Because the CDA does not apply, LP had no requirement to comply with the CDA prior to filing its *de facto* debarment claim with this Court. Therefore, the Government's motion must be denied because it is premised on the incorrect argument that the *de facto* debarment claim must be dismissed because "plaintiff never submitted the claim to the contracting officer or requested a final contracting officer's decision. Motion at 2. In other words, the Government's motion is completely baseless and grounded on a fundamental misunderstanding of the law.

**C. This Court Has Jurisdiction to Hear *De Facto* Debarment Claims Pursuant to 28 U.S.C. § 1491 (b).**

Instead of having jurisdiction under 28 U.S.C. § 1491 (a), this Court clearly has jurisdiction to hear *de facto* debarment claims under 28 U.S.C. § 1491(b (1). *See e.g. TLT Construction Corp.*, 50 Fed.Cl. at 213 (invoking § 1491(b) as the jurisdictional basis for hearing and ruling on a *de facto* debarment claim); *CRC Marine Services, Inc.*, 41 Fed.Cl. at 68 ("Essentially this action [*de facto* debarment] is a post-award protest. This court has jurisdiction over the plaintiff's post-award bid protest action. *See* 28 U.S.C. § 1491(b)(1994)."); *Stapp Towing, Inc.*, 34 Fed.Cl. at 305 (Court exercised jurisdiction over *de facto* debarment claim pursuant to the former 28 U.S.C. § 1491(a)(3)[1]). Not only do *de facto* debarment claims not arise under the CDA, but "the courts shall review the agency's decision [allegedly constituting a *de facto* debarment] pursuant to the standards set forth in section 706 of title 5." 28 U.S.C.§ 1491(b)(4). Hence, this Court has jurisdiction to hear *de facto* debarment claims under 28 U.S.C. § 1491(b).

Plaintiff, in its amended complaint, clearly stated that "This Court has jurisdiction over this action pursuant to . . . 28 U.S.C. § 1491." Amended Complaint, ¶ 3. Hence, LP properly invoked this Court's § 1491(b) jurisdiction to hear its *de facto* debarment claims. LP need not assert any other jurisdictional facts, other than those contained in paragraphs 28 through 43 of the amended complaint to properly assert a *de facto* debarment claim or invoke this Court's § 1491(b) jurisdiction to hear the claim. As a result, the Court should deny the Government's motion to dismiss, in its entirety.

---

[1] "In 1996, Congress amended § 1491 [by deleting § 1491(a)(3)] and expanded this court's jurisdiction" by adding the present day 28 U.S.C. § 1491(b). *Cincom Systems, Inc. v. United States*, 37 Fed.Cl. 663, 669 (1997).

## III. CONCLUSION

For the foregoing reasons, L.P. Consulting Group, Inc. requests that the Court deny the Government's RCFC 12(b)(1) motion to dismiss its *de facto* debarment claims.

Dated: July 23, 2004

Respectfully submitted,

s/ Brian Cohen____________________

Brian Cohen, Esquire
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036-5610
(202) 466-6300

Attorney for Plaintiff

Of Counsel:

Lawrence M. Prosen, Esquire
Michael J. Schrier, Esquire
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036-5610
(202) 466-6300

Attorneys for Plaintiff