**No. 98-868C**
**(Judge Allegra)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**L.P. CONSULTING GROUP, INC.**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH NOTICE OF DEPOSITION, FOR PROTECTIVE ORDER, AND REQUEST FOR EXPEDITED CONSIDERATION

---

Brian Cohen
Lawrence M. Prosen
Michael J. Schrier
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, DC 20036
(202) 466-6300 Telephone
(202) 463-0678 Facsimile

Counsel for L.P. Consulting Group, Inc.

Dated: July 23, 2004

# TABLE OF CONTENTS

Page

I. Background ....................1

II. Argument ....................4

A. The Government Failed to Assert Proper Grounds for Its Motion to Quash or Motion for Protective Order ....................4

B. The Government Cannot, In Advance, Prevent a Deposition from Occurring ....................7

C. The Rule 30(b)(6) Deposition is Not Outside Scope of Permissible Discovery ....................9

D. The Court Should Not Require LP To Use Contention Interrogatories Instead of a Rule 30(b)(6) Deposition in This Case ....................9

E. The Government Had A Reasonable Amount of Time to Respond to, and Prepare For, the Rule 30(b)(6) Deposition....................10

F. LP Is Entitled to Reasonable Attorney's Fees Incurred in Opposing this Motion ....................12

III. Conclusion ....................14

Page(s)

TABLE OF AUTHORITIES

Page(s)

CASES

*Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998) .......... 7, 8

*Alexander v. FBI*, 188 F.R.D. 111, 121 (D.D.C. 1998)). .......... 8

*Alexander v. Jesuits of Missouri Province*, 175 F.R.D. 556 (D.Kan. 1997) .......... 12

*Donahoo v. Ohio Dept. of Youth Services*, 211 F.R.D. 303 (N.D.Ohio 2002) .......... 12

*Exxon Research and Engineering Co. v. United States*, 44 Fed.Cl. 597 (1999) .......... 6, 10, 11

*Freeland v. Amigo*, 103 F.3d 1271 (6th Cir. 997) .......... 8

*Jennings v. Family Management*, 201 F.R.D. 272 (D.D.C. 2001) .......... 7

*Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049 (7th Cir. 2000) .......... 8

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275 (N.D.Cal. 1991) .......... 10

*Naftchi v. New York Univ. Med. Ctr.*, 172 F.R.D. 130 (S.D.N.Y. 1997) .......... 7

*Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633 (D.Minn. 2000) .......... 8

*Reed v. Bennett*, 193 F.R.D. 689 (D.Kan. 2000) .......... 8

*Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979) .......... 7

*SEC v. Morelli*, 143 F.R.D. 42 (S.D.N.Y. 1992) .......... 10

*Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442 (D.Kan. 2000) .......... 8

*United States v. Sells Engineering, Inc.*, 463 U.S. 418 (1983) .......... 13

*Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982) .......... 6, 7

RULES

RCFC 30(b)(6) .......... 3, 4, 13

RCFC 26(b)(2) .......... 4, 5, 6

RCFC 26(c) .......... 9, 17

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **L.P. CONSULTING GROUP, INC.,** | ) | |
| **Plaintiff,** | ) | **Case No. 98-868 C** |
| **v.** | ) | **(Judge Allegra)** |
| **THE UNITED STATES POSTAL SERVICE,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH NOTICE OF DEPOSITION, FOR PROTECTIVE ORDER, AND REQUEST FOR EXPEDITED CONSIDERATION**

L.P. Consulting Group, Inc., ("LP"), through counsel, hereby opposes the Government's motion to quash an amended notice of deposition for a Rule 30(b)(6) deposition and a related protective order seeking to bar such deposition. Each of the four arguments advanced in the Government's motion is meritless and not substantially justified. As such, LP requests that this Court deny the Government's motion and award LP reasonable attorney's fees incurred in opposing this motion.

## I. Background

This case has been pending before this Court for more than six years. The inordinate amount of time it has taken for this case to proceed can, for the most part, be attributed to the Government. It appears, however, that the Government has deliberately engaged in delay tactics in an effort to prevent L.P. Consulting Group, Inc. from prosecuting its case.

At the Government's request, this case was stayed for more than four years during a pending criminal investigation and prosecution of one of the Government's architecture contractors. The reason for the delay was that the criminal investigation was allegedly ongoing and involved witnesses and parties who would plead the Fifth Amendment as a result of this

investigation. Once the Government obtained a guilty plea and conviction of the target of the investigation, Mr. Andrew Fernandez, discovery in this case resumed in the Spring of 2004 after the four year delay.

Curiously, the reasons advanced by the Government for the delay were not borne out by the witnesses LP deposed in June 2004. In their depositions, Mr. Robert Rigsby, USPS, contracting officer (retired); his project manager, Mr. Jessee McNabb; and his subordinate and fellow contracting officer, Samuel Southern, each key players in this case, were completely unaware of any criminal investigation or criminal convictions involving persons or companies related to this case. Appendix at (Rigsby Dep. at 83:11-85:3); (McNabb Dep. at 44:4-44:19); (Southern Dep. at 81:9-82:1). If these individuals were unaware of the Government's criminal prosecution after its conclusion, there was no apparent reason for postponing their depositions in this case for more than four years. The only explanation for the Government's requested delay must be an apparent effort by the Government to allow their memories to fade and forget critical facts that could have helped LP prosecute its case.

Similarly, the Government has been foot dragging in its responses to LP's timely document production requests. In the last few weeks, after more than a four year hiatus, the Government "discovered" and produced 3½ boxes of responsive documents, a portion of which had not been previously provided. There was nothing preventing the Government from finding those documents earlier in the case. Again, this suggests that the Government is attempting to sandbag LP and hamper its efforts to prosecute its case against the United States.

With regard to the recently disclosed additional USPS documents, while some of these materials were previously produced, there were numerous files and other material which are directly relevant to this action, which go not only to LP's action, but also the Government's

course of conduct in awarding task orders and contracts to LP and other parties, which go to the heart of Plaintiff's breach of implied in fact contract claims.

When DOJ counsel informed LP's counsel of the existence of these additional documents, the parties agreed to go forward with the depositions. LP, as it denoted in the last Joint Status Motion to this Court, reserved its rights to recall the previous deponents to discuss these "new" documents. In response, the Government stated in the Joint Status Report that it objected to any attempt by LP to continue the depositions of Messrs. Rigsby, Southern, Fernandez and/or McNabb. Given this statement, LP exercised its rights under Rule 30(b)(6) by timely noticing the deposition of the U.S. Postal Service.

At this point in time, approximately six years after this litigation began, the Government has delayed this matter for an inordinate amount of time. It is incomprehensible why it could have possibly taken six years to bring this case to its current posture, especially since Mr. Fernandez signed an admission of liability back in 2000.

The Government's delay tactics forced LP to engage in certain forms of discovery at this late date in the case, including noticing the USPS for a RCFC 30(b)(6) deposition. Despite repeated good faith efforts by LP's counsel to work with the USPS's counsel to move this case forward, LP's efforts have been met with obstructionist tactics by the Government. Foremost among the Government's obstructionist tactics is a letter writing campaign of immense proportion. The Government's extensive and lengthy letters are particularly surprising given Government's counsel's allegations that she has neither the time nor the opportunity to schedule the various discovery currently outstanding.

Likewise, LP has made repeated good faith overtures to DOJ counsel including, without limitation, reproducing all documents previously produced by LP to the Government; working

within DOJ counsel's schedule; and attempting in a civil, calm and expedient manner to resolve these discovery disputes. For example, when Government counsel objected to the scope of the original RCFC 30(b)(6) Notice of Deposition of the USPS, LP voluntarily limited the scope of the deposition notice, despite LP's belief that it had every right to so notice that deposition (*see*, Amended Notice of Deposition, appended to Motion). Similarly, the Government has sent many discourteous letters alleging violations of this Court's rules and berating the undersigned in an uncivil and inappropriate manner. LP has responded to each of the Government counsel's requests in a civil and professional manner and will continue to do so.

Despite L.P.'s multiple attempts to work with Government counsel and her schedule, proposing no less than five (5) separate dates to depose the USPS, as well as amending its original Notice of Deposition to limit its scope, the current motion was nonetheless filed. For the reasons set forth below the motion is improper, unsupported by the facts or law and should be denied in its entirety, with an appropriate award of attorney's fee to LP.

## II. Argument

### A. The Government Failed to Assert Proper Grounds for Its Motion to Quash or Motion for Protective Order

In the first sentence of the Government's motion, it asserts that it brought its motion "[p]ursuant to Rule 26(b)(2) and (c) of the Rules of the United States Court of Federal Claims." Motion at 1. Curiously, however, the remainder of the Government's brief is silent as to what the appropriate legal standard is or whether the Government has met the standard for a motion to quash or a motion for protective order.

First, the Government asserts that its motion is made pursuant to Rule 26(b)(2). This Rule, however, is inapplicable to the relief sought by the Government.

> By order, the court may alter the *limits in these rules on the number of depositions and interrogatories or the length of depositions* under RCFC 30. By order, the

> court may also *limit the number of requests* under RCFC 36. The *frequency or extent of use of the discovery methods* otherwise permitted under these rules *shall be limited by the court if it determines* that: (i) the discovery sought is unreasonably cumulative . . . ; (ii) the party seeking discovery has had ample opportunity . . . to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

RCFC 26(b)(2) (emphasis added).

The Government does not seek to limit the number of depositions or interrogatories or the length of any depositions. Similarly, the Government does not seek, through its motion, to limit the number of requests for admissions. The Government also does not argue that it is seeking to limit the frequency or extent of use of Rule 30(b)(6) depositions. Instead, it is seeking to prevent the use of Rule 30(b)(6) depositions altogether. This appears to be outside the scope of Rule 26(b)(2).

Arguably, the Government could be asserting that the frequency or extent of use of Rule 30(b)(6) depositions should be limited. If so, it must argue and demonstrate one or more of the following: that the discovery sought is unreasonably cumulative; the party seeking discovery has had ample opportunity . . . to obtain the information sought; or the burden or expense of the proposed discovery outweighs its likely benefit. The Government makes absolutely no effort to argue that the information sought in the Rule 30(b)(6) deposition is in any way cumulative or that a Rule 30(b)(6) deposition is unduly burdensome or expensive. The Government obtusely argues that LP could have issued interrogatories and hence allegedly had ample opportunity to obtain the information sought. Motion at 6-7. As the Government has argued in other cases, however, a party is free to employ whatever discovery tools it has at its disposal and need not use interrogatories when Rule 30(b)(6) depositions could suffice. *See e.g. Exxon Research and Engineering Co. v. United States*, 44 Fed.Cl. 597, 601 (1999) ("the United States has the right to select the discovery method that it wants to use."). The Government provided no other evidence

or argument in support of its burden of proof on any motion under Rule 26(b)(2). Hence, the Court should deny the motion.

Alternatively, the Government cites to Rule 26(c) for the legal authority for its motion.

> *Upon motion by a party* or by the person from whom discovery is sought . . . and *for good cause shown*, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense

RCFC 26(c) (emphasis). Hence, aside from Rule 26(b)(2), the Government may be entitled to a protective order if it demonstrates "good cause " that it may suffer from annoyance, embarrassment, oppression, or undue burden or expense if the motion is not granted. "Courts do not generally grant protective orders without a strong showing of 'good cause.'" *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982).[1]

In this case, the Government completely failed to advance any arguments or articulate any facts demonstrating "good cause" or that it would suffer from any annoyance, embarrassment, oppression, or expense if the Rule 30(b)(6) deposition were allowed to proceed, as noticed. Instead, the Government contends, without any factual or legal support, that it would be a burden to prepare for a Rule 30(b)(6) deposition. Motion at 6-8, 10-12 This, however, is not the legal standard. The Government completely failed to demonstrate any *undue* burden in preparing for a Rule 30(b)(6) deposition. Because the Government failed to meet its burden of proof or comply with the Rules of this Court, the Court should deny the Government's motion.

[1] Despite any disagreement LP may have with the merits of the Government's motion, LP agrees with the Government that "Federal law interpreting the Federal Rules of Civil Procedure is persuasive authority for an identical rule of the Court of Federal Claims." Motion at 8-9 (citations omitted).

**B. The Government Cannot, In Advance, Prevent a Deposition from Occurring**

"[I]n the case of a protective order related to deposition testimony, courts regard the complete prohibition of a deposition as an 'extraordinary measure[] which should be resorted to only in rare occasions.'" *Jennings v. Family Management*, 201 F.R.D. 272, 275 (D.D.C. 2001) (*quoting Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998)); *see e.g. Wyatt v. Kaplan*, 686 F.2d at 283 ("Orders prohibiting discovery by deposition are particularly disfavored."); *Salter v. Upjohn Co*., 593 F.2d 649, 651 (5th Cir. 1979)("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); *Naftchi v. New York Univ. Med. Ctr*., 172 F.R.D. 130, 132 (S.D.N.Y. 1997) ("[I]t is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition."). This, however, is precisely what the Government is attempting to do with its motion. Because the Government has not demonstrated how its non-existent proffer of harm is weightier than LP's "'significant interest' in preparing for trial", the Government's motion must be denied. *Jennings v. Family Management*, 201 F.R.D. at 275; *cf. Freeland v. Amigo*, 103 F.3d 1271, 1281 (6th Cir. 1997) (it was abuse of discretion for district court to grant defendant a protective order preventing deposition of witness when defendant contributed to delay of the deposition in its entirety).

Despite the nearly insurmountable legal obstacles to prohibiting a deposition in its entirety, the Government still contends that it is entitled to a protective order because LP's Rule 30(b)(6) deposition notice allegedly lacked the required specificity. Motion at 8-12. In support of this position, the Government cites to *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049 (7th Cir. 2000); *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442 (D.Kan. 2000); *Reed v. Bennett*, 193 F.R.D. 689 (D.Kan. 2000; *Prokosch v. Catalina Lighting, Inc*., 193 F.R.D. 633 (D.Minn. 2000) and *Alexander v. FBI*, 186 F.R.D. 137 (D.D.C. 1998)). With the notable exception of *Reed*, the

movant in each of these cases failed to demonstrate that the Rule 30(b)(6) notice of deposition lacked the requisite level of particularity. The *only* time that the movant prevailed in a motion attacking a Rule 30(b)(6) notice of deposition was when the list of topics to be covered in the deposition was explicitly non-exclusive and open-ended (*Reed*, 193 F.R.D. at 692) or when a designated topic was so broad as to cover "any other matters relevant to this case, or which may lead to the discovery of relevant evidence" (*Alexander v. FBI*, 188 F.R.D. 111, 121 (D.D.C. 1998)).

In this case, with the possible exception of topic number one ("All information surrounding or involving the Subject Projects"), none of the remaining twenty-one topics identified in LP's Rule 30(b)(6) deposition notice are susceptible to an argument that the identified topics lack specificity or particularity in this breach of implied contract claim against the Government.[2] Each of these areas of inquiry (*e.g.*, destruction of documents, site visits, work performed, contractors/personnel who performed work) are directly relevant to the claims raised by LP and, together with the pleadings in this case and other documents on file with the Court, squarely puts the Government on notice of the subjects for which it will be required to designate one or more witnesses to testify in the Rule 30(b)(6) deposition. Hence, the Government's arguments supporting its motion are not substantially justified.

[2] For the sake of resolving this matter, LP would withdraw item number one from the list of topics if that would fully resolve the Government's motion to quash based on an alleged lack of specificity in the deposition notice. LP, however, does not concede that item number one lacks specificity or that it, or any other part of its Rule 30(b)(6) deposition notice lacks the requisite specificity.

**C. The Rule 30(b)(6) Deposition is Not Outside Scope of Permissible Discovery**

The Government's second argument is that LP's Rule 30(b)(6) deposition notice is outside the scope of the parties' representations to this Court that were used to support their July 1, 2004 request for an extension of discovery deadlines until October 1, 2004. Motion at 12-13; *see* Docket Entry No. 67. The parties' submission was a representative sampling of those pieces of discovery which the DOJ intended to complete. Nowhere within the four corners of the parties' submission or any other correspondence among the parties did LP represent that the items included in the July 1, 2004 submission constituted an exclusive list of the discovery it sought to conduct within the time remaining to conduct discovery.

This was reflected in the Court's July 2, 2004 Minute Order stating "All discovery in this matter shall be completed by 8/6/02004." The Court's order did not differentiate between discovery listed in the parties' July 1 submission or any other discovery not so listed. Hence, the Government's attempt at revisionist history should not be encouraged or endorsed by the Court and the Government's motion should be denied.

**D. The Court Should Not Require LP To Use Contention Interrogatories Instead of a Rule 30(b)(6) Deposition in This Case**

The Government's third argument is that the Court should quash the Rule 30(b)(6) deposition and instead order LP to issue interrogatories to the Government regarding the same topics of inquiry. Motion at 13-14. The very cases the Government cites in its motion, involving *contention interrogatories*, completely undermine the Government's position. Hence, the Court should deny the Government's motion on this asserted ground.

In particular, the Government cites to *Exxon Research & Eng. Co. v. United States,* 44 Fed.Cl. 597 (1999), *SEC v. Morelli*, 143 F.R.D. 42 (S.D.N.Y. 1992) and *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275 (N.D.Cal. 1991) for the proposition that *any* interrogatories may be substituted for a Rule 30(b)(6) deposition. Each of these three cases, however, involved Rule 30(b)(6) depositions on topics that could otherwise be covered by *contention interrogatories* issued to a party asserting a claim or defense. The topics listed by LP's Rule 30(b)(6) deposition notice are not amenable to treatment as contention interrogatories. Instead, the deposition notice issued to the defendant in this case identifies specific topics of factual inquiry, unrelated "to determine[ing] the theory of a party's case." *Exxon*, 44 Fed.Cl. at 601 (*quoting* Iain D. Johnston & Robert G. Johnston, *Contention Interrogatories in Federal Court*, 148 F.R.D. 441, 442 (1993)). Hence, the caselaw upon which the Government's motion is based is irrelevant and does not support the Government's position. The Government fails to identify any other legal authority that could support this aspect of its motion. Therefore, the Court should deny this aspect of the Government's motion.

**E. The Government Had A Reasonable Amount of Time to Respond to, and Prepare For, the Rule 30(b)(6) Deposition**

Finally, the Governments claims that the July 9, 2004 notice of an August 4, 2004 deposition constitutes inadequate notice and fails to provide the Government with sufficient time to respond. Motion at 15-16. Curiously, the Government cites to Rule 33 regarding document production requests as support for its suggested 30 day advanced notice for a Rule 30(b)(6) deposition. The Government's position, that the 26 day's advance notice for the deposition provided by LP is inadequate, is untenable.

Any notice greater than fourteen days is generally considered adequate for a deposition under Rule 30 or Rule 45. *See* RCFC 45(c)(2)(B) (fourteen days to object to a subpoena *duces*

*tecum*); *see also In re Stratosphere Corp. Sec. Lit*., 183 F.R.D. 684, 687 (D.Nev. 1999) ("at least 10 days' notice is customarily expected") (*quoting* William W. Schwarzer, et al., *California Practice Guide, Federal Civil Procedure Before Trial*, § 11:360 (The Rutter Group 1998)). Only when the notice is less than fourteen days is the deposition notice considered inadequate. *See e.g. Donahoo v. Ohio Dept. of Youth Services*, 211 F.R.D. 303, 306 (N.D.Ohio 2002) (notice served one week before deposition is inadequate); *In re Stratosphere Corp. Sec. Lit*., 183 F.R.D. at 687 (notice served five or six days before deposition was inadequate); *Alexander v. Jesuits of Missouri Province*, 175 F.R.D. 556, 559 (D.Kan. 1997) (subpoena served five days, and only three business days, before deposition was quashed for failing to allow reasonable time for compliance and for being unduly burdensome).

In this case, LP served its deposition notice at least 26 days in advance of the noticed deposition date[3]. Hence, LP's Rule 30(b)(6) deposition notice provided the Government with more than adequate time to respond and the Government's motion for protective order should be denied. If the Government had spent its time preparing for the depositions instead of engaging in an exhaustive letter writing campaign and pursuing meritless motions, the Government likely would have had adequate time to prepare for the Rule 30(b)(6) deposition.

The Government also complains that it would be impossible for one person to prepare and be deposed on all topics contained in LP's Rule 30(b)(6) notice of deposition. *See e.g.* Motion at 7, ("No [one] witness could ever hope to learn all of the detailed information and regurgitate it at a deposition."). The Government apparently failed to carefully read RCFC 30(b)(6) which clearly states that the Government "shall designate *one or more* officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set

[3] Additionally, undersigned counsel has offered to change the deposition date and time to accommodate Government counsel's schedule. She declined.

forth, *for each person designated*, the matters on which the person will testify." (emphasis added). Hence, the Government's artificial requirement that it only produce one witness to testify on all of the topics listed in LP's deposition notice is not well taken.

Finally, the Government argues that it would be unable to prepare for the Rule 30(b)(6 deposition because "Government counsel would have to travel to Illinois to interview witnesses and to locate and review numerous documents before responding to a Rule 30(b)(6) deposition." Motion at 6; *see id*. at 15-16. The Department of Justice is aptly considered the world's largest law firm. *United States v. Sells Engineering, Inc*., 463 U.S. 418, 471 (1983) (Burger, C.J., dissenting). Surely, some other DOJ lawyers could assist learned Government counsel in preparing for the Rule 30(b)(6) deposition so that she may actively participate in this and other cases simultaneously and still meet this Court's discovery deadlines. This would be particularly appropriate considering that this case was delayed for over four years by the Government's own representations.

**F. LP Is Entitled to Reasonable Attorney's Fees Incurred in Opposing this Motion**

Not only should the Government's motion be denied, but the Court should award LP its attorney's fees incurred in opposing this motion because, as demonstrated above, the Government's position was not substantially justified.

According to this Court's Rules:

> If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. *The provisions of RCFC 37(a)(4) apply to award of expenses incurred in relation to the motion*.

RCFC 26(c) (emphasis added).

> If the motion is denied, *the court . . . shall*, after affording an opportunity to be heard, *require the moving party* or the attorney filing the motion or both of them *to pay the party or deponent who opposed the motion the reasonable expenses*

> *incurred in opposing the motion*, including attorney's fees, *unless* the court finds that *the making of the motion was substantially justified* or that other circumstances make an award of expenses unjust.

RCFC 37(a)(4)(B) (emphasis added).

As explained above, the Government conveniently omits all discussion and analysis of the legal standard by which any motion to quash or motion for protective order could be granted. Presumably, this was a deliberate attempt to disguise the fact that the Government's motion is not justified. Similarly, as discussed above, none of the four arguments proffered by the Government in support of its motion have any merit.[4] Based on the foregoing, it appears that the Government's motion was not substantially justified and that LP is entitled to an award of its attorneys fees incurred in opposing this motion.

[4] In addition to the foregoing arguments, the Government also asserted, without any discussion or analysis, that "the deposition notice was geared to obtain testimony regarding matters that were not relevant to the resolution of this matter." Motion at 7. The fact that the Government never addresses this argument in the body of its motion lends further credence to LP's position that the Government's motion is not substantially justified, in addition to being poorly drafted.

## III. Conclusion

For the foregoing reasons, Plaintiff L.P. Consulting Group, Inc. hereby requests that this Court deny the Government's motion, in its entirety, order that the Rule 30(b)(6) deposition of the defendant proceed as noticed, and award Plaintiff its reasonable attorney's fees incurred in responding to the Government's motion which lacks any substantial justification.

Dated: July 23, 2004

Respectfully submitted,

s/ Brian Cohen____________________

Brian Cohen, Esquire
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036-5610
(202) 466-6300

Attorney for Plaintiff

Of Counsel:

Lawrence M. Prosen, Esquire
Michael J. Schrier, Esquire
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036-5610
(202) 466-6300

Attorneys for Plaintiff