**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **L.P. CONSULTING GROUP, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 98-868 C** |
| v. | ) | **(Judge Allegra)** |
| | ) | |
| **THE UNITED STATES POSTAL SERVICE** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**SECOND AMENDED COMPLAINT**

Comes now L.P. Consulting Group, Inc., by its attorneys Bell, Boyd & Lloyd PLLC, and for its complaint against the Defendant, the United States Postal Service ("USPS"), seek monetary damages on its breach of contract claims and for its grounds states as follows:

**THE PARTIES**

1. Plaintiff, L.P. Consulting Group, Inc. ("L.P. Consulting"), is a corporation organized and existing under the laws of the State of Illinois, has its principal place of business in Palos Hills, Illinois, and at all times pertinent hereto was qualified to and did business as a construction contractor in the State of Illinois. L.P. Consulting was a party to the contracts with the USPS from which the claims at issue in this action arose.

2. Defendant USPS was a party to the underlying contracts at issue, acting by and through the contracting officer Robert A. Rigsby (the "Contracting Officer"). Mr. Rigsby was appointed to the position of U.S.P.S. Contracting Officer on July 7, 1995.

**JURISDICTION**

3. This suit seeks de novo review of the Contracting Officer's failure to issue a final decision. This Court has jurisdiction over this action pursuant to Section 10(a) of the Contract Disputes Act of 1978 (41 U.S.C. § 609(a)) ("CDA"), and 28 U.S.C. § 1491.

**THE CONTRACTS**

4. In February, 1994, the USPS awarded Indefinite Quantity Contract No. 162640-94-B-0083 to L.P. Consulting for general construction work on various postal facilities within the Illinois district, Peoria, Illinois area, at pre-determined unit prices.

5. Pursuant thereto, L.P. Consulting performed various work for Defendant. During the course of contract performance the contracting officer promised and/or represented to L.P. Consulting that certain contract modifications or any draft work orders which would exceed the $1 million contractual limitation, would be awarded to L.P. Consulting under subsequently issued IQC contracts which had not yet been awarded in 1996. All subsequent references to the IQC contracts refer to the 1996 contracts identified in paragraphs 6 and 7.

6. On or about June 6, 1996, the USPS awarded an Indefinite Quantity Contract, Contract No. 162640-96-B-0094 (hereinafter the "IQC No. 0094") to L.P. Consulting for general construction work on various postal facilities within the Illinois District, Peoria, Illinois area, at predetermined unit prices.

7. On or about June 3, 1996, the USPS awarded an Indefinite Quantity Contract No. 162640-96-B-0098 (hereinafter the "IQC No. 0098") to L.P. Consulting for general construction work on various postal facilities within the Central Illinois District, Peoria, Illinois, area, at predetermined unit prices. IQC Nos. 0094 and 0098 will collectively be referred to as the "IQCs."

8. The term of both IQCs was two years. Section H.3 of the IQCs provides that the contract is subject to the CDA. The contracts at issue in this action arose out of the IQCs.

9. The initial IQCs were valued each at $300,000 where the total quantity of work ordered during the term of the contract would not be less than $10,000 nor exceed one million dollars ($1,000,000). The USPS reserved the option to increase the potential value of the contract in increments of $100,000 - $300,000 not to exceed $1,000,000. Specific work orders under the IQCs were to be not less than $500 nor more than $250,000 each, during the term of the contract. (Section B, IQC).

10. The IQCs explicitly provide that awards will be made to the responsible offeror who submits the best combination of Technical Proposal, Business Proposal (cost/price) and other factors. The primary areas to be used in determining which proposal is most advantageous to the USPS are postal experience, general experience and current workload and capacity, in descending order. (Clause M.3, IQCs).

11. In the course of its dealings with the USPS, L.P. Consulting was led to believe that the Contracting Officer would consider these factors in making good faith determinations regarding the issuance of awards.

12. The USPS breached the covenant of good faith and fair dealing with L.P. Consulting.

**FACTS APPLIED TO ALL COUNTS**

13. In the course of the dealings between L.P. Consulting and the USPS, the parties entered into implied in fact contracts for various projects.

14. The Contracting Officer would grant L.P. Consulting verbal work orders (the "work order"). The Contracting Officer by his actions and statements promised to issue the award to L.P. Consulting if the USPS decided to go forward with the project.

15. In consideration therefor, L.P. Consulting would produce a draft work order for the USPS, incorporating the fixed prices to which L.P. Consulting was obligated to utilize under the applicable IQC.

16. The Contracting Officer would use L.P. Consulting's draft work order to determine whether to go forward with the project. It was the understanding between the parties that if the Contracting Officer decided to go forward with the project, the USPS would issue a formal work order and Notice of Award to L.P. Consulting. If the Contracting Officer chose not to proceed, this process would allow the Contracting Officer to rescind its conditional offer, the verbal "work order."

17. Each time the Contracting Officer issued a work order to L.P. Consulting and granted a Notice of Award to another contractor, the Contracting Officer breached the USPS' implied in fact contract with L.P. Consulting.

18. On information and belief, the Contracting Officer issued awards to contractors without requiring the contractors to secure the appropriate bond.

19. The IQCs provide that contracts are to be awarded only to contractors that have secured performance and payment bonds. (IQC, page 2) (IQC, Clause K13 and K14).

20. Each time the Contracting Officer issued a work order to L.P. Consulting and granted a Notice of Award to another contractor that had not secured the requisite bond, the USPS violated its regulations in that L.P. Consulting has not been treated fairly and the USPS has not obtained the best value for its purchasing dollar as well as violated its obligation with L.P. Consulting to act in good faith.

21. On information and belief, the Contracting Officer would take L.P. Consulting's draft work order, seek bids from contractors not bound by an IQC, leak the information contained in L.P. Consulting's draft work order, and thereafter grant a Notice of Award to another contractor on a fixed price contract, in effect handing the contractor the lowest bid.

22. Each time the Contracting Officer issued a work order to L.P. Consulting and granted a Notice of Award to another contractor on this basis, the USPS breach its implied in fact contract with L.P. Consulting, violated its regulations in that L.P. Consulting has not been treated fairly and the USPS has not obtained the best value for its purchasing dollar, and violated its duty to L.P. Consulting to act in good faith.

23. On information and belief, the Contracting Officer uses an architectural/engineering firm, A.M. Fernandez, to receive and review proposals and to "select" the contractor who will receive the award, rather than conducting the process himself as required.

24. On or about April 1997, the Contracting Officer told L.P. Consulting that A.M. Fernandez was in charge of all bidding in connection with the USPS ramp program in that region.

25. Each time the Contracting Officer issued a work order to L.P. Consulting and granted a Notice of Award to another contractor on this basis, the USPS' non-competitive practices violated Section 4.1 of the USPS Purchasing Manual, in that L.P. Consulting has not been treated fairly, the USPS has not obtained the best value for its purchasing dollar, and the USPS has violated its duty to L.P. Consulting to act in good faith.

26. L.P. Consulting's claims for the Berwick Modular Post Office, Hoopeston Ramp Project, Downers Grove Dock Enclosure and Brookfield Ramp & Dock Enclosure were received by the Contracting Officer on March 11, 1998. L.P. Consulting's claims for the work orders relating to the Aroma Park, Beaverville, Bradley, East Lynn, Momence, Papineau, St. Anne and Union Hill Post Offices were received on April 15, 1998. The Contracting Officer has failed to issue a written decision on any of the aforementioned claims. The sixty-day period from which the Contracting Officer must issue a final decision has lapsed.

27. Pursuant to the Contract Disputes Act, 41 U.S.C. § 611, interest shall accrue on each of L.P. Consulting's claims from the date the Contracting Officer received the claims, at the rate established by the Secretary of Treasury pursuant to Public Law 92-41 for the Renegotiation Board.

28. The USPS, through its employees and agent, performed various actions which breached the implied in fact contract between the USPS and L.P. Consulting including:

(a) Awarding the 12 projects identified below to other contractors when L.P. Consulting was the lowest or proper offeror;

(b) Issuing verbal work orders to L.P. Consulting and breaching the contracts without finding that L.P. Consulting was "not responsible;" and

(c) Retaliating against L.P. Consulting for requesting the free flow of information on projects in which it had been requested to prepare draft work orders by refusing to permit L.P. Consulting to bid.

29. L.P. Consulting's economic life depends on its ability to bid and participate in government contracting.

30. L.P. Consulting's business reputation is harmed by the USPS conduct complained of herein.

**COUNT I**

31. Plaintiff hereby incorporates by reference paragraphs 1-30.

32. On or about September 1996, the Contracting Officer requested that L.P. Consulting produce a draft work order for the Berwick Modular Post Office under the terms of IQC No. 0094.

33. On September 17, 1996, L.P. Consulting performed a site visit to produce the requested work order under the direction of Bruce Rothmel of the USPS' Central Illinois branch.

34. L.P. Consulting followed the provisions of its IQC to produce a rough sketch of the site work requested, and a draft work order in the amount of $30,660.83 for the Berwick Project, which was submitted to the Government.

35. On information and belief, the Contracting Officer awarded the project to another contractor based on a fixed price contract, breaching the USPS' implied in fact contract with L.P. Consulting.

36. As a result of the USPS' breach of the contract and its duty to treat L.P. Consulting fairly, follow postal regulations and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $7,665.00.

**COUNT II**

37. Plaintiff hereby incorporates by reference paragraphs 1-30.

38. In 1995 and 1996, the Contracting Officer requested that L.P. Consulting produce a draft work order for the Hoopeston Post Office under the terms of IQC No. 0098.

39. On November 1, 1995 and August 1, 1996, L.P. Consulting performed a site visit to produce the requested work order pursuant to the Contracting Officer's instructions and under the direction of Paul Steiner and Lois Gunlogson of the USPS' Central Illinois branch.

40. L.P. Consulting followed the provisions of its IQC, and produced a work order in the amount of $62,752.00 for the Hoopeston Project, which was submitted to the Government.

41. The Contracting Officer failed to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror, at a higher price, based on a fixed price contract.

42. The USPS breached its implied in fact contract with L.P. Consulting.

43. As a result of the USPS' breach of the contract and its duty to treat L.P. Consulting fairly, follow postal regulations and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $14,433.00.

**COUNT III**

44. Plaintiff hereby incorporates by reference paragraphs 1-30.

45. On August 1, 1996, the Contracting Officer provided L.P. Consulting with architectural drawings to produce a draft work order for the Downers Grove Dock Enclosure Project, pursuant to IQC No. 0098, under the direction of Jesse McNabb of the USPS' Central Illinois branch.

46. L.P. Consulting followed the provisions of its IQC and produced a work order for the Government in the amount of $36,564.99 for the Downers Grove Project, which was submitted to the Government.

47. The Contracting Officer failed to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another contractor, at a higher price, based on a fixed price contract.

48. The USPS breached its implied in fact contract with L.P. Consulting.

49. As a result of the USPS' breach of the contract and its duty to treat L.P. Consulting fairly, follow postal regulations and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $10,000.00.

**COUNT IV**

50. Plaintiff incorporates by reference paragraphs 1-30.

51. On August 1, 1996, the Contracting Officer provided L.P. Consulting with architectural drawings to produce a work order for the Brookfield Ramp & Dock Enclosure Project.

52. Pursuant to the Contracting Officer's instructions and under the direction of Jesse McNabb of the USPS' Central Illinois branch, L.P. Consulting followed the provisions of its IQC No. 0094 to produce a work order in the amount of $89,168.28 for the Brookfield Project, which it submitted to the Government.

53. The Contracting Officer failed to follow postal procurement procedures with respect to the awarding of the contract, which, on information and belief, was ultimately awarded to another offeror, at a higher price, based on a fixed price contract.

54. The USPS breached its implied in fact contract with L.P. Consulting.

55. As a result of the USPS' breach of the contract and its duty to treat L.P. Consulting fairly, follow postal regulations and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $22,229.00.

**COUNT V**

56. The Plaintiff hereby incorporates by reference paragraphs 1-30.

57. On or about September 1995, the Contracting Officer requested that L.P. Consulting produce a work order for construction work on the Aroma Park Interior Lobbies and Building renovation project.

58. On or about September 1995 L.P. Consulting followed the provisions of its IQC and produced the requested work order in the amount of $62,000, which it submitted to the Government.

59. The Contracting Officer failed to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract.

60. The USPS breached its implied in fact contract with L.P. Consulting.

61. As a result of the USPS' breach of the contract and its duty to treat L.P. fairly, follow postal regulations and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $12,466.

## COUNT VI

62. Plaintiff hereby incorporates by reference paragraphs 1-30.

63. On or about September 1995, the Contracting Officer requested that L.P. Consulting produce a draft work order for the Beaverville lobby and building renovation project under the terms of its IQC.

64. On or about September 1995, L.P. Consulting followed the provisions of its IQC and produced a work order in the amount of $24,758, which it submitted to the Government.

65. The Contracting Officer failed to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract.

66. The USPS breached its implied in fact contract with L.P. Consulting.

67. As a result of the USPS' breach of the contract, its duty to treat L.P. fairly, follow postal regulations and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $4,736.

## COUNT VII

68. Plaintiff hereby incorporates by reference paragraphs 1-30.

69. On or about September 1995, the Contracting Officer requested that L.P. Consulting produce a draft work order for the Bradley Concrete Ramp, Lobbies and Building Renovations project. L.P. Consulting followed the provisions of its IQC and produced a work order in the amount of $187,352, which it submitted to the Government.

70. The Contracting Officer failed to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract.

71. The USPS breached its implied in fact contract with L.P. Consulting.

72. As a result of the USPS' breach of the contract and its duty to treat L.P. fairly, follow postal regulations and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $31,449.

**COUNT VIII**

73. Plaintiff hereby incorporates by reference paragraphs 1-30.

74. On or about October 1995, the Contracting Officer requested that L.P. Consulting produce a draft work order for the East Lynn Building Renovation Project.

75. On or about October 1995 L.P. Consulting produced a draft work order pursuant to its IQC in the amount of $32,775, which it submitted to the Government.

76. The Contracting Officer failed to follow postal procurement procedures with respect to the awarding of the Contract, which was ultimately awarded to another offeror based on a fixed price contract.

77. The USPS breached its implied in fact contract with L.P. Consulting.

78. As a result of the USPS' breach of the contract, its duty to treat L.P. Consulting fairly, follow postal regulations and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $5,280.

**COUNT IX**

79. Plaintiff hereby incorporates by reference paragraphs 1-30.

80. On or about May 1996, the Contracting Officer requested that L.P. Consulting produce a draft work order for the Momence Concrete Ramp and Lobby Renovation Project. L.P. Consulting followed the provisions of its IQC and produced a work order in the amount of $46,388, which it submitted to the Government.

81. The Contracting Officer failed to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract.

82. The USPS breached its implied in fact contract with L.P. Consulting.

83. As a result of the USPS' breach of the contract, its duty to treat L.P. Consulting fairly, follow postal regulations and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $7,800.

**COUNT X**

84. Plaintiff hereby incorporates by reference paragraphs 1-30.

85. On or about September 1995, the Contracting Officer requested that L.P. Consulting produce a draft work order for the Papineau Interior Renovation and Concrete Ramp Project.

86. L.P. Consulting followed the provisions of the IQC and produced a work order in the amount of $46,388, which it submitted to the Government.

87. The Contracting Officer failed to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract.

88. The USPS breached its implied in fact contract with L.P. Consulting.

89. As a result of the USPS' breach of contract, its duty to treat L.P. Consulting fairly, follow postal regulations and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $6,311.

**COUNT XI**

90. Plaintiff hereby incorporates by reference paragraphs 1-30.

91. On or about May 1996, the Contracting Officer requested that L.P. Consulting produce a draft work order for the St. Anne Concrete Asphalt and Interior Renovations.

92. L.P. Consulting followed the provisions of its IQC and produced a draft work order for the Government in the amount of $41,691.

93. The Contracting Officer failed to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract.

94. The USPS breached its implied in fact contract with L.P. Consulting.

95. As a result of the USPS' breach of contract and its duty to treat L.P. Consulting fairly and follow postal regulations, and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $7,360.

**COUNT XII**

96. Plaintiff hereby incorporates by reference paragraphs 1-30.

97. On or about August 1995, the Contracting Officer requested that L.P. Consulting produce a draft work order for the Union Hill Interior and Exterior Ramp Project.

98. L.P. Consulting followed the provisions of its IQC and produced a draft work order in the amount of $36,110, which it submitted to the Government.

99. The Contracting Officer failed to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract.

100. The USPS breached its implied in fact contract with L.P. Consulting.

101. As a result of the USPS' breach of the contract, its duty to treat L.P. Consulting fairly, follow postal regulations and breach of its duty of good faith, L.P. Consulting sustained damages in the amount of its lost profits on this project, which would have been $5,608.

WHEREFORE, L.P. Consulting respectfully requests this Honorable Court grant judgment in favor of L.P. Consulting Group, Inc. against Defendant The United States Postal Service as follows:

(a) monetary relief in such sums as the Court, based on the evidence adduced in the course of the trial, deems appropriate;

(b) statutory interest under the CDA;

(c) that this Court enjoin the USPS from awarding to anyone other than L.P. Consulting until USPS complies with all applicable regulations.

(d) such other and further relief as the Court deems just and proper.

Dated: August 20, 2004

Respectfully submitted,

/s/ Brian Cohen

Brian Cohen, Esquire
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036-5610
(202) 466-6300

Attorney for Plaintiff

Of Counsel:

Lawrence M. Prosen, Esquire
Michael J. Schrier, Esquire
BELL, BOYD & LLOYD PLLC
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036-5610
(202) 466-6300

Attorneys for Plaintiff