IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| L.P. CONSULTING GROUP, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-868C |
| THE UNITED STATES, | ) | (Judge Allegra) |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

For its answer to plaintiff's second amended complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's introductory paragraph constitute conclusions of law and plaintiff's characterization of this action, to which no response is required.

The Parties

1. Denies the allegations contained in paragraph 1 for lack of information or knowledge sufficient to form a belief as to their truth.

2. Admits the allegations contained in the first sentence of paragraph 2 to the extent supported by the contract documents referenced, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 2. Admits the allegation contained in the second sentence of paragraph 2.

## Jurisdiction

3. The allegations contained in paragraph 3 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

## The Contracts

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract document referenced, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in the first sentence of paragraph 5. Denies the allegations contained in the second sentence of paragraph 5 for lack of information or knowledge sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 5 are plaintiff's characterizations of its actions, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract document referenced, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract document referenced, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in the first sentence of paragraph 8 to the extent supported by the contract document referenced, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 8. The allegations contained in the second and third sentences of paragraph 8 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract documents referenced, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract documents referenced, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11 for lack of information or knowledge sufficient to form a belief as to their truth.

12. The allegations contained in paragraph 12 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

## Facts Applied To All Counts

13. The allegations contained in paragraph 13 constitute conclusions of law to which no response is required; to the

extent that they may be deemed allegations of fact, they are denied.

14. Denies the allegations contained in paragraph 14.

15. Admits the allegation contained in paragraph 15 that LP Consulting produced some draft work orders; denies all remaining allegations contained in paragraph 15 for lack of information or knowledge sufficient to form a belief as to their truth.

16. Denies the allegations contained in paragraph 16.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. Denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the contract documents referenced, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 19.

20. The allegations contained in paragraph 20 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Denies the allegations contained in paragraph 21.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. Admits the allegations contained in paragraph 23 that defendant used the architectural/engineering firm of A.M. Fernandez to receive some proposals; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegation contained in paragraph 24 that the Contracting Officer told plaintiff that A.M. Fernandez had received some bids in connection with defendant's handicapped ramp program in that region; otherwise denies the allegations contained in paragraph 24.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. Admits the allegation contained in the first sentence of paragraph 26 that the contracting officer received a document related to the facilities listed on or about March 11, 1998; denies any remaining allegations contained in the first sentence of paragraph 26. Admits the allegation contained in the second sentence of paragraph 26 that the contracting officer received a document related to the facilities listed on or about April 15, 1998; denies any remaining allegations contained in the second sentence of paragraph 26. Admits the allegation contained in the third sentence of paragraph 26 that a written decision was not rendered by the contracting officer within sixty days; denies any remaining allegations contained in the third sentence of paragraph 26. The allegations contained in the fourth sentence

of paragraph 26 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Denies the allegations contained in paragraph 29 for lack of information or knowledge sufficient to form a belief as to their truth.

30. Denies the allegations contained in paragraph 30 for lack of information or knowledge sufficient to form a belief as to their truth.

Count I

31. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33 for lack of information or knowledge sufficient to form a belief as to their truth.

34. Denies the allegations contained in paragraph 34 for lack of information or knowledge sufficient to form a belief as to their truth.

35. Admits the allegations contained in paragraph 35 that defendant made an award to another contractor based on a fixed price contract; otherwise denies the allegations contained in paragraph 35.

36. The allegations contained in paragraph 36 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Count II

37. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39 for lack of information or knowledge sufficient to form a belief as to their truth.

40. Denies the allegations contained in paragraph 40 for lack of information or knowledge sufficient to form a belief as to their truth.

41. Admits the allegations contained in paragraph 41 that defendant made an award to another contractor based on a fixed price contract; otherwise denies the allegations contained in paragraph 41.

42. The allegations contained in paragraph 42 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Count III

44. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46 for lack of information or knowledge sufficient to form a belief as to their truth.

47. Admits the allegations contained in paragraph 47 that defendant made an award to another contractor based on a fixed price contract; otherwise denies the allegations contained in paragraph 47.

48. The allegations contained in paragraph 48 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute conclusions of law to which no response is required; to the

extent that they may be deemed allegations of fact, they are denied.

Count IV

50. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 50.

51. Denies the allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52 for lack of information or knowledge sufficient to form a belief as to their truth.

53. Admits the allegations contained in paragraph 53 that defendant made awards of other contracts to other contractors; otherwise denies the allegations contained in paragraph 53.

54. The allegations contained in paragraph 54 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

55. The allegations contained in paragraph 55 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Count V

56. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 56.

57. Denies the allegations contained in paragraph 57.

58. Denies the allegations contained in paragraph 58 for lack of information or knowledge sufficient to form a belief as to their truth.

59. Denies the allegations contained in paragraph 59. Avers that, on August 28, 1999, defendant made an award to another contractor for different work on the Aroma Park Post Office.

60. The allegations contained in paragraph 60 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Count VI

62. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 62.

63. Denies the allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64 for lack of information or knowledge sufficient to form a belief as to their truth.

65. Denies the allegations contained in paragraph 65.

66. The allegations contained in paragraph 66 constitute conclusions of law to which no response is required; to the

extent that they may be deemed allegations of fact, they are denied.

67. The allegations contained in paragraph 67 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Count VII

68. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 68.

69. Denies the allegations contained in the first sentence of paragraph 69. Denies the allegations contained in the second sentence of paragraph 69 for lack of information or knowledge sufficient to form a belief as to their truth.

70. Denies the allegations contained in paragraph 70. Avers that defendant made an award to another contractor for construction of the ramp at the Bradley Post Office.

71. The allegations contained in paragraph 71 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

72. The allegations contained in paragraph 72 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Count VIII

73. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 73.

74. Denies the allegations contained in paragraph 74.

75. Denies the allegations contained in paragraph 75 for lack of information or knowledge sufficient to form a belief as to their truth.

76. Denies the allegations contained in paragraph 76.

77. The allegations contained in paragraph 77 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

78. The allegations contained in paragraph 78 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Count IX

79. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 79.

80. Denies the allegations contained in first sentence of paragraph 80. Denies the allegations contained in the second sentence of paragraph 80 for lack of information or knowledge sufficient to form a belief as to their truth.

81. Admits the allegations contained in paragraph 81 that defendant made an award to another contractor for construction of the ramp at the Momence Post Office based on a fixed price contract; otherwise denies the allegations contained in paragraph 81.

82. The allegations contained in paragraph 82 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

83. The allegations contained in paragraph 83 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Count X

84. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 84.

85. Denies the allegations contained in paragraph 85.

86. Denies the allegations contained in paragraph 86 for lack of information or knowledge sufficient to form a belief as to their truth.

87. Denies the allegations contained in paragraph 87.

88. The allegations contained in paragraph 88 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

89. The allegations contained in paragraph 89 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Count XI

90. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 90.

91. Denies the allegations contained in paragraph 91.

92. Denies the allegations contained in paragraph 92 for lack of information or knowledge sufficient to form a belief as to their truth.

93. Denies the allegations contained in paragraph 93.

94. The allegations contained in paragraph 94 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

95. The allegations contained in paragraph 95 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Count XII

96. Defendant incorporates its responses to the allegations contained in paragraphs 1 through 30 of the second amended complaint in response to paragraph 96.

97. Denies the allegations contained in paragraph 97.

98. Denies the allegations contained in paragraph 98 for lack of information or knowledge sufficient to form a belief as to their truth.

99. Denies the allegations contained in paragraph 99.

100. The allegations contained in paragraph 100 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

101. The allegations contained in paragraph 101 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

102. The allegations contained in paragraph following paragraph 101 are general descriptions of plaintiff's requests for relief and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

103. Denies each and every allegation not previously admitted or otherwise qualified.

Wherefore, defendant requests that the Court enter judgment in its favor, order that the second amended complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, L St. Building
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

Of Counsel:
STEPHEN D. LOBAUGH
United States Postal Service

September 17, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 17th of September, 2004, I caused to be placed in the United States mail (first-class mail, postage paid) copies of the foregoing "DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT" addressed as follows:

Brian Cohen
Bell, Boyd & Lloyd
1615 L Street NW, Suite 1200
Washington, D.C. 20036-5610

____________________