IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| L.P. CONSULTING GROUP, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-868C |
| THE UNITED STATES, | ) | (Judge Allegra) |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

1. In May 1994, the USPS awarded LP Consulting Group, Inc. ("LP") an Indefinite Quantity Contract No. 162640-94-B-0083. App. 1, 41-49.[1] The contract had a two-year term. App. 1, 37.

2. Thereafter, LP had two Indefinite Quantity Contracts ("IQCs") with the Postal Service, contracts numbered 162640-96-B-0094 and 162640-96-B-0098. App. 1-2, 52-153, 155-256. The USPS entered into these two IQCs with LP on June 6, 1996, and June 3, 1996, respectively. App. 2, 52, 54, 155, 157. Both IQCs had two-year terms and required a minimum of $10,000.00 in work during the term. App. 2, 57, 64, 160, 167. All subsequent references to LP's IQCs refer to the 1996 IQCs.

3. In this lawsuit, LP and Richard Battaglin are claiming that the Postal Service failed to issue LP work order contracts for 12 projects. App. 2. By letter to the contracting officer dated March 3, 1998, LP submitted a claim in connection with (1) the Berwick Modular Post Office, (2) the Hoopeston handicap ramp, (3) the Downers Grove dock enclosure, and (4) the Brookfield ramp and dock enclosure. App. 2, 32-34. This was resubmitted on

1 "App. __" refers to the appendix filed this date with Defendant's Motion For Summary Judgment.

April 13, 1998 with a certification. App. 2, 26.

4. By letter to the contracting officer dated April 13, 1998, LP submitted another claim in connection with (5) the Aroma Park interior lobbies and building renovation, (6) the Beaverville lobby and building renovation, (7) the Bradley concrete ramp, lobbies and building renovation, (8) the East Lynn building renovation, (9) the Momence concrete ramp and lobby renovations, (10) the Papineau interior renovation and concrete ramp, (11) the St. Anne concrete and asphalt and interior renovations, and (12) the Union Hill interior and exterior ramp. App. 2, 29-31.

5. By letter dated August 11, 1998, LP submitted to the contracting officer amended certifications for the claims previously submitted in LP's letters dated March 3, 1998 and April 13, 1998. App. 3, 26-28.

LP's IQCs

6. Former contracting officer Robert Rigsby was designated as the USPS contracting officer with authority to issue work orders under LP's IQCs. App. 3-4, 50, 52, 155, 385-86. During the 1995-1999 time frame, none of the following individuals possessed any contracting authority: Bruce Rothermel, Paul Steiner, Lois Gunlogson, Jesse McNabb, and Catherine Marks. App. 4. Samuel Southern, a USPS Facilities Specialist, first received contracting authority on March 16, 1999 and, prior to that time, he did not have any contracting authority. App. 4, 282-83.

7. LP's IQCs were indefinite quantity contracts and both

contained the "Quantity of Work" clause which provided as follows:

> a. The initial contract value is $300,000 where the total quantity of work ordered during the term of this contract will not be less than $10,000 nor more than one million dollars ($1,000,000). . . .
>
> d. The Postal Service reserves the right to undertake, by Postal Service sources or others, the same type of work or similar work as contracted for in this contract, in the area covered by this contract, while this contract is in force.

App. 4, 57, 160.

8. LP's two IQCs contained a price schedule and the "contractor agree[d] to perform all work included or ordered pursuant to and in accordance with the terms of the conditions of the contract for the unit prices listed on the price schedule times the multiplier listed below:. . . multiplier: .850." App. 4-5, 54, 157.

9. LP's IQCs both provided that "work will be done on work orders issued as required" and stated as follows:

> The price per unit of each proposal item in this contract will include all materials, labor, and equipment required to perform the work described in the attached specification. The work will be done on work orders issued as required for various amounts and types of work covered by the specification. The work ordered under this contract will be performed in, on, or adjacent to Postal Service-owned or -leased facilities within the geographic area as specified elsewhere in this solicitation.

App. 5, 64, 167. LP's two IQCs contained specific provisions for

the issuance of "Work Orders," which stated as follows:

> a. No work will be performed until a written work order has been signed by the contracting officer and written Notice to Proceed with the work under the work order has been issued by the contracting officer and received by the contractor. Any work performed by the contractor under a work order before receipt of the written Notice to Proceed for that work order will be at the contractor's own risk.
>
> b. Each work order will describe the extent of work to be removed and the extent and type of new work to be installed. Descriptions may be written, by sketch or by drawing. Each work order will give the location where work is to be performed, state whether work may be performed during regular working hours, and describe the requirements for submittals. Submittals may include certificates, shop drawings, manufacturer's literature, data, test reports, and/or other documents that provide required information on the material or equipment.
>
> c. Each work order will be limited to work at a single facility. . . .
>
> g. The maximum amount of any one work order is $250,000.
>
> h. No work may be ordered for a new building construction except for site preparation and/or foundation work for a preengineered building purchased directly from the manufacturer.

App. 5-6, 65, 168.

10. LP received more than the contract minimum of $10,000.00 in work during the term of each IQC. App. 6, 381, 410-22.

11. From June 7, 1996 to September 10, 1997, a total of $525,609.28 in IQC work orders were issued to LP and

$1,127,144.67 was issued prior to June 7, 1996. App. 381, 410-22. As of September 10, 1997, LP was issued $119,235.67 in simplified contracts for a grand total of $1,771,989.62. App. 381, 410-22.

12. USPS contracts must contain a termination for convenience clause. App. 7. Specifically, the Design and Construction Handbook, RE-14 TL 4, dated June 1991, requires that all contracts contain a termination for convenience clause. App. 7-8, 274, 275, 279. The USPS Purchasing Manual (Issue 1), effective January 31, 1997, also requires that all contracts for commercial items contain a termination for convenience clause. App. 8, 270, 272. LP's IQCs contained a termination for convenience clause. App. 97-100, 200-02 (clause H.5).

East Lynn Post Office

13. The USPS has not awarded a contract for the building renovation project at the East Lynn Post Office, IL. App. 8.

14. LP and Richard Battaglin do not have a copy of the scope of work that Mr. Battaglin prepared for the East Lynn Post Office. App. 528-32 (Battaglin Dep. 81-84, 86-89, 96-97).

Beaverville Post Office

15. The USPS has not awarded a contract for a lobby and building renovation project at the Beaverville Post Office, IL. App. 18.

16. Battaglin Exhibit No. 66 is a copy of a scope of work in the amount of $24,758.00, that Richard Battaglin prepared for

miscellaneous renovations of the Beaverville Post Office. App. 615-17, 551-52 (Battaglin Dep. 211-12).

Papineau Post Office

17. The USPS has not awarded a contract for interior renovation and concrete ramp at the Papineau Post Office, IL. App. 8.

18. Battaglin Exhibit No. 71 is a copy of a scope of work in the amount of $43,442.00, that Richard Battaglin prepared for the Papineau Post Office. App. 626-28, App. 537 (Battaglin Dep. 236-37).

St. Anne Post Office

19. The USPS has not awarded a contract for concrete, asphalt, and interior renovations at the St. Anne Post Office, IL. App. 8.

20. Battaglin Exhibits Nos. 59, and 60 are copies of scopes of work that Richard Battaglin prepared for the St. Anne Post Office. App. 591-97, 538-39 (Battaglin Dep. 149-55). Battaglin Exhibit No. 55 is a copy of two scopes of work in the total amount of $41,691 that Richard Battaglin prepared for the St. Anne Post Office. App. 584-90, 533-34, 537 (Battaglin Dep. 107-09, 122)

Union Hill Post Office

21. The USPS has not awarded a contract for the interior and exterior ramp at the Union Hill Post Office, IL. App. 8.

22. Battaglin Exhibit No. 63 is a copy of a scope of work

in the amount of $36,110 that Richard Battaglin prepared for the Union Hill Post Office. App. 612-14, 549-50 (Battaglin Dep. 198, 201-02).

Berwick Modular Post Office

23. In 1996, the USPS solicited bids for (1) the site adaptation and preparation for the Berwick Modular Post Office and (2) the site adaptation and preparation for the St. David Modular Post Office. App. 8-9, 302-03, 305-07, 466-71. On October 24, 1996, WM. Aupperle and Sons Inc. ("WM. Aupperle") submitted a bid to the USPS for the site adaptation and preparation of the Berwick Post Office. App. 9, 302-03. On October 23, 1996, WM. Aupperle submitted a bid to the USPS in the amount of $43,087.00 for the St. David Post Office. App. 9, 470-71.

24. On or about September 17, 1996, LP, through Richard Battaglin, prepared and submitted scopes of work to the USPS for (1) the site adaptation and preparation for the Berwick Modular Post Office, and (2) the site adaptation and preparation for the St. David Post Modular Office. App. 9, 305-07, 466-69. LP's scope of work for the Berwick Post Office was in the total amount of $30,660.83. App. 9, 305-07, 639-42 (Battaglin Ex. 73), 560-62 (Battaglin Dep. 256-59, 262-64. LP's scope of work order for the St. David Post Office was in the total amount of $37,904.86. App. 9, 466-69.

25. On November 26, 1996, the USPS, through contracting

officer Robert Rigsby, awarded a contract in the amount of $29,165.00 for the site adaptation and preparation work for the Berwick Post Office to WM. Aupperle. App. 9, 304.

26. In December 1996, the USPS, through contracting officer Robert Rigsby, awarded the site adaptation and preparation work for the St. David Post Office to LP as a work order under its IQC contract no. 162640-96-B-0094, for the total amount of $31,932.63. App. 9, 472-77. By letter dated December 17, 1996, contracting officer Robert Rigsby directed LP to begin work and to complete the work in 30 days from its receipt of the notice to proceed. App. 9-10, 478.

Hoopeston Post Office Handicap Ramp

27. By letter dated August 12, 1996, in response to an oral request from contracting officer Robert Rigsby, the Architect/Engineer firm of A.M. Fernandez and Associates ("A.M. Fernandez"), which held a Basic A/E Indefinite Quantity Contract with the USPS, wrote the contracting officer confirming that it would determine the best location for an accessibility ramp, prepare design drawings, and obtain at least three estimates from prospective contractors to enable the contracting officer to award a contract for the installation of a ramp at various postal facilities, all by September 4, 1996. App. 10, 387-94. The postal offices identified in the letter included the Hoopeston Post Office, the Bradley Post Office, and the Paxton Post Office. App. 10, 393-94.

28. Bids were submitted by September 4, 1996 for the installation of a handicap ramp at the Hoopeston Post Office. App. 10, 393, 355-58. By letter dated September 3, 1996, Ulbrich & Associates, Inc. ("Ulbrich") bid $88,179.00 for the project. App. 10, 358. By letter dated August 28, 1996, PNL Enterprises, Inc. ("PNL Enterprises") bid $88,500.00 for the project. App. 10, 357. By letter dated September 3, 1996, Phoenix Construction Co., Inc. ("Phoenix") bid $88,350.00 for the project. App. 10-11, 356. By letter dated August 31, 1996, Ramcorp, Inc. ("Ramcorp") bid $97,854.00 for the project. App. 11, 355.

29. On September 5 and 6, 1996, the USPS solicited best and final offers for installation of the handicap ramp at the Hoopeston Post Office. App. 11, 359-68. The responses to the USPS's request for best and final offers for installation of the handicap ramp at the Hoopeston Post Office were bids ranging between $85,000.00 and $97,854.00: Ulbrich bid $85,000.00; PNL Enterprises bid $85,500.00; Ramcorp bid $97,854.00 (no change); and Phoenix bid $88,350 (no change). App. 11, 359-68.

30. By letter to the USPS dated September 20, 1996, A.M. Fernandez estimated the costs for installation of a handicap ramp at the Hoopeston Post Office to be $96,600.00. App. 11, 369.

31. By letter dated May 28, 1997, the USPS, through contracting officer Robert Rigsby, notified Ulbrich of its intent to award it a contract for $85,000.00 for installation of the handicap ramp at the Hoopeston Post Office. App. 11, 370a.

32. On July 25, 1997, the USPS awarded a contract in the amount of $85,000.00 to Ulbrich for installation of the handicap ramp at the Hoopeston Post Office. App. 11, 371-72, 401-06.

33. LP was not invited to bid on the installation of the ramp at the Hoopeston Post Office. App. 11, 379.

34. In late April 1997, Mr. Battaglin visited the office of contracting officer Robert Rigsby and noticed a drawing for the Hoopeston handicap ramp and asked if he could take the drawing. App. 11, 379. Mr. Rigsby informed Mr. Battaglin that it was too late to bid on the Hoopeston handicap ramp, but allowed Mr. Battaglin to take the drawing. App. 11-12, 379.

35. On or about May 19, 1997, Mr. Battaglin provided to Mr. Rigsby a price of $62,752.00 for installation of the handicap ramp at the Hoopeston Post Office. App. 12, 370, 379. Mr. Rigsby informed Mr. Battaglin that his bid for installation of the handicap ramp at the Hoopeston Post Office was too late. App. 12, 379, 582-83 (Battaglin Dep. 378, 381) (Mr. Rigsby "said it's too late."). By letter dated May 21, 1997, Mr. Battaglin reiterated LP's price of $62,752.00 for installation of the handicap ramp at the Hoopeston Post Office. App. 12, 370.

36. By letter dated July 25, 1997, LP submitted to the USPS a bid protest of its award of the contract for the handicap ramp at the Hoopeston Post Office. App. 12, 373-75.

37. By letter dated September 10, 1997, contracting officer Robert Rigsby responded to LP's bid protest. App. 12, 378-437.

In his letter, contracting officer Rigsby among other things stated:

> 1. . . . The attached solicitation documentation clearly shows that in early August 1996 the USPS acquired the services of A.M. Fernandez & Associates, Architects/Engineers to prepare design drawings for 28 ramps, make distribution to contractors, obtain a minimum of three cost estimates for each facility, and complete all work by September 4, 1996. All bids were received by the USPS by the September 4, 1996 deadline and best and final bids were solicited by an acting contract technician on September 5 and 6, 1996. . . .
>
> 2. The Hoopeston ramp was awarded on July 25, 1997 for $85,000 to Ulbrich & Associates, Inc. who offered the best value to the USPS. The reason for the delay in awarding the Hoopeston ramp was due to an excessively heavy workload and a backlog of other projects.
>
> 3. L.P. Consulting Group, Inc. was not invited to bid during this solicitation process. However, in late April, 1997 Mr. Battaglin (L.P. Consulting Group, Inc.) visited my office to drop off some documents and as he was leaving he noticed a drawing for the Hoopeston Ramp on a table near the door and said, "Can I take one of these," and I replied, "It is too late to bid, all decisions have been made," and he said, "Oh that's okay, I just want to see the difference between this and Paxton." In the spirit of cooperation, I permitted him to take the drawing, and on May 19, 1997 I received a bid for the project. I later saw Mr. Battaglin and again explained to him that his bid was "too late" and he replied, "I know, I just wanted you to have it anyway."
>
> . . . .
>
> 10. . . . Since June 7, 1996 to present, a total of $525,609.28 in IQC work orders have been issued to L.P. Consulting Group, Inc.

> and $1,127,144.67 was issued prior to June 7, 1996. In addition, our records indicate that $119,235.67 was issued in simplified contracts for a grand total of $1,771.989.62.

App. 12-13, 379-81. Mr. Rigsby also stated that, on June 4, 1997, he had issued LP "a letter demanding that no visits be made to any post office unless directed to do so by the Contracting Officer." App. 13, 381, 437.

38. On October 1, 1997, the USPS issued its decision on LP's bid protest. App. 14, 438-40. The USPS dismissed the bid protest. App. 15.

39. Battaglin Exhibits Nos. 87, 90, 91, and 92 are copies of scopes of work prepared by Richard Battaglin for the Hoopeston Post Office. App. 654-64. Battaglin Exhibit No. 87 is for interior work and Battaglin Exhibit No. 90 is for a handicap ramp; both are dated November 14, 1995. App. 654-60, 575-77 (Battaglin Dep. 351-56). Battaglin Exhibit No. 91 is in the amount of $45,472.00 and is for the Hoopeston ramp; it is dated August 1, 1996; Richard Battaglin prepared that scope of work using the price schedule for his 1996 IQCs. App. 661-62, 577-79 (Battaglin Dep. 359-67 (Ex. 91 is a "replication for my contract for '96")). Battaglin Exhibit No. 92 is for the Hoopeston exterior ramp and is in the amount of $62,000. App. 669-75, 581 (Battaglin Dep. 372-75).

Bradley Post Office Handicap Ramp

40. The USPS, through A.M. Fernandez, solicited bids for the installation of a handicap ramp at the Bradley Post Office to

be submitted by September 4, 1996. App. 15, 309-12. By letter dated August 30, 1996, Phoenix submitted a bid in the amount of $51,700.00 for installation of the handicap ramp at the Bradley Post Office. App. 15, 312. By letter dated August 28, 1996, Ramcorp submitted a bid in the amount of $53,210.00 for installation of the handicap ramp at the Bradley Post Office. App. 15, 310. By letter dated August 28, 1996, PNL Enterprises submitted a bid in the amount of $48,500.00 for installation of the handicap ramp at the Bradley Post Office. App. 15, 309. By letter dated August 29, 1996, Ulbrich submitted a bid in the amount of $47,420.00 for installation of the handicap ramp at the Bradley Post Office. App. 15, 311.

41. In September 1996, the USPS solicited best and final offers for installation of the handicap ramp at the Bradley Post Office. App. 15, 313-15, 312. The contractors responded to the USPS's request for best and final offers for installation of the handicap ramp at the Bradley Post Office as follows: Ulbrich bid $47,400.00; PNL Enterprises bid $48,300.00; Ramcorp bid $53,210.00 (no change), and Phoenix bid $51,700.00 (no change). App. 15-16, 313-15, 312.

42. In August and September 1996, LP was not invited to bid on the installation of the ramp at the Bradley Post Office. App. 16, 379.

43. By letter dated August 22, 1997, the USPS, through contracting officer Robert Rigsby, notified Ramcorp of its intent

to award a contract in the amount of $53,210.00 for installation of the handicap ramp at the Bradley Post Office. App. 16, 316. By letter dated October 23, 1997 and acknowledged by Ramcorp on November 21, 1997, the USPS, through contracting officer Robert Rigsby, provided Ramcorp with an executed contract in the amount of $53,210.00 for installation of the handicap ramp at the Bradley Post Office and directed Ramcorp to proceed with the work. App. 16, 317-22.

44. Battaglin Exhibit No. 72 is copies of two scopes of work in the total amount of $187,352.00 prepared by Richard Battaglin for the handicap ramp and interior lobby renovations at the Bradley Post Office. App. 629-38, 558-89 (Battaglin Dep. 247-51). The project proposed in Battaglin Exhibit No. 72 includes interior lobby renovations in addition to the installation of a handicap ramp. Id. In 1996, the USPS solicited bids for the installation of a handicap ramp at the Bradley Post Office, and its contract award to Ramcorp in 1997 was for only installation of the handicap ramp and did not include the interior lobby renovations proposed in LP's scope of work. App. 629-38.

45. The total amount of $187,352.00 set forth in Battaglin Exhibit No. 72 exceeded the contracting authority of Robert Rigsby. Mr. Rigsby's contracting authority was limited to $100,000.00. App. 509.

Paxton Post Office Handicap Ramp

46. In August 1996, A.M. Fernandez supplied the USPS with drawings for a handicap ramp at the Paxton Post Office, IL. App. 16, 481-84.

47. The USPS, through A.M. Fernandez, solicited bids for installation of the handicap ramp at the Paxton Post Office. App. 16, 481-85. By letter dated August 28, 1996, PNL Enterprises submitted a bid in the amount of $47,250.00 for installation of the handicap ramp at the Paxton Post Office. App. 16, 481-82. By letter dated August 29, 1996, Ramcorp submitted a bid in the amount of $51,975.00 for installation of the handicap ramp at the Paxton Post Office. App. 17, 483. By letter dated August 30, 1996, Ulbrich submitted a bid in the amount of $45,604.00 for installation of the handicap ramp at the Paxton Post Office. App. 17, 484. By letter dated September 3, 1996, Phoenix submitted a bid in the amount of $52,000.00 for installation of the handicap ramp at the Paxton Post Office. App. 17, 485.

48. In September 1996, the USPS solicited best and final offers for installation of the handicap ramp at the Paxton Post Office. App. 17, 486-88, 485. The contractors responded to the USPS's request for best and final offers for installation of the handicap ramp at the Paxton Post Office as follows: Ulbrich bid $45,600.00; PNL Enterprises bid $47,000.00; Ramcorp bid $51,975.00 (no change); and Phoenix bid $52,000.00 (no change). App. 17, 486-88, 485.

49. By letter dated April 30, 1997, LP submitted to contracting officer Robert Rigsby a bid in the amount of $42,000.00 for installation of the handicap ramp at the Paxton Post Office in accordance with the drawings of A.M. Fernandez. App. 17, 489. By letter dated June 12, 1997, contracting officer Robert Rigsby notified LP that the USPS intended to award it a contract for installation of the handicap ramp at the Paxton Post Office. App. 17-18, 490. On June 28, 1997, the USPS, through contracting officer Robert Rigsby, awarded LP a contract in the amount of $42,000.00 for installation of the handicap ramp at the Paxton Post Office. App. 18, 491.

Downers Grove Post Office Dock Enclosure

50. In November 1996, A.M. Fernandez provided the USPS with sketches concerning the dock area at the Downers Grove Post Office. App. 18, 341-42. The USPS, through A.M. Fernandez, solicited bids for construction of a dock enclosure at the Downers Grove Post Office. App. 18, 341-42. By letter dated November 20, 1996, Ulbrich submitted a bid in the amount of $45,550.00 for construction of a dock enclosure at the Downers Grove Post Office. App. 18, 341. By letter dated November 25, 1996, Waner Enterprises, Inc. ("Waner") submitted a bid in the amount of $46,890.00 for construction of a dock enclosure at the Downers Grove Post Office. App. 18, 342.

51. By letter dated November 26, 1996, contracting officer Robert Rigsby issued a notice of intent to award a contract in

the amount of $46,890.00 to Waner for construction of a dock enclosure at the Downers Grove Post Office. App. 18, 343. On January 10, 1997, the USPS, through contracting officer Robert Rigsby, awarded a contract in the amount of $46,890.00 to Waner for construction of a dock enclosure at the Downers Grove Post Office. App. 18-19, 344.

52. LP, through Richard Battaglin, prepared a scope of work dated August 1, 1996 regarding the Downers Grove Post Office dock enclosure in the total amount of $36,564.99 and provided it to the USPS; Battaglin Exhibit No. 81 is a copy of this scope of work. App. 19, 348-49, 652-53, 567-68, 571 (Battaglin Dep. 302-10, 320-23). By letter dated December 3, 1996, Mr. Battaglin requested the bid results for the solicitation for the Downers Grove Post Office dock enclosure. App. 19, 345. Contracting officer Robert Rigsby did not respond in writing to the December 3, 1996 LP letter. App. 19, 346. By letter dated December 17, 1996, LP, through its attorney, submitted "a claim concerning the Downers Grove Post Office dock enclosure." App. 19, 346-50. In its letter, LP made a claim for damages in the amount of $10,000.00, the profit it allegedly would have earned had the contract been awarded to LP. App. 19, 347. By letter dated January 31, 1997, LP, through its attorney, withdrew its claim "with respect to the Downers Grove Dock Enclosure." App. 19, 351. As of January 31, 1997, the USPS had received only one claim from LP regarding the Downers Grove Post Office dock

enclosure, i.e., the letter of LP's attorney dated December 17, 1996. App. 19, 346-50. On January 31, 1997, LP, through its attorney, also withdrew its claim regarding the Paxton Post Office. App. 19, 492-504.

Brookfield Post Office Handicap Ramp

53. In June 1996, A.M. Fernandez prepared drawings for the handicap ramp at the Brookfield Post Office. App. 19-20, 332, 334. The USPS, through A.M. Fernandez, solicited the submission of bids for the installation of a handicap ramp at the Brookfield Post Office. App. 20, 332-34. By letter dated August 23, 1996, Ulbrich submitted a bid in the amount of $58,500.00 for installation of the handicap ramp at the Brookfield Post Office. App. 20, 332. By letter dated August 26, 1996, Janice Building Corp. submitted a bid in the amount of $64,500.00 for installation of the handicap ramp at the Brookfield Post Office. App. 20, 333. By letter dated August 26, 1996, Waner submitted a bid in the amount of $59,874.00 for installation of the handicap ramp at the Brookfield Post Office. App. 20, 334.

54. On September 10, 1996, the USPS, through contracting officer Robert Rigsby, awarded a contract in the amount of $59,874.00 to Waner for installation of the handicap ramp at the Brookfield Post Office. App. 20, 335-38. By letter dated September 18, 1996, the USPS directed Waner to proceed with installation of the handicap ramp at the Brookfield Post Office. App. 20, 339.

55. Battaglin Exhibit No. 76 is copies of scopes of work prepared by Richard Battaglin for the Brookfield dock enclosure and ramp in the total amount of $89,168.28 ($63,120.00 plus $26,048.28). App. 643-52, 563-64 (Battaglin Dep. 274-77). The first two pages of Battaglin Ex. 76 is a copy of LP's scope of work for the Brookfield concrete ramp and is in the amount of $63,120.00. Id.

Brookfield Dock Enclosure

56. In 1996, A.M. Fernandez prepared drawings for the dock enclosure at the Brookfield Post Office. App. 20, 325. The USPS solicited the submission of bids for the construction of the dock enclosure at the Brookfield Post Office. App. 20, 325, 329. By letter dated July 12, 1996, Janice Building Corp. submitted a bid in the amount of $64,632.00 for construction of the dock enclosure at the Brookfield Post Office. App. 20-21, 325, 328. By letter dated July 23, 1996, Ulbrich submitted a bid in the amount of $77,512.00 for construction of the dock enclosure at the Brookfield Post Office. App. 21, 329.

57. On August 2, 1996, the USPS, through contracting officer Robert Rigsby, awarded a contract in the amount of $64,632.00 to Janice Building Co. for construction of the dock enclosure at the Brookfield Post Office. App. 21, 324.

Momence Post Office

58. In August 1998, A.M. Fernandez supplied the USPS with drawings for the handicap ramp at the Momence Post Office, IL.

App. 21, 443.

59. In 1998, the USPS solicited bids for the installation of a handicap ramp at the Momence Post Office. App. 21, 442-46. By letter dated September 8, 1998, Ulbrich submitted its bid in the amount of $60,900.00 for installation of the handicap ramp at the Momence Post Office. App. 21, 443. By letter dated August 28, 1998, PNL Enterprises submitted its bid in the amount of $64,990.00 for installation of the handicap ramp at the Momence Post Office. App. 21, 442. On September 8, 1998, Somers Co., Inc. ("Somers") submitted its bid in the amount of $35,932.38 for installation of the handicap ramp at the Momence Post Office. App. 21, 444.

60. On or about September 21, 1998, the USPS, through contracting officer Robert Rigsby awarded a contract in the amount of $35,932.28 to Somers for installation of the handicap ramp at the Momence Post Office. App. 21-22, 449-54. By letter dated October 5, 1998, the USPS directed Somers to proceed with the installation of the ramp at the Momence Post Office. App. 22, 448. Prior to this contract award, the USPS had not awarded any contracts for the installation of the handicap ramp at the Momence Post Office. App. 22. At the time of the award of handicap ramp contract at the Momence Post Office in September 1998, LP's IQCs referred to in paragraph 2 both had lapsed. App. 22.

61. On February 8, 1999, the USPS awarded a work order

contract in the total amount of $34,895.63 to Somers for lobby renovation at the Momence Post Office under Somers's IQC with the USPS. App. 22, 457-64. Prior to this contract award, the USPS had not awarded any contracts for lobby renovation at the Momence Post Office. App. 22. At the time of the award of the lobby renovation contract at the Momence Post Office in February 1999, LP's IQCs referred to in paragraph 2 both had lapsed. App. 22.

62. Battaglin Exhibit No. 61 is a copy of a scope of work prepared by Richard Battaglin for the Momence Post Office. App. 598-03, 545 (Battaglin Dep. 181-83). Battaglin Exhibit No. 62 is copies of two scopes of work in the total amount of $46,388.00 ($28,533.40 plus $17,854.60), prepared by Richard Battaglin for the Momence Post Office. App. 604-11, 546-49 (Battaglin Dep. 184-97).

<u>Aroma Park Post Office</u>

63. In May 1999, A.M. Fernandez supplied the USPS with drawings for the renovation of the Aroma Park Post Office, IL. App. 22, 286-88.

64. In June 1999, the USPS solicited bids for the renovation of the Aroma Park Post Office per the drawings prepared by A.M. Fernandez. App. 22, 285-90. By letter dated June 10, 1999, Ulbrich submitted a bid in the amount of $163,900.00 for the renovation of the Aroma Park Post Office. App. 23, 286. By letter dated June 11, 1999, Phoenix submitted a bid in the amount of $169,725.00 for the renovation of the Aroma

Park Post Office. App. 23, 287. By letter dated June 14, 1999, PNL Enterprises submitted a bid in the amount of $154,719.00 for the renovation of the Aroma Park Post Office. App. 23, 288-89.

65. On August 28, 1999, the USPS, through contracting officer Larry Linnenburger of the Great Lakes Facilities Service Office, awarded a contract in the amount of $154,719.00 to PNL Enterprises for renovations at the Aroma Park Post Office per the drawings prepared by A.M. Fernandez. App. 23, 291-98. Prior to that time, the USPS had not awarded any contracts for the renovation of the Aroma Park Post Office. App. 23.

66. At the time of the award of the renovations contract at the Aroma Park Post Office in August 1999, LP's IQCs referred to in paragraph 2 both had lapsed. App. 23.

67. The amount of the contract award for the renovations at the Aroma Park Post Office – $154,719.00 – exceeded the level of contracting authority of the contracting officer at the USPS Central Illinois District and the award could not have been made by that office. App. 23-24, 283, 386.

68. Battaglin Exhibit No. 68 is a copy of a scope of work in the amount of $62,000, prepared by Richard Battaglin in September 1995 for the Aroma Park Post Office. App. 618-25, 554-44 (Battaglin Dep. 221-24). The project proposed by LP in Battaglin Exhibit No. 68 is more limited than the work done by PNL Enterprises under its USPS contract for the Aroma Park Post Office in the total amount of $154,719.00. App. 665

(Linnenberger Dep. 25)("Q. . . . [D]o these work descriptions [referring to Southern Ex. 20, LP's scope of work for Aroma Park (App. 669-75)] generally mirror the work that you oversaw on the Aroma Park project that you were project manager for? A. I would say no.").

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor, 1100 L. St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

Of Counsel:
STEPHEN D. LOBAUGH
United States Postal Service

January 14, 2005

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 14th day of January 2005, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" and accompanying appendix was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s DOMENIQUE KIRCHNER