IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| L.P. CONSULTING GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 98-868C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Allegra) |
| | ) | |
| Defendant. | ) | |

DECLARATION OF TERRI JACOBSEN

I, Terri Jacobsen, under penalty of perjury, do hereby state that the following statement is true and correct to the best of my knowledge and belief:

1. I am a contracting officer with the United States Postal Service ("USPS" of the "Postal Service"). My office is located at the Great Lakes Facilities Service Office in Bloomingdale, IL.

2. Most recently, I have been a contracting officer since August 27, 2001, and my current warrant is for five million dollars. Prior to this, I also was a contracting officer as the Manager of Contracting of Support - Chicago Facilities Service Center in 1990-1992. Copies of the documents specifically referenced in my declaration are attached and are referred to as "App. ___."

3. In May 1994, the USPS awarded LP Consulting Group, Inc. ("LP") an Indefinite Quantity Contract No. 162640-94-B-0083. App. 41-49. The contract had a two-year term. App. 37.

4. Thereafter, LP had two Indefinite Quantity Contracts ("IQCs") with the Postal Service, contracts numbered 162640-96-B-

0094 and 162640-96-B-0098. App. 52-153, 155-256. The USPS entered into these two IQCs with LP on June 6, 1996, and June 3, 1996, respectively. App. 52, 54, 155, 157. Both IQCs had two-year terms and required a minimum of $10,000.00 in work during the term. App. 57, 64, 160, 167.

5. In this lawsuit, LP and its vice president Richard Battaglin are claiming that the Postal Service failed to issue LP work order contracts for 12 projects. By letter to the contracting officer dated March 3, 1998, LP submitted a claim in connection with (1) the Berwick Modular Post Office, (2) the Hoopeston handicap ramp, (3) the Downers Grove dock enclosure, and (4) the Brookfield ramp and dock enclosure. App. 32-34. This was resubmitted on April 13, 1998 with a certification. App. 26.

6. By letter to the contracting officer dated April 13, 1998, LP submitted another claim in connection with (5) the Aroma Park interior lobbies and building renovation, (6) the Beaverville lobby and building renovation, (7) the Bradley concrete ramp, lobbies and building renovation, (8) the East Lynn building renovation, (9) the Momence concrete ramp and lobby renovations, (10) the Papineau interior renovation and concrete ramp, (11) the St. Anne concrete and asphalt and interior renovations, and (12) the Union Hill interior and exterior ramp. App. 29-31.

7. By letter dated August 11, 1998, LP submitted to the contracting officer amended certifications for the claims previously submitted in LP's letters dated March 3, 1998 and April 13, 1998. App. 26-28.

8. I have reviewed the Postal Service's files and records for information regarding LP's IQC contracts referred to above. I have had access to the Postal Service's files and records concerning all of the construction projects in the Central Illinois District. I also have reviewed the Postal Service's files and records for any information pertinent to the following projects referred to in LP's claims: (1) the Berwick Modular Post Office; (2) the Hoopeston handicap ramp; (3) the Downers Grove dock enclosure; (4) the Brookfield ramp and dock enclosure; (5) the Aroma Park interior lobbies and building renovation; (6) the Beaverville lobby and building renovation; (7) the Bradley concrete ramp, lobbies and building renovation; (8) the East Lynn building renovation; (9) the Momence concrete ramp and lobby renovations; (10) the Papineau interior renovation and concrete ramp; (11) St. Anne concrete and asphalt and interior renovations; and (12) the Union Hill interior and exterior ramp. I am providing this statement based upon my review of such documents and information.

LP's IQC Contracts

9. Former contracting officer Robert Rigsby was designated

as the USPS contracting officer with authority to issue work orders under LP's IQC contracts. App. 50, 52, 155, 385-86. During the 1995-1999 time frame, none of the following individuals possessed any contracting authority: Bruce Rothermel, Paul Steiner, Lois Gunlogson, Jesse McNabb, and Catherine Marks. Samuel Southern, a USPS Facilities Specialist, first received contracting authority on March 16, 1999 and, prior to that time, he did not have any contracting authority. App. 282-83.

10. LP's IQC contracts were indefinite quantity contracts and both contained the "Quantity of Work" clause which provided as follows:

> a. The initial contract value is $300,000 where the total quantity of work ordered during the term of this contract will not be less than $10,000 nor more than one million dollars ($1,000,000). . . .
>
> d. The Postal Service reserves the right to undertake, by Postal Service sources or others, the same type of work or similar work as contracted for in this contract, in the area covered by this contract, while this contract is in force.

App. 57, 160.

11. LP's two IQC contracts contained a price schedule and the "contractor agree[d] to perform all work included or ordered pursuant to and in accordance with the terms of the conditions of the contract for the unit prices listed on the price schedule

times the multiplier listed below:. . . multiplier: .850." App. 54, 157.

12. LP's IQC contracts both provided that "work will be done on work orders issued as required" and stated as follows:

> The price per unit of each proposal item in this contract will include all materials, labor, and equipment required to perform the work described in the attached specification. The work will be done on work orders issued as required for various amounts and types of work covered by the specification. The work ordered under this contract will be performed in, on, or adjacent to Postal Service-owned or -leased facilities within the geographic area as specified elsewhere in this solicitation.

App. 64, 167. LP's two IQC contracts contained specific provisions for the issuance of "Work Orders," which stated as follows:

> a. No work will be performed until a written work order has been signed by the contracting officer and written Notice to Proceed with the work under the work order has been issued by the contracting officer and received by the contractor. Any work performed by the contractor under a work order before receipt of the written Notice to Proceed for that work order will be at the contractor's own risk.
>
> b. Each work order will describe the extent of work to be removed and the extent and type of new work to be installed. Descriptions may be written, by sketch or by drawing. Each work order will give the location where work is to be performed, state whether work may be performed during regular working hours, and describe the requirements for submittals. Submittals may include

> certificates, shop drawings, manufacturer's literature, data, test reports, and/or other documents that provide required information on the material or equipment.
>
> c. Each work order will be limited to work at a single facility. . . .
>
> g. The maximum amount of any one work order is $250,000.
>
> h. No work may be ordered for a new building construction except for site preparation and/or foundation work for a preengineered building purchased directly from the manufacturer.

App. 65, 168.

13. LP received more than the contract minimum of $10,000.00 in work during the term of each IQC contract. App. 381, 410-22.

<u>Best Value To Postal Service</u>

14. Postal Service policy directs contracting officers to award contracts to the offeror who offers the best value to the Postal Service. Specifically, the USPS Procurement Manual (Publication 41), effective July 12, 1995, directs that "[s]implified purchases are awarded to the proposer or quoter who offers the best value to the Postal Service. Depending on the product or service being purchased and the needs of the requiring organization, best value is obtained by basing the award on price or a combination of price with price-related factors, other evaluation factors, or both." App. 260. The Procurement Manual

further requires that "[p]roposals or quotations must be solicited from a sufficient number of qualified sources (normally at least three) to ensure that the price is fair and reasonable." App. 260.

15. The USPS Purchasing Manual (Issue 1), effective January 31, 1997, replaced the Procurement Manual and the provisions for simplified purchases were replaced by the section entitled "Commercial Purchasing." App. 265-73. The Purchasing Manual directs contracting officers that awards be made to suppliers offering the best value to the Postal Service. The Purchasing Manual directs that "[t]he supplier-specific performance evaluation factors of past performance and supplier capability must always be evaluated when determining which suppliers of commercial items offer the best value to the Postal Service. Evaluations also must consider price." App. 267. Further, "[f]or many commercial items the supplier-specific performance evaluation factors and price should be sufficient to determine which supplier is offering the best value to the Postal Service." App. 270. The Purchasing Manual also directs that "[p]roposals or quotations must be solicited from a sufficient number of qualified suppliers to ensure adequate competition." App. 267.

16. USPS contracts must contain a termination for convenience clause. Specifically, the Design and Construction Handbook, RE-14 TL 4, dated June 1991, requires that all

contracts contain a termination for convenience clause. App. 274, 275, 279. The Purchasing Manual also requires that all contracts for commercial items contain a termination for convenience clause. App. 270, 272.

East Lynn Post Office

17. The USPS has not awarded a contract for the building renovation project at the East Lynn Post Office, IL.

Beaverville Post Office

18. The USPS has not awarded a contract for a lobby and building renovation project at the Beaverville Post Office, IL.

Papineau Post Office

19. The USPS has not awarded a contract for interior renovation and concrete ramp at the Papineau Post Office, IL.

St. Anne Post Office

20. The USPS has not awarded a contract for concrete, asphalt, and interior renovations at the St. Anne Post Office, IL.

Union Hill Post Office

21. The USPS has not awarded a contract for the interior and exterior ramp at the Union Hill Post Office, IL.

Berwick Modular Post Office

22. In 1996, the USPS solicited bids for (1) the site adaptation and preparation for the Berwick Modular Post Office and (2) the site adaptation and preparation for the St. David

Modular Post Office. App. 302-03, 305-07, 466-71. On October 24, 1996, WM. Aupperle and Sons Inc. ("WM. Aupperle") submitted a bid to the USPS for the site adaptation and preparation of the Berwick Post Office. App. 302-03. On October 23, 1996, WM. Aupperle submitted a bid to the USPS in the amount of $43,087.00 for the St. David Post Office. App. 470-71.

23. On or about September 17, 1996, LP, through Richard Battaglin, submitted draft work orders to the USPS for (1) the site adaptation and preparation for the Berwick Modular Post Office, and (2) the site adaptation and preparation for the St. David Post Modular Office. App. 305-07, 466-69. LP's draft work order for the Berwick Post Office was in the total amount of $30,660.83. App. 305-07. LP's draft work order for the St. David Post Office was in the total amount of $37,904.86. App. 466-69.

24. On November 26, 1996, the USPS, through contracting officer Robert Rigsby, awarded a contract in the amount of $29,165.00 for the site adaptation and preparation work for the Berwick Post Office to WM. Aupperle. App. 304.

25. In December 1996, the USPS, through contracting officer Robert Rigsby, awarded the site adaptation and preparation work for the St. David Post Office to LP as a work order under its IQC contract no. 162640-96-B-0094, for the total amount of $31,932.63. App. 472-77. By letter dated December 17, 1996,

contracting officer Robert Rigsby directed LP to begin work and to complete the work in 30 days from its receipt of the notice to proceed. App. 478.

Hoopeston Post Office Handicap Ramp

26. By letter dated August 12, 1996, in response to an oral request from contracting officer Robert Rigsby, the Architect/Engineer firm of A.M. Fernandez and Associates ("A.M. Fernandez"), which held a Basic A/E Indefinite Quantity Contract with the USPS, wrote the contracting officer confirming that it would determine the best location for an accessibility ramp, prepare design drawings, and obtain at least three estimates from prospective contractors to enable the contracting officer to award a contract for the installation of a ramp at various postal facilities, all by September 4, 1996. App. 387-94. The postal offices identified in the letter included the Hoopeston Post Office, the Bradley Post Office, and the Paxton Post Office. App. 393-94.

27. Bids were submitted by September 4, 1996 for the installation of a handicap ramp at the Hoopeston Post Office. App. 393, 355-58. By letter dated September 3, 1996, Ulbrich & Associates, Inc. ("Ulbrich") bid $88,179.00 for the project. App. 358. By letter dated August 28, 1996, PNL Enterprises, Inc. ("PNL Enterprises") bid $88,500.00 for the project. App. 357. By letter dated September 3, 1996, Phoenix Construction Co., Inc.

("Phoenix") bid $88,350.00 for the project. App. 356. By letter dated August 31, 1996, Ramcorp, Inc. ("Ramcorp") bid $97,854.00 for the project. App. 355.

28. On September 5 and 6, 1996, the USPS solicited best and final offers for installation of the handicap ramp at the Hoopeston Post Office. App. 359-68. The responses to the USPS's request for best and final offers for installation of the handicap ramp at the Hoopeston Post Office were bids ranging between $85,000.00 and $97,854.00: Ulbrich bid $85,000.00; PNL Enterprises bid $85,500.00; Ramcorp bid $97,854.00 (no change); and Phoenix bid $88,350 (no change). App. 359-68.

29. By letter to the USPS dated September 20, 1996, A.M. Fernandez estimated the costs for installation of a handicap ramp at the Hoopeston Post Office to be $96,600.00. App. 369.

30. By letter dated May 28, 1997, the USPS, through contracting officer Robert Rigsby, notified Ulbrich of its intent to award it a contract for $85,000.00 for installation of the handicap ramp at the Hoopeston Post Office. App. 370a.

31. On July 25, 1997, the USPS awarded a contract in the amount of $85,000.00 to Ulbrich for installation of the handicap ramp at the Hoopeston Post Office. App. 371-72, 401-06.

32. LP was not invited to bid on the installation of the ramp at the Hoopeston Post Office. App. 379.

33. In late April 1997, Mr. Battaglin visited the office of

contracting officer Robert Rigsby and noticed a drawing for the Hoopeston handicap ramp and asked if he could take the drawing. App. 379. Mr. Rigsby informed Mr. Battaglin that it was too late to bid on the Hoopeston handicap ramp, but allowed Mr. Battaglin to take the drawing. App. 379.

34. On or about May 19, 1997, Mr. Battaglin provided to Mr. Rigsby a bid of $62,752.00 for installation of the handicap ramp at the Hoopeston Post Office. App. 370. Mr. Rigsby informed Mr. Battaglin that his bid for installation of the handicap ramp at the Hoopeston Post Office was too late. App. 379. By letter dated May 21, 1997, Mr. Battaglin reiterated LP's bid of $62,752.00 for installation of the handicap ramp at the Hoopeston Post Office. App. 370.

35. By letter dated July 25, 1997, LP submitted to the USPS a bid protest of its award of the contract for the handicap ramp at the Hoopeston Post Office. App. 373-75.

36. By letter dated September 10, 1997, contracting officer Robert Rigsby responded to LP's bid protest. App. 378-437. In his letter, contracting officer Rigsby among other things stated:

> 1. . . . The attached solicitation documentation clearly shows that in early August 1996 the USPS acquired the services of A.M. Fernandez & Associates, Architects/Engineers to prepare design drawings for 28 ramps, make distribution to contractors, obtain a minimum of three cost estimates for each facility, and complete all work by September 4, 1996. All bids were

> received by the USPS by the September 4, 1996 deadline and best and final bids were solicited by an acting contract technician on September 5 and 6, 1996. . . .
>
> 2. The Hoopeston ramp was awarded on July 25, 1997 for $85,000 to Ulbrich & Associates, Inc. who offered the best value to the USPS. The reason for the delay in awarding the Hoopeston ramp was due to an excessively heavy workload and a backlog of other projects.
>
> 3. L.P. Consulting Group, Inc. was not invited to bid during this solicitation process. However, in late April, 1997 Mr. Battaglin (L.P. Consulting Group, Inc.) visited my office to drop off some documents and as he was leaving he noticed a drawing for the Hoopeston Ramp on a table near the door and said, "Can I take one of these," and I replied, "It is too late to bid, all decisions have been made," and he said, "Oh that's okay, I just want to see the difference between this and Paxton." In the spirit of cooperation, I permitted him to take the drawing, and on May 19, 1997 I received a bid for the project. I later saw Mr. Battaglin and again explained to him that his bid was "too late" and he replied, "I know, I just wanted you to have it anyway."
>
> . . . .
>
> 10. . . . Since June 7, 1996 to present, a total of $525,609.28 in IQC work orders have been issued to L.P. Consulting Group, Inc. and $1,127,144.67 was issued prior to June 7, 1996. In addition, our records indicate that $119,235.67 was issued in simplified contracts for a grand total of $1,771.989.62.

App. 379-81. Mr. Rigsby also stated that, on June 4, 1997, he had issued LP "a letter demanding that <u>no visits be made</u> to any post office unless directed to do so by the Contracting Officer."

App. 381, 437.

37. On October 1, 1997, the USPS issued its decision on LP's bid protest. App. 438-40. The USPS stated as follows:

> Although the issue of timeliness has not been raised by any party to this proceeding, we do so sua sponte because the failure to file a timely protest in accordance with our regulations constitutes a jurisdictional defect which requires that the protest be dismissed. See Holmes Construction Co., Inc., P.S. Protest No. 92-02, February 23, 1992, and decisions cited therein. Purchasing Manual (PM) 3.6.4.d requires that a protest be received not later than ten days after the basis of the protest is known or should have been known. The contracting officer advised Consulting both in April and on May 19 that its proposal would not be accepted. That advice established the basis for Consulting's protest and began the time period within which a protest could be lodged. Ibid. Consulting's protest, received three months after it knew of the basis for its protest, is clearly untimely. Had Consulting's protest been timely it would have been denied. Best and final offers to construct the Hoopeston handicap ramp were received by the Postal Service on September 5 and 6, 1996. Consulting's proposal to construct the ramp was submitted over eight months later. While Procurement Manual 4.2.3.d.2 provides that it is normally in the interest of the Postal Service to consider a late proposal when it offers a significant cost benefit, the regulation also states that "[i]t is not in the interest of the Postal Service to consider any proposal received so late that consideration of the proposal would jeopardize, or give the appearance of jeopardizing, the integrity of the competitive process." It was well within the contracting officer's discretion to conclude that consideration of Consulting's late proposal would give the appearance of

> jeopardizing the integrity of the competitive process. Ibid.

App. 439-40 The USPS dismissed the bid protest.

Bradley Post Office Handicap Ramp

38. The USPS, through A.M. Fernandez, solicited bids for the installation of a handicap ramp at the Bradley Post Office to be submitted by September 4, 1996. App. 309-12. By letter dated August 30, 1996, Phoenix submitted a bid in the amount of $51,700.00 for installation of the handicap ramp at the Bradley Post Office. App. 312. By letter dated August 28, 1996, Ramcorp submitted a bid in the amount of $53,210.00 for installation of the handicap ramp at the Bradley Post Office. App. 310. By letter dated August 28, 1996, PNL Enterprises submitted a bid in the amount of $48,500.00 for installation of the handicap ramp at the Bradley Post Office. App. 309. By letter dated August 29, 1996, Ulbrich submitted a bid in the amount of $47,420.00 for installation of the handicap ramp at the Bradley Post Office. App. 311.

39. On September 5 and 6, 1996, the USPS solicited best and final offers for installation of the handicap ramp at the Bradley Post Office. App. 313-15, 312. The contractors responded to the USPS's request for best and final offers for installation of the handicap ramp at the Bradley Post Office as follows: Ulbrich bid $47,400.00; PNL Enterprises bid $48,300.00; Ramcorp bid

$53,210.00 (no change), and Phoenix bid $51,700.00 (no change). App. 313-15, 312.

40. In August and September 1996, LP was not invited to bid on the installation of the ramp at the Bradley Post Office. App. 379.

41. By letter dated August 22, 1997, the USPS, through contracting officer Robert Rigsby, notified Ramcorp of its intent to award a contract in the amount of $53,210.00 for installation of the handicap ramp at the Bradley Post Office. App. 316. By letter dated October 23, 1997 and acknowledged by Ramcorp on November 21, 1997, the USPS, through contracting officer Robert Rigsby, provided Ramcorp with an executed contract in the amount of $53,210.00 for installation of the handicap ramp at the Bradley Post Office and directed Ramcorp to proceed with the work. App. 317-22.

Paxton Post Office Handicap Ramp

42. In August 1996, A.M. Fernandez supplied the USPS with drawings for a handicap ramp at the Paxton Post Office, IL. App. 481-84.

43. The USPS, through A.M. Fernandez, solicited bids for installation of the handicap ramp at the Paxton Post Office. App. 481-85. By letter dated August 28, 1996, PNL Enterprises submitted a bid in the amount of $47,250.00 for installation of the handicap ramp at the Paxton Post Office. App. 481-82. By

letter dated August 29, 1996, Ramcorp submitted a bid in the amount of $51,975.00 for installation of the handicap ramp at the Paxton Post Office. App. 483. By letter dated August 30, 1996, Ulbrich submitted a bid in the amount of $45,604.00 for installation of the handicap ramp at the Paxton Post Office. App. 484. By letter dated September 3, 1996, Phoenix submitted a bid in the amount of $52,000.00 for installation of the handicap ramp at the Paxton Post Office. App. 485.

44. On September 5 and 6, 1996, the USPS solicited best and final offers for installation of the handicap ramp at the Paxton Post Office. App. 486-88, 485. The contractors responded to the USPS's request for best and final offers for installation of the handicap ramp at the Paxton Post Office as follows: Ulbrich bid $45,600.00; PNL Enterprises bid $47,000.00; Ramcorp bid $51,975.00 (no change); and Phoenix bid $52,000.00 (no change). App. 486-88, 485.

45. In August and September 1996, LP was not invited to bid on the installation of the handicap ramp at the Paxton Post Office. App. 379.

46. By letter dated April 30, 1997, LP submitted to contracting officer Robert Rigsby a bid in the amount of $42,000.00 for installation of the handicap ramp at the Paxton Post Office in accordance with the drawings of A.M. Fernandez. App. 489. By letter dated June 12, 1997, contracting officer

Robert Rigsby notified LP that the USPS intended to award it a contract for installation of the handicap ramp at the Paxton Post Office. App. 490. On June 28, 1997, the USPS, through contracting officer Robert Rigsby, awarded LP a contract in the amount of $42,000.00 for installation of the handicap ramp at the Paxton Post Office. App. 491.

Downers Grove Post Office Dock Enclosure

47. In November 1996, A.M. Fernandez provided the USPS with sketches concerning the dock area at the Downers Grove Post Office. App. 341-42. The USPS, through A.M. Fernandez, solicited bids for construction of the dock enclosure at the Downers Grove Post Office. App. 341-42. By letter dated November 20, 1996, Ulbrich submitted a bid in the amount of $45,550.00 for construction of the dock enclosure at the Downers Grove Post Office. App. 341. By letter dated November 25, 1996, Waner Enterprises, Inc. ("Waner") submitted a bid in the amount of $46,890.00 for construction of the dock enclosure at the Downers Grove Post Office. App. 342.

48. By letter dated November 26, 1996, contracting officer Robert Rigsby issued a notice of intent to award a contract in the amount of $46,890.00 to Waner for construction of the dock enclosure at the Downers Grove Post Office. App. 343. On January 10, 1997, the USPS, through contracting officer Robert Rigsby, awarded a contract in the amount of $46,890.00 to Waner

for construction of the dock enclosure at the Downers Grove Post Office. App. 344.

49. LP, through Richard Battaglin, prepared a draft work order dated August 1, 1996 regarding the Downers Grove Post Office dock enclosure in the total amount of $36,564.99 and provided it to the USPS. App. 348-49. By letter dated December 3, 1996, Mr. Battaglin requested the bid results for the solicitation for the Downers Grove Post Office dock enclosure. App. 345. Contracting officer Robert Rigsby did not respond in writing to the December 3, 1996 letter. App. 346. By letter dated December 17, 1996, LP, through its attorney, submitted "a claim concerning the Downers Grove Post Office dock enclosure." App. 346-50. In its letter, LP made a claim for damages in the amount of $10,000.00, the profit it allegedly would have earned had the contract been awarded to LP. App. 347. By letter dated January 31, 1997, LP, through its attorney, withdrew its claim "with respect to the Downers Grove Dock Enclosure." App. 351. As of January 31, 1997, the USPS had received only one claim from LP regarding the Downers Grove Post Office dock enclosure, i.e., the letter of LP's attorney dated December 17, 1996. App. 346-50. On January 31, 1997, LP, through its attorney, also withdrew its claim regarding the Paxton Post Office. App. 492-504.

Brookfield Post Office Handicap Ramp

50. In June 1996, A.M. Fernandez prepared drawings for the

handicap ramp at the Brookfield Post Office. App. 332, 334. The USPS, through A.M. Fernandez, solicited the submission of bids for the installation of a handicap ramp at the Brookfield Post Office. App. 332-34. By letter dated August 23, 1996, Ulbrich submitted a bid in the amount of $58,500.00 for installation of the handicap ramp at the Brookfield Post Office. App. 332. By letter dated August 26, 1996, Janice Building Corp. submitted a bid in the amount of $64,500.00 for installation of the handicap ramp at the Brookfield Post Office. App. 333. By letter dated August 26, 1996, Waner submitted a bid in the amount of $59,874.00 for installation of the handicap ramp at the Brookfield Post Office. App. 334.

51. On September 10, 1996, the USPS, through contracting officer Robert Rigsby, awarded a contract in the amount of $59,874.00 to Waner for installation of the handicap ramp at the Brookfield Post Office. App. 335-38. By letter dated September 18, 1996, the USPS directed Waner to proceed with installation of the handicap ramp at the Brookfield Post Office. App. 339.

Brookfield Dock Enclosure

52. In 1996, A.M. Fernandez prepared drawings for the dock enclosure at the Brookfield Post Office. App. 325. The USPS solicited the submission of bids for the construction of the dock enclosure at the Brookfield Post Office. App. 325, 329. By letter dated July 12, 1996, Janice Building Corp. submitted a bid

in the amount of $64,632.00 for construction of the dock enclosure at the Brookfield Post Office. App. 325, 328. By letter dated July 23, 1996, Ulbrich submitted a bid in the amount of $77,512.00 for construction of the dock enclosure at the Brookfield Post Office. App. 329.

53. On August 2, 1996, the USPS, through contracting officer Robert Rigsby, awarded a contract in the amount of $64,632.00 to Janice Building Co. for construction of the dock enclosure at the Brookfield Post Office. App. 324.

<u>Momence Post Office</u>

54. In August 1998, A.M. Fernandez supplied the USPS with drawings for the handicap ramp at the Momence Post Office, IL. App. 443.

55. In 1998, the USPS solicited bids for the installation of a handicap ramp at the Momence Post Office. App. 442-46. By letter dated September 8, 1998, Ulbrich submitted its bid in the amount of $60,900.00 for installation of the handicap ramp at the Momence Post Office. App. 443. By letter dated August 28, 1998, PNL Enterprises submitted its bid in the amount of $64,990.00 for installation of the handicap ramp at the Momence Post Office. App. 442. On September 8, 1998, Somers Co., Inc. ("Somers") submitted its bid in the amount of $35,932.38 for installation of the handicap ramp at the Momence Post Office. App. 444.

56. On or about September 21, 1998, the USPS, through

contracting officer Robert Rigsby awarded a contract in the amount of $35,932.28 to Somers for installation of the handicap ramp at the Momence Post Office. App. 449-54. By letter dated October 5, 1998, the USPS directed Somers to proceed with the installation of the ramp at the Momence Post Office. App. 448. Prior to this contract award, the USPS had not awarded any contracts for the installation of the handicap ramp at the Momence Post Office. At the time of the award of handicap ramp contract at the Momence Post Office in September 1998, LP's IQC contracts referred to in paragraph 4 both had lapsed.

57. On February 8, 1999, the USPS awarded a work order contract in the total amount of $34,895.63 to Somers for lobby renovation at the Momence Post Office under Somers's IQC contract with the USPS. App. 457-64. Prior to this contract award, the USPS had not awarded any contracts for lobby renovation at the Momence Post Office. At the time of the award of the lobby renovation contract at the Momence Post Office in February 1999, LP's IQC contracts referred to in paragraph 4 both had lapsed.

<u>Aroma Park Post Office</u>

58. In May 1999, A.M. Fernandez supplied the USPS with drawings for the renovation of the Aroma Park Post Office, IL. App. 286-88.

59. In June 1999, the USPS solicited bids for the renovation of the Aroma Park Post Office per the drawings

prepared by A.M. Fernandez. App. 285-90. By letter dated June 10, 1999, Ulbrich submitted a bid in the amount of $163,900.00 for the renovation of the Aroma Park Post Office. App. 286. By letter dated June 11, 1999, Phoenix submitted a bid in the amount of $169,725.00 for the renovation of the Aroma Park Post Office. App. 287. By letter dated June 14, 1999, PNL Enterprises submitted a bid in the amount of $154,719.00 for the renovation of the Aroma Park Post Office. App. 288-89.

60. LP was not invited to bid on renovation of the Aroma Park Post Office and did not bid on the project. App. 285-90.

61. On August 28, 1999, the USPS, through contracting officer Larry Linnenburger of the Great Lakes Facilities Service Office, awarded a contract in the amount of $154,719.00 to PNL Enterprises for renovations at the Aroma Park Post Office per the drawings prepared by A.M. Fernandez. App. 291-98. Prior to that time, the USPS had not awarded any contracts for the renovation of the Aroma Park Post Office.

62. At the time of the award of the renovations contract at the Aroma Park Post Office in August 1999, LP's IQC contracts referred to in paragraph 4 both had lapsed.

63. The amount of the contract award for the renovations at the Aroma Park Post Office - $154,719.00 - exceeded the level of contracting authority of the contracting officer at the Central Illinois District and the award could not have been made by that

office. App. 283, 386.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1/12/05.

Terri H Jacobsen

Terri Jacobsen 1/12/2005

# CLAIMS

Friedman Sinar & Rohlfing
Attorneys at Law
200 West Madison Street, Suite 2500
Chicago Illinois 60606
(312) 855-5399
Fax (312) 368-5821

Kori M. Bazanos
(312) 855-3895

August 11, 1998

E-Mail Address
FSRLAW@AOL.com

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**RECEIPT NO. Z 070 603 889**
Mr. Robert Rigsby
Manager, Administrative Services
United States Postal Service
Central Illinois District
6801 West 73rd Street
Bedford Park, Illinois 60499-9991

**Re: L.P. Consulting, Inc.'s claims against the United States Postal Service ("USPS") of March 3, 1998 and April 13, 1998**

Dear Mr. Rigsby:

We represent L.P. Consulting Group Inc. ("L.P. Consulting"). We previously submitted claims against the United States Postal Service ("USPS") on behalf of our client. Claims were submitted by letter dated March 3, 1998 in connection with Berwick Modular Post Office, Hoopeston Ramp Project, Downers Grove Dock Enclosure and Brookfield Ramp & Dock Enclosure, and resubmitted on April 13, 1998 with a certification.

Additional claims in connection with Aroma Park Interior Lobbies and Building Renovation, Beaverville Lobby and Building Renovation, Bradley Concrete Ramp, Lobbies and Building Renovation, East Lynn Building Renovation, Momence Concrete Ramp and Lobby Renovation, Papineau Interior Renovation and Concrete Ramp, St. Anne Concrete and Asphalt and Interior Renovations, and Union Hill Interior and Exterior Ramp were submitted by letter dated April 13, 1998. L.P. Consulting's position is that the claims do not require certification. Notwithstanding our position, the aforementioned claims were submitted with certifications.

In July, 1998, Mr. Cary Katznelson, staff attorney with the USPS, advised the undersigned during a telephone conversation, that the USPS has taken a position that the certifications attached to L.P. Consulting's claims were defective.

Battaglia DEP. EX. NO. 83
FOR I.D., AS OF 6/11/04 KL



(R) 8/17/98

In response to that conversation, without waiving our position that the claims do not require certification, we are submitting the enclosed amended certification to the claims previously submitted to the USPS by letter dated March 3, 1998 and April 13, 1998.

Sincerely,

Kori M. Bazanos

KMB:
cc: L.P. Consulting Group, Inc.
James T. Rohlfing, Esq.

**CERTIFICATION**

I, Richard A. Battaglin, certify that the previously submitted claim listed below, a copy of which is attached hereto, and incorporated herein by reference, is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

Claim submitted by letter dated March 3, 1998, to Contracting Officer Robert Rigsby, and received by Mr. Rigsby on March 11, 1998, a copy of which is attached hereto and incorporated herein by reference:

Berwick Modular Post Office
Hoopeston Ramp Project
Downers Grove Dock Enclosure
Brookfield Ramp & Dock Enclosure

Claim submitted by letter dated April 13, 1998, to Contracting Officer Robert Rigsby, and received by Mr. Rigsby on April 15, 1998, a copy of which is attached hereto and incorporated herein by reference:

Aroma Park Interior Lobbies and Building Renovation
Beaverville Lobby and Building Renovation
Bradley Concrete Ramp, Lobbies and Building Renovation
East Lynn Building Renovation
Momence Concrete Ramp and Lobby Renovation
Papineau Interior Renovation and Concrete Ramp
St. Anne Concrete and Asphalt and Interior Renovations
Union Hill Interior and Exterior Ramp

Richard A. Battaglin

Friedman Sinar & Rohlfing
Attorneys at Law
200 West Madison Street, Suite 2500
Chicago Illinois 60606
(312) 855-5399
Fax (312) 368-5821

James T. Rohlfing
(312) 855-5383

E-Mail Address
FSRLAW@AOL.com

April 13, 1998

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**RECEIPT NO. P 851 275 733**

Mr. Robert Rigsby
Manager, Administrative Services
United States Postal Service
Central Illinois District
6801 West 73rd Street
Bedford Park, Illinois 60499-9991

Re: **Claims by L.P. Consulting Group, Inc. against United States Postal Service**

Dear Mr. Rigsby:

On behalf of our client, L.P. Consulting Group, Inc. ("L.P. Consulting") we hereby submit to you, as contracting officer for the United States Postal Service ("USPS"), the following claims against the USPS in connection with damages sustained by L.P. Consulting resulting from the USPS's breach of implied contracts and failure to follow postal procurement procedures:

| Project Name | Work Order Amount | Lost Profit |
|---|---|---|
| Aroma Park Interior Lobbies and Building Renovation | $62,000.00 | $12,466.00 |
| Beaverville Lobby and Building Renovation | $24,758.00 | $4,736.00 |
| Bradley Concrete Ramp, Lobbies and Building Renovation | $187,352.00 | $31,449.00 |
| East Lynn Building Renovation | $32,775.00 | $5,280.00 |
| Momence Concrete Ramp and Lobby Renovation | $46,388.00 | $7,800.00 |
| Papineau Interior Renovation and Concrete Ramp | $43,442.00 | $6,311.00 |
| St. Anne Concrete and Asphalt and Interior Renovations | $41,691.00 | $7,360.00 |
| Union Hill Interior and Exterior Ramp | $36,110.00 | $5,608.00 |
| **Total** | **$474,516.00** | **$81,010.00** |

With respect to each of the above claims, L.P. Consulting was requested to provide a work order pursuant to its indefinite quantity contract, and it provided a work order after the applicable research and communication with your office. In each case, the work order was provided with the express or implied understanding that the work would be given to

L.P. Consulting. On information and belief, in at least some of the above cases, the work was awarded to another contractor. As a result of your office's failure to follow postal procurement procedures and breach of its implied contracts, L.P. Consulting has been damaged in the amount of $81,010.

Pursuant to the above, L.P. Consulting Group, Inc. hereby makes a claim or claims under the Contract Disputes Act of 1978, in the total amount of $81,010 to recover the losses sustained as described above.

We hereby request a decision within sixty calendar days of your receipt of this claim. Also, pursuant to the Freedom of Information Act, we request a copy of the written notice of award on each of the above eight projects. Incidentally, as we have pointed out before, L.P. Consulting is also entitled to receive the Notice of Award pursuant to section 4.4.3.a.15(b) of the USPS Purchasing Manual. Therefore, we request that the requested information be provided both under the Freedom of Information Act and postal procurement procedures.

We would appreciate your prompt response and invite you to call with any questions that you may have.

Truly yours,

James T. Rohlfing

JTR:kc
cc: L.P. Consulting Group, Inc.

VERIFICATION

Richard A. Battaglin, a duly authorized officer of L.P. Consulting Group, Inc., being first duly sworn upon his oath, deposes and states that the above and foregoing claim of L.P. Consulting Group, Inc., dated this 7TH day of April, 1998, is true and correct in substance and in fact.

Richard A. Battaglin

Richard A. Battaglin

SUBSCRIBED AND SWORN to
before me this 7th day
of April, 1998.

Anna E Wilma

Notary Public

OFFICIAL SEAL
ANNA E WILMA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/04/99

Friedman Sinar & Rohlfing
Attorneys at Law
200 West Madison Street, Suite 2500
Chicago Illinois 60606
(312) 855-5399
Fax (312) 368-5821

James T. Rohlfing
(312) 855-5383

E-Mail Address
FSRLAW@AOL.com

March 3, 1998

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**RECEIPT NO. Z 041 263 249**

Mr. Robert Rigsby
Manager, Administrative Services
United States Postal Service
Central Illinois District
6801 West 73rd Street
Bedford Park, Illinois 60499-9991

Re: **L.P. Consulting Group, Inc., Claims Concerning Berwick Modular Post Office, Hoopeston Ramp Project, Downers Grove Dock Enclosure and Brook field Ramp and Dock Enclosure**

Dear Mr. Rigsby:

We represent L.P. Consulting Group, Inc. ("L.P. Consulting") concerning its claims against the United States Postal Service ("USPS") in connection with damages sustained by L.P. Consulting resulting from the USPS's failure to follow postal procurement procedures with respect to each claim as follows:

1. Berwick Modular Post Office. On September 17, 1996, L.P. Consulting provided a site visit to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0094 with the USPS ("IQC"), pursuant to your instructions and under the direction of Bruce Rothermel of your office. L.P. Consulting followed the provisions of its IQC to produce a rough sketch of the site work requested, and a work order in the amount of $30,660.83 for the Berwick project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $7,665.00.

2. Hoopeston Ramp Project. On November 1, 1995 and August 1, 1996, L.P. Consulting provided a site visit to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0098 with the USPS ("IQC"),

Friedman Sinar & Rohlfing
Attorneys at Law



pursuant to your instructions and under the direction of Paul Steiner and Lois Gunlogson of your office. L.P. Consulting followed the provisions of its IQC to produce a work order in the amount of $62,752.00 for the Hoopeston project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $14,433.00.

3. Downers Grove Dock Enclosure. On August 1, 1996, L.P. Consulting was provided architectural drawings to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0098 with the USPS ("IQC"), pursuant to your instructions and under the direction of Jesse McNabb of your office. L.P. Consulting followed the provisions of its IQC to produce a work order in the amount of $36,564.99 for the Downers Grove project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $10,000.00.

4. Brookfield Ramp & Dock Enclosure. On August 1, 1996, L.P. Consulting was provided architectural drawings to produce a work order pursuant to its Indefinite Quantity Contract No. 162640-96-B-0094 with the USPS ("IQC"), pursuant to your instructions and under the direction of Jesse McNabb of your office. L.P. Consulting followed the provisions of its IQC to produce a work order in the amount of $89,168.28 for the Brookfield project. Pursuant to its IQC and the Contract Disputes Act of 1978 (41 USC §§ 601-613), L.P. Consulting claims damages against the USPS which it sustained as a result of your failure to follow postal procurement procedures with respect to the awarding of the contract, which was ultimately awarded to another offeror based on a fixed price contract. L.P. Consulting's claim is in the amount of its lost profits on this project, which would have been $22,229.00.

Pursuant to the above, L.P. Consulting Group, Inc. hereby makes a claim under the Contract Disputes Act of 1978 in the total amount of $54,327.00 for losses sustained as set forth above.

Friedman Sinar & Rohlfing
Attorneys at Law



We request a decision within sixty (60) calendar days of receipt of this claim. Also, pursuant to the Freedom of Information Act, we request a copy of the written notice of award on each of the above four projects, stating the award amount, the date of award, the number of offerors, and to whom the award was made. Incidentally, L.P. Consulting is also entitled to receive that information pursuant to section 4.4.3.a.15(b) of the USPS Purchasing Manual.

We look forward to your prompt response.

Truly yours,

James T. Rohlfing

JTR:kc

cc: L.P. Consulting Group, Inc.

**VERIFICATION**

Richard A. Battaglin, a duly authorized officer of L.P. Consulting Group, Inc., being first duly sworn upon his oath, deposes and states that the above and foregoing claim of L.P. Consulting Group, Inc., dated this 7TH day of April, 1998, is true and correct in substance and in fact.

Richard A. Battaglin

SUBSCRIBED AND SWORN to before me this 7th day of April, 1998.

Notary Public

OFFICIAL SEAL
ANNA E WILMA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/04/99

IQC 162640-94-B-0083

UNITED STATES POSTAL SERVICE.

# REQUEST, PROPOSAL, AND ACCEPTANCE CONTRACT MODIFICATION

USPS CONTRACT FILE

MODIFICATION NO: M-02

| | | | |
|---|---|---|---|
| ROJECT: Indefinite Quantity Cont Central IL District Gen Construction Work | 2. CONTRACTOR L.P. Consulting Group, Inc. 10401 S. 75th Avenue Palos Hills, IL 60465-2015 | 3. PROJECT NUMBER | 4. REQUEST NO: |
| | | 5. CONTRACT NO: 162640-94-B-0083 | 6. REQUEST DATE: 09/06/95 |

7. REQUEST: CONTRACTOR IS REQUESTED TO SUBMIT A PROPOSAL FOR THE CHANGE(S) DESCRIBED IN BLOCK 9 AS A MODIFICATION TO THE ABOVE REFERENCED CONTRACT.

DATE REQUESTED BY.:

8. ISSUED BY:

FACILITIES SERVICE OFFICE
U.S. POSTAL SERVICE
222 S. RIVERSIDE PLAZA, SUITE 1200
CHICAGO, IL 60606-6150

PROJECT MANAGER/RESIDENT ENGINEER SIGNATURE

9. DESCRIPTION OF CHANGE(S):

The above numbered contract/order is modified as set forth below, by change order issued pursuant to authority of "Changes," (Clause 11-26) (October 1987). The contractor is required to sign and return the original and two (2) copies of this modification to the Contracting Officer (as listed below).

Indefinite Quantity Contract (IQC) for general construction work in the Central Illinois District is hereby modified to increase its limit by $400,000.00 from $600,000.00 to $1,000,000.00.

The contractor shall increase the bond coverage by obtaining Surety's consent that its bonds shall apply and extend to the contract as modified. The consent shall be prepared on the attached USPS form "CONSENT OF SURETY AND CREASE OF PENALTY" completed and furnished to the Contracting Officer.

The contract multiplier of 0.859 will remain unchanged.

The contract completion date of May 18, 1996, will remain unchanged.

0083/q2/mod2

The contractor hereby agrees the compensation provided by this modification constitutes full and complete satisfaction for all costs including, but not limited to, applicable interest, impact and delay costs, and additional contract completion time which either has been or will be incurred in performing all work described by this modification. Except as provided herein, all terms and conditions of the document referenced in Block 4, as heretofore changed, remain in full force and effect.

10. THE UNDERSIGNED CONTRACTOR PROPOSES TO PERFORM THE WORK DESCRIBED IN BLOCK 9 ABOVE FOR:

- ☒ AN INCREASE IN THE CONTRACT PRICE OF $400,000.00, PER THE DETAILED BREAKDOWN ATTACHED.
- ☐ A DECREASE IN THE CONTRACT PRICE OF $_____, PER THE DETAILED BREAKDOWN ATTACHED
- ☐ NO CHANGE IN THE CONTRACT PRICE, PER THE DETAILED BREAKDOWN ATTACHED.
- ☐ A INCREASE IN THE PERIOD PERFORMANCE OF _____ DAYS, PER THE ATTACHED SCHEDULE.
- ☐ A DECREASE IN THE PERIOD PERFORMANCE OF _____ DAYS, PER THE ATTACHED SCHEDULE.
- ☒ NO CHANGE IN THE PERIOD OF PERFORMANCE.

AUTHORIZED SIGNATURE: Linda M. Battaglin | DATE: 11/16/95 | PROPOSAL SUBMITTED BY:

12. CONTRACTOR'S ACCEPTANCE

NOTE: NO SIGNATURE REQUIRED BELOW IF THE ACCEPTED PRICE AND TIME IN BLOCK 13 AGREE WITH THE CONTRACTOR'S PROPOSAL AS STATED IN BLOCK 10.

13. USPS ACCEPTANCE

| | | |
|---|---|---|
| USPS ACCEPTANCE PRICE THIS MODIFICATION: | $ | 400,000.00 |
| PREVIOUS CONTRACT PRICE | $ | 600,000.00 |
| REVISED CONTRACT PRICE | $ | 1,000,000.00 |
| TIME GRANTED | | 0 calendar days |
| REVISED COMPLETION DATE: | | N/A |

IE & TITLE OF AUTHORIZED PERSON: (TYPE OR PRINT)

NAME OF CONTRACTING OFFICER: Larry L. Linnenburger

..NATURE: | DATE SIGNED: | SIGNATURE: Larry L Linnenburger | DATE SIGNED: 11/21/95



PS Form 7330 - Revised 10/94

UNITED STATES POSTAL SERVICE

# U.S. POSTAL SERVICE
## FINDINGS OF FACT FOR CONTRACT MODIFICATIONS

| 1. PROJECT | 2. CONTRACTOR | 3. A/E FIRM/CONTRACT NO. | 4. REQUEST NO. |
|---|---|---|---|
| Indefinite Quantity Cont<br>Central IL District<br>Gen Construction Work | L.P. Consulting Group, Inc.<br>10401 S. 75th Avenue<br>Palos Hills, IL 60465-2015 | 162640-94-B-0083 | M-02 |

**5. REASONS FOR MODIFICATION (CHECK ONE)**

☒ USPS CHANGE ☐ FIELD CONDITION ☐ DESIGN DEFICIENCY (ESTIMATED RECOVERABLE ______)

**6. FUNDING AVAILABILITY**

CHECKED BY: Frank T. Sugino DATE: 9/5/95 FUNDS AVAILABLE:

**7. NECESSITY FOR CONTRACT MODIFICATION:**

By letter dated September 1, 1995, the Central Illinois District requested an increase of $400,000.00 for additional work in the area. (See attached)

☐ ADDITIONAL SHEETS ATTACHED BLOCKS 1 THRU 7 PREPARED BY:

**8. PRICE AND TIME JUSTIFICATION/NEGOTIATION NOTES**

Cost Data:

| | |
|---|---|
| Basic Contract Amount: | $ 600,000.00 |
| This Modification: | $ 400,000.00 |
| Total Contract Amount: | $1,000,000.00 |

Contract multiplier (0.859) remains unchanged.

Contract completion time remains unchanged.

0083/q2/fof2

☐ ADDITIONAL SHEETS ATTACHED BLOCK 8 PREPARED BY:

| 9. APPROVED FOR EXPLANATION (TYPE OR PRINT NAME): | SIGNATURE: | DATE: |
|---|---|---|
| Larry L. Linnenburger<br>CONTRACTING OFFICER | | September 6, 1995 |



PS FORM 4909 Revised 10/94

8/9/5

CENTRAL ILLINOIS DISTRICT

UNITED STATES POSTAL SERVICE

September 1, 1995

Larry Lenneburger
222 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606-6150

ATTENTION: Frank Sugino

SUBJECT: Indefinite Quantity Contracts

Please increase the following Indefinite Quantity Contracts listed below for Richards Battaglin and John Buchholz to the maximum. Central Illinois District has planned projects that need to be completed in FY'96:

| | | | |
|---|---|---|---|
| 162640-94-B-0065 | Peoria, Illinois Area | Zip Codes: | 613, 614, 615, 616 & 617 |
| 162640-94-B-0067 | Springfield, Illinois Area | Zip Codes: | 618, 619, 625, 627 & 628 |
| 162640-94-B-0084 | North Central Illinois Area | Zip Codes: | 604, 605 & 609 |
| 162640-94-B-0083 | North Central Illinois Area | Zip Codes: | 604, 605, & 609 |

Your swift consideration in this matter is appreciated.

Sincerely,

Robert A. Rigsby

rar/mgl/9991



6801 W 73RD STREET
BEDFORD PARK, IL 60499

UNITED STATES POSTAL SERVICE

# REQUEST, PROPOSAL, AND ACCEPTANCE CONTRACT MODIFICATION

USPS CONTRACT FILE
MODIFICATION NO: M-01

| 1. PROJECT: | 2. CONTRACTOR | 3. PROJECT NUMBER | 4. REQUEST NO: |
|---|---|---|---|
| Indefinite Quantity Cont.<br>Central IL District<br>Gen. Construction Work | L.P. Consulting Group, Inc.<br>10401 S. ~~95th~~ 75TH Avenue<br>Palos Hills, IL 60465-2015 | 5. CONTRACT NO:<br>162640-94-B-0083 | 6. REQUEST DATE:<br>04/17/95 |

7. REQUEST: CONTRACTOR IS REQUESTED TO SUBMIT A PROPOSAL FOR THE CHANGE(S) DESCRIBED IN BLOCK 9 AS A MODIFICATION TO THE ABOVE REFERENCED CONTRACT.

DATE REQUESTED BY.:

8. ISSUED BY:

FACILITIES SERVICE OFFICE
U.S. POSTAL SERVICE
222 S RIVERSIDE PLAZA, SUITE 1200
CHICAGO, IL 60606-6150

PROJECT MANAGER/RESIDENT ENGINEER SIGNATURE

9. DESCRIPTION OF CHANGE(S):

The above numbered contract/order is modified as set forth below, by change order issued pursuant to authority of "Changes", (Clause 11-26) (October 1987). The contractor is required to sign and return the original and two (2) copies of this modification to the Contracting Officer (as listed below).

Indefinite Quantity Contract (IQC) for general construction work in the Central Illinois District is hereby modified to increase its limit by $300,000.00 from $300,000.00 to $600,000.00.

The contractor shall increase the bond coverage by obtaining Surety's consent that its bonds shall apply and extend to the contract as modified. The consent shall be prepared on the attached USPS form "CONSENT OF SURETY AND INCREASE OF PENALTY" completed and furnished to the Contracting Officer.

The contract multiplier of 0.859 will remain unchanged.

The contract completion date of May 18, 1996 will remain unchanged.

The contractor hereby agrees the compensation provided by this modification constitutes full and complete satisfaction for all costs including, but not limited to, applicable interest, impact and delay costs, and additional contract completion time which either has been or will be incurred in performing all work described by this modification. Except as provided herein, all terms and conditions of the document referenced in Block 4, as heretofore changed, remain in full force and effect.

10. THE UNDERSIGNED CONTRACTOR PROPOSES TO PERFORM THE WORK DESCRIBED IN BLOCK 9 ABOVE FOR:

- ☒ AN INCREASE IN THE CONTRACT PRICE OF $300,000.00, PER THE DETAILED BREAKDOWN ATTACHED.
- ☐ A DECREASE IN THE CONTRACT PRICE OF $_____, PER THE DETAILED BREAKDOWN ATTACHED
- ☐ NO CHANGE IN THE CONTRACT PRICE, PER THE DETAILED BREAKDOWN ATTACHED.
- ☐ A INCREASE IN THE PERIOD PERFORMANCE OF _____ DAYS, PER THE ATTACHED SCHEDULE.
- ☐ A DECREASE IN THE PERIOD PERFORMANCE OF _____ DAYS, PER THE ATTACHED SCHEDULE.
- ☒ NO CHANGE IN THE PERIOD OF PERFORMANCE.

AUTHORIZED SIGNATURE: Linda M. Battaglia
DATE: 4/26/95
PROPOSAL SUBMITTED BY:

12. CONTRACTOR'S ACCEPTANCE

NOTE: NO SIGNATURE REQUIRED BELOW IF THE ACCEPTED PRICE AND TIME IN BLOCK 13 AGREE WITH THE CONTRACTOR'S PROPOSAL AS STATED IN BLOCK 10.

13. USPS ACCEPTANCE

| | | |
|---|---|---|
| USPS ACCEPTANCE PRICE THIS MODIFICATION: | $ | 300,000.00 |
| PREVIOUS CONTRACT PRICE | $ | 300,000.00 |
| REVISED CONTRACT PRICE | $ | 600,000.00 |
| TIME GRANTED | | N/A |
| REVISED COMPLETION DATE: | | May 18, 1996 |

NAME & TITLE OF AUTHORIZED PERSON: (TYPE OR PRINT)

NAME OF CONTRACTING OFFICER: Larry L. Linnenburger

SIGNATURE:

DATE SIGNED:

SIGNATURE: Larry L. Linnenburger

DATE SIGNED: 5/8/95

- 40 -

PS Form 7330 - Revised 10/94