**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **L.P. CONSULTING GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 98-868C** |
| | ) | |
| **THE UNITED STATES,** | ) | **(Judge Allegra)** |
| | ) | |
| **Defendant.** | ) | |

**CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff, L.P. Consulting Group, Inc. ("LP"), through undersigned counsel and pursuant to Rule 56 of the United States Court of Federal Claims, hereby respectfully requests and moves this Court to grant LP's Cross-Motion for Summary Judgment against Defendant, the United States ("Government" or "USPS"), and in support thereof states as follows:

1. LP entered into certain indefinite quantity contracts (the "IQCs") with the United States Postal Service, identified as contract numbers 162640-96-B-0094 and 162640-96-B-0098. Under those IQC contracts, LP was to perform certain work orders which would be prepared and submitted to LP by the USPS.

2. In actuality, the Plaintiff was directed by USPS on over 90 separate occasions on the two IQCs, as well as the predecessor IQC contract no. 162640-94-B-0083 ("94 IQC"), to perform site visits at numerous facilities including the 12 facilities which are the subject of the current action, perform field surveys of each facility, self-prepare detailed work orders and submit those work orders. With the exception of the 12 subject projects, on each and every other occasion (save two, which were submitted and prepared by the USPS), the USPS would summarily review, approve and issue a "formal" work order to LP for performance of such work.

3. The USPS, either through contracting officer Rigsby or his subordinates acting with Rigsby's authority, directed LP to perform site visits, perform field surveys and self-prepare and submit the work orders ("WOs') on each of the following projects:

1. The Berwick Modular Post Office;
2. The Hoopeston handicapped ramp;
3. The Downers Grove dock enclosure; and
4. The Brookfield ramp and dock enclosure.
5. Aroma Park interior lobbies and building renovation;
6. Beaverville lobby and building renovation;
7. Bradley concrete ramp, lobby and building renovation;
8. East Lynn building renovation
9. Momence concrete ramp and lobby renovation
10. Papineau interior renovation and concrete ramp;
11. St. Anne concrete, asphalt and interior renovations; and
12. Union Hill interior and exterior ramps.

4. The USPS's continuous, ongoing and lengthy course of conduct on both the IQCs and the predecessor IQC contract (96-B-0094), constitutes a course of dealing which resulted in binding implied-in-fact contracts obligating LP to perform the work and USPS to pay for such services.

5. Based upon LP's and its secretary/treasury Richard Battaglin's extensive experience and ongoing project history with USPS projects, both preceding and following the subject projects and IQCs, LP had a reasonable expectation of earning profits in the amount of $135,377.00.

6. The USPS breached the implied-in-fact contracts by awarding the work to other contractors or not proceeding with the work.

7. Plaintiff's consolidated memorandum of points and authorities in opposition to the Defendant's motion for summary judgment and its support for this cross-motion for summary judgment, as well as LP's responses to Defendant's proposed findings of uncontroverted fact, and Plaintiff's RCFC 56 proposed findings of uncontroverted fact and appendix, are incorporated herein by reference.

8. Pursuant to the Court's prior Order, granting Defendant the opportunity to respond to LP's Opposition to Defendant's Motion for Summary Judgment, LP requests a commensurate 30-day period in which to respond to Defendant's Opposition to LP's Cross-Motion for Summary Judgment.

9. Plaintiff's Consolidated Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment and In Support of Defendant's Cross-Motion for Summary Judgment, which was filed in response to said Defendant's Motion for Summary Judgment on this date, is incorporated herein by reference as if fully set forth herein. Likewise, Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Fact, Plaintiff's Proposed Findings of Uncontroverted Fact and Plaintiff's Appendix thereto, all filed on this date, are incorporated by reference as if fully set forth herein.

WHEREFORE, Plaintiff L.P. Consulting Group, Inc., hereby moves this Court to grant summary judgment in favor of L.P. Consulting Group, Inc. and against the Defendant United States; award Plaintiff its damages in the amount of $135,377.00, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

BELL, BOYD & LLOYD, PLLC

By __/s/ Brian Cohen__________________
Brian Cohen
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300
(202) 463-0678 Facsimile
Attorney for Plaintiff

Of Counsel:
Lawrence M. Prosen, Esq.
Bell, Boyd, & Lloyd PLLC
1615 L Street, N.W.
Suite 1200
Washington, D.C. 20036

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 3rd day of March 2005, a copy of the foregoing " CROSS-MOTION FOR SUMMARY JUDGMENT" was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Brian Cohen