IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **L.P. CONSULTING GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 98-868C** |
| | ) | |
| **THE UNITED STATES,** | ) | **(Judge Allegra)** |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO STRIKE DECLARATION OF JOHN BUCHHOLZ**

Plaintiff, L.P. Consulting Group, Inc. ("LP"), through undersigned counsel, hereby submits its Motion to Strike the Declaration of John Buchholz ("Buchholz Declaration") proffered by Defendant United States ("USPS"), and in support thereof states as follows:

1. Discovery in this litigation was completed on October 29, 2004, pursuant to the Court's order of August 9, 2004.

2. On April 6, 2005, long after the close of discovery, without explanation or an offer of justification for its untimeliness, and without first seeking leave of Court, USPS served the Buchholz Declaration (see Exhibit 1, attached hereto) upon LP's counsel, as part of USPS's Supplemental Appendix to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Supplemental Appendix").

3. Defendant United States ("USPS") provided its Preliminary Witness List ("USPS Preliminary Witness List") to counsel for LP on or about March 3, 1999 (see Exhibit 2, attached hereto).

4. At no time prior to April 6, 2005 did the defendant identify John Buchholz as a potential fact witness, nor did USPS identify him on its USPS Preliminary Witness List. The USPS Preliminary Witness List has never been amended or modified by the Government.

5. This Court's Rule of Procedure 26(e)(1) requires parties to supplement their RCFC 26(a) disclosures at "appropriate intervals." The USPS Preliminary Witness List was never supplemented.

6. Violations of RCFC 26 are addressed by RCFC 37(c), which concerns failure to make adequate disclosures in discovery. Until this year, "[t]he Federal Circuit [did] not appear to have fashioned a test for applying the exclusion provisions of RCFC 26 and 37." *Tritek Technologies, Inc. v United States,* 63 Fed.Cl. 740, 750 (2005). However, this Court noted that "other circuit courts that have applied the RCFC 37 counterpart in the Federal Rules of Civil Procedure have held that the standard of exclusion [under Rule 37] is automatic and mandatory unless the sanctioned party can show that its violation [of Rule 26] was either justified or harmless." *Id.* (citations omitted). "The burden is on the party facing sanctions to prove that the violation was justified or harmless." *Id.*

7. Looking to decisions from other circuits, the COFC has adopted the following factors as the test for applying the exclusion provisions of Rule 37: "(1) surprise to the party against whom the evidence would be offered; (2) importance of the information withheld; and (3) the explanation for the failure to disclose the information." *Id.* (citations omitted).

8. Application of these factors to the current case clearly indicates that automatic and mandatory exclusion of the Buchholz Declaration and the government's statements relying thereon in its Reply and Opposition is required. First, both the existence of Mr. Buchholz and the evidence set forth in the Buchholz Declaration are complete surprises to LP. USPS had not disclosed his name in any relevant correspondence, discovery materials or pleadings prior to submission of the Buchholz Declaration, nor has he otherwise been mentioned in any deposition testimony. Also, several statements in the Buchholz Declaration concern entirely new evidence related to a material issue, in particular, paragraphs 3, 4, 5 and 6 of his declaration. Each and

every one of these declarations appears dependent upon not LP's IQC contracts, but those between St. Louis Design & Construction and the USPS, thus rendering his testimony wholly irrelevant. Likewise, Mr. Buchholz's declaration is based solely upon *Mr. Buchholz's* purported experience with the USPS and has nothing to do with the current case. Further, the prejudicial impact of this declaration to LP's case-in-chief far outweighs the probative value of such a declaration, especially when LP has not had the opportunity to cross-examine Mr. Buchholz in a formal deposition, under oath. Moreover, Mr. Buchholz's declaration, with particular regard to paragraphs 1 through 5, is based not only upon his experience with the subject USPS contracting officer (Mr. Rigsby) and his subordinates, located in the greater Chicago regions, but also purports to rely upon contracts performed in seven states, including Missouri and Indiana. App. 1019, Buchholz Decl. at ¶2. These regions, and the unidentified personnel attending to the performance and administration of those contracts, have no relevance to the current action. Lastly, Mr. Buchholz's deposition is couched in vague, overly broad and unspecific terms. Not a single specific fact, date or time is provided for any site visit, the location of such a purported visit, or whether any work order submitted by Mr. Buchholz was rejected or accepted. There is no relevancy or probative value to this declaration.

9. Second, the information is very important, because it is offered for the purpose of directly contradicting testimony from other fact witnesses on material facts, including LP's Mr. Battaglin. For example, Mr. Buchholz's declaration discusses St. Louis' internal procedures in performing its IQC contracts (App. 1020 at ¶3). This has no direct relevancy to the current action. Furthermore, Mr. Buchholz's statement that site visits and preparation of work orders (or as he calls them "proposed pricing sheets") (App. 1020 ¶3 & 4) runs directly contrary to LP's experience on its 94 and 96 IQCs, and the testimony provided under oath by LP's Mr. Battaglin. The same holds true for Mr. Buchholz's testimony regarding St. Louis Design's lack of

entitlement to work merely because it performed site visits or prepared "proposed pricing sheets." App. 1021 at ¶5. This is further augmented by Mr. Buchholz's claim that *he* understood that the USPS was free to use other sources for this work type, despite St. Louis' having performed a site visit and submitted a scope of work. *Id.*

10. With discovery now closed, LP is without an opportunity for further discovery. In order to effectively address the new issues raised by the Buchholz Declaration, LP would need the opportunity for full discovery concerning Mr. Buchholz *and* St. Louis Design & Construction, including deposition testimony. Given the 7+ year history of this case and the government's multiple opportunities to identify Mr. Buchholz, its proffer of this Declaration (and reliance thereon in its Reply/Opposition) materially prejudices LP.

11. Third, USPS has failed to provide an explanation for its failure to disclose Mr. Buchholz in accordance with RCFC 26 and correspondingly has failed to meet its burden of proof.

12. As a result, application of the relevant factors adopted by this Court to the exclusion provisions of Rule 37 require that the Buchholz Declaration (and related statements set forth in Defendant's Reply/Opposition brief) be stricken from the record. USPS should be prevented from using the Buchholz Declaration as part of its Supplemental Appendix in support of its summary judgment motion and any subsequent trial.

WHEREFORE, LP respectfully requests this Court grant this Motion and strike the Buchholz Declaration and all USPS statements in reliance thereon.

Respectfully submitted,

BELL, BOYD & LLOYD, PLLC

By /s/ Brian Cohen

Brian Cohen
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036

(202) 466-6300
(202) 463-0678 Facsimile
Attorney for Plaintiff

Of Counsel:
Lawrence M. Prosen, Esq.
Bell, Boyd, & Lloyd PLLC
1615 L Street, N.W.
Suite 1200
Washington, D.C. 20036

**POINTS & AUTHORITIES**

1. RCFC 26
2. RCFC 37
3. *Tritek Technologies, Inc. v United States.*, 63 Fed.Cl. 740, 750 (2005).

Respectfully submitted,

BELL, BOYD & LLOYD, PLLC

By /s/ Brian Cohen
Brian Cohen
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300
(202) 463-0678 Facsimile
Attorney for Plaintiff

Of Counsel:
Lawrence M. Prosen, Esq.
Bell, Boyd, & Lloyd PLLC
1615 L Street, N.W.
Suite 1200
Washington, D.C. 20036

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 25th day of April 2005, a copy of the foregoing Motion to Strike Declaration of John Buchholz was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Brian Cohen