# Affidavit of Process Server

L.D. CONSULTING GROUP, INC. vs THE UNITED STATES 98-868C
PLAINTIFF/PETITIONER DEFENDANT/RESPONDENT CASE #

Being duly sworn, on my oath, I TRACY ELLIS
declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served SAMUEL W. SOUTHERN
NAME OF PERSON/ENTITY BEING SERVED

with the (documents) ☒ Subpoena with $______ witness fee and mileage
☒ LETTER & EXHIBIT A

by serving (NAME) SAMUEL W. SOUTHERN

at ☒ Home 24707 S. MULBERRY LANE, CRETE, IL

☐ Business

☒ on (DATE) 5-10-04 at (TIME) 8:30PM

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE)

from (CITY) (STATE)

**Manner of Service:**

☒ By Personal Service.

☐ By leaving, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof,
namely

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers,
namely

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address ☐ Evading ☐ Other:
☐ Address Does Not Exist ☐ Service Cancelled by Litigant
☐ Moved, Left no Forwarding ☐ Unable to Serve in a Timely Fashion

**Service Attempts:** Service was attempted on: ( ) DATE TIME, ( ) DATE TIME,
( ) DATE TIME, ( ) DATE TIME, ( ) DATE TIME

**Description:**

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ Male | ☐ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☒ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blond Hair | | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☒ Mustache | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| ☐ Glasses | ☐ Red Skin | ☐ Red Hair | ☒ Beard | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

OTHER IDENTIFYING FEATURES:

State of Illinois County of Cook

Subscribed and sworn to before me,
a notary public, this 12th day of May, 2004

NOTARY PUBLIC

SERVED BY
LASALLE PROCESS SERVERS

OFFICIAL SEAL
BETHZAIDA PEREZ
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7-22-2006

ALL-STATE LEGAL®
EXHIBIT
4

NAPPS

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS.

FORM 6
SUBPOENA

# United States Court of Federal Claims

L.P. Consulting Group, Inc.,

Plaintiff

vs.

THE UNITED STATES,

Defendant

SUBPOENA

Case No. 98-868C
(Judge Allegra)

To: Samuel W. Southern
24707 South Mulberry Lane
Crete, IL 60417-3788

1. **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify in the above case.
   *Place of Testimony:*
   *Date and Time:*
2. **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.
   *Place of Deposition:* Bell, Boyd & Lloyd LLC, Three First National Plaza, 70 West Madison Street, Suite 3300, Chicago, IL 60602
   *Date and Time:* Wednesday, June 9, 2004 at 10:00 a.m.
3. **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): (See Exhibit A)
   *Place:* Bell, Boyd & Lloyd LLC, Three First National Plaza, 70 West Madison Street, Suite 3300, Chicago, IL 60602
   *Date and Time:* Wednesday, June 9, 2004 at 10:00 a.m.
4. **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.
   *Premises:*
   *Date and Time:*

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

Brian Cohen Attorney for Plaintiff 5/7/04

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brian Cohen, Esq., Bell, Boyd & Lloyd PLLC, 1615 L Street, N.W., Suite 1200, Washington, DC 20036

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

- Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contain the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

RCFC 45.

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**EXHIBIT A**

1. Any and all materials, documents or other items in your possession, custody or control regarding or relating to any project and/or contract in which L.P. Consulting Group, Inc. ("L.P.") worked, performed work, or provided labor or materials for the Defendant, United States Postal Service ("USPS").

2. Any materials, regarding or relating to any scopes of work, work descriptions, task orders, contracts or other items which L.P. provided to you or the USPS, which are in your custody, possession or control.

3. A copy of your current resume or curriculum vitae.

4. Any and all correspondence, documentation or other materials between you and Andrew Fernandez and/or any business owned, operated or run by or on behalf of Mr. Fernandez.

5. Any documents regarding or relating to any actions, inactions or the like which regard or relate to directives, communications, discussions, memoranda, or other materials issued by USPS or USPS personnel, instructing USPS personnel or others to either direct work away from L.P., not award work to L.P., or otherwise exclude L.P. from any procurements to be let or awarded by USPS.