**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **L.P. CONSULTING GROUP, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 98-868C** |
| **THE UNITED STATES,** | ) | **(Judge Allegra)** |
| **Defendant.** | ) | |

**AMENDED MOTION TO STRIKE DRAFT WORK ORDERS**

Plaintiff, L.P. Consulting Group, Inc. ("LP"), through undersigned counsel, hereby submits its Motion to Strike Draft Work Orders proffered by Defendant United States ("USPS"), and in support thereof states as follows:

1. The original Motion to Strike Draft Work Orders is Amended based upon Government counsel's informing undersigned counsel of an apparent inaccuracy in said original Motion. The bases for, and relief requested in, the motion have not changed, merely certain factual statements in paragraph 5 & 9 ( paragraphs 4 & 8 in the original Motion) of same.

2. Discovery in this litigation was completed on October 29, 2004, pursuant to the Court's Order of August 9, 2004.

3. On April 6, 2005, long after the close of discovery, without explanation or an offer of justification for its untimeliness, and without first seeking leave of Court, USPS served two purported draft work orders (see Exhibits 1 and 2, attached hereto) upon LP's counsel, as part of USPS's Supplemental Appendix to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Supplemental Appendix"). These documents are numbered 1047-1052 (Exhibit 1) and 1053-1056 (Exhibit 2).

4. According to the Declaration of Samuel W. Southern (Exhibit 3, attached hereto), the draft work orders were prepared by Mr. Southern (Former employee of USPS and a USPS-designated witness in this case) and kept "in [his] personal file." App. 1035 at ¶ 6.

5. Apparently, these draft work orders were not produced by USPS until it submitted copies of same in a letter dated March 14, 2005; approximately six (6) months after the close of discovery. Per this letter, Mr. Southern had returned to work at some point in time prior thereto, and despite being a USPS employee, both he and USPS had failed to produce these documents during the course of discovery to LP. Also, Mr. Southern failed to produce the draft work orders in response to the subpoena *duces tecum* served on him on May 10, 2004 (see Exhibit 4, attached hereto). Document Request 2 of that subpoena required production of "[a]ny materials, regarding or relating to any scopes of work, work descriptions, task orders, contracts or other items which L.P. provided to you or the USPS, which are in your possession, custody or control." These documents are clearly responsive to that Request.

6. USPS fails to explain why it did not produce the draft work orders before the close of discovery nor what efforts, if any, were made to locate them before the close of discovery or subsequent thereto. Also, USPS has not alleged that these documents were not within its possession, custody or control. In addition, USPS has failed to indicate why its discovery responses were not supplemented to include these documents pursuant to RCFC 26(e).

7. Violations of RCFC 26 are addressed by RCFC 37(c), which concerns failure to make adequate disclosures in discovery. Until this year, "[t]he Federal Circuit [did] not appear to have fashioned a test for applying the exclusion provisions of RCFC 26 and 37." *Tritek Technologies, Inc. v United States*, 63 Fed.Cl. 740, 750 (2005). However, this Court noted that "other circuit courts that have applied the RCFC 37 counterpart in the Federal Rules of Civil Procedure have held that the standard of exclusion [under Rule 37] is automatic and mandatory

unless the sanctioned party can show that its violation [of Rule 26] was either justified or harmless." *Id*. (citations omitted). "The burden is on the party facing sanctions to prove that the violation was justified or harmless." *Id*.

8. Looking to decisions from other circuits, the COFC has adopted the following factors as the test for applying the exclusion provisions of Rule 37: "(1) surprise to the party against whom the evidence would be offered; (2) importance of the information withheld; and (3) the explanation for the failure to disclose the information." *Id*. (citations omitted).

9. Application of these factors to the current case clearly indicates that automatic and mandatory exclusion of the subject documents and the government's statements relying thereon in its Reply and Opposition is required. First, the existence of these documents are a complete surprise to LP. USPS had not disclosed the existence of these documents in any relevant correspondence, discovery materials or pleadings prior to submission of its March 14, 2005 letter to counsel, nor had they otherwise been mentioned in any deposition testimony.

10. Second, these work orders are of some importance, because they are offered to directly contradict other documents and material facts. Mr. Southern's Declaration, ¶ 6-8, indicates that his purported field notes, including these items, directly contradict LP's contemporaneous work orders. Therefore, the prejudicial impact of this declaration to LP's case-in-chief far outweighs the probative value of such a declaration, especially when LP has not had the opportunity to cross-examine Mr. Southern about these documents in a formal deposition, under oath. LP is severely prejudiced by the failure of USPS to produce the draft work orders until this stage of the proceedings.

11. With discovery now closed, LP is without an opportunity for further discovery. In order to effectively address the new issues raised by the draft work orders, LP would need the opportunity for full discovery concerning Mr.Southern. Given the 7+ year history of this case

and the government's multiple opportunities to locate and produce these documents, which were in the possession of its witness and employee Mr. Southern, its proffer of the work orders (and reliance thereon in its Reply/Opposition) materially prejudices LP.

12. Third, USPS has failed to provide an explanation for its failure to disclose the draft work orders in accordance with RCFC 26 and correspondingly has failed to meet its burden of proof.

13. As a result, application of the relevant factors adopted by this Court to the exclusion provisions of Rule 37 require that the draft work orders be stricken from the record. USPS should be prevented from using the draft work orders as part of its Supplemental Appendix in support of its summary judgment motion and any subsequent trial.

WHEREFORE, LP Consulting Group, Inc., respectfully requests this Court grant this Revised Motion and strike the draft work orders and all USPS statements in reliance thereon.

Respectfully submitted,

BELL, BOYD & LLOYD, PLLC

By /s/ Brian Cohen

Brian Cohen
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300
(202) 463-0678 Facsimile
Attorney for Plaintiff

Of Counsel:
Lawrence M. Prosen, Esq.
Bell, Boyd, & Lloyd PLLC
1615 L Street, N.W.
Suite 1200
Washington, D.C. 20036

**POINTS & AUTHORITIES**

1. RCFC 26
2. RCFC 37
3. *Tritek Technologies, Inc. v United States.*, 63 Fed.Cl. 740, 750 (2005).

Respectfully submitted,

BELL, BOYD & LLOYD, PLLC

By __/s/ Brian Cohen__________________
Brian Cohen
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300
(202) 463-0678 Facsimile
Attorney for Plaintiff

Of Counsel:
Lawrence M. Prosen, Esq.
Bell, Boyd, & Lloyd PLLC
1615 L Street, N.W.
Suite 1200
Washington, D.C. 20036

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 6th day of May 2005, a copy of the foregoing Revised Motion to Strike Draft Work Orders was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Brian Cohen