**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **L.P. CONSULTING GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 98-868C** |
| | ) | |
| **THE UNITED STATES,** | ) | **(Judge Allegra)** |
| | ) | |
| **Defendant.** | ) | |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DECLARATION OF JOHN BUCHHOLZ**

Plaintiff, L.P. Consulting Group, Inc. ("LP"), through undersigned counsel, hereby submits its Reply To Defendant's Opposition to Plaintiff's Motion to Strike Declaration of John Buchholz ("Buchholz Declaration") proffered by Defendant United States ("USPS").

USPS contends that it did not violate RCFC 26(e)(1) with respect to the Buchholz declaration because (1) its Opposition to LP's Cross-Motion informed LP in writing of the additional information regarding both Mr. Buchholz and St. Louis Design and Construction; and (2) USPS allegedly first became aware of the "pertinency" of Mr. Buchholz's testimony when LP purportedly made assertions regarding other USPS IQC contractors in its cross-motion. Opposition, p. 17.

These purported justifications are insufficient to allow submission of the Buchholz Declaration at the summary judgment stage under the "otherwise made known to the other part[y] in writing" exception to RCFC 26(e)(1). Despite USPS's contentions, its failure to disclose Mr. Buchholz is in violation of RCFC 26(e)(1).

First, USPS incorrectly relies on *Tritek Technologies, Inc. v. United States*, 63 Fed. Cl. 724 (2005) to support the government's opposition. *In Tritek*, this Court held that arguments submitted in an original motion for summary judgment provided sufficient notice when those arguments were reasserted over one year later in a renewed motion for summary judgment.

According to this Court in *Tritek*, in those circumstances the disclosure met "the overriding purpose of broad discovery rules [] to prevent unfair surprise." *Id*. at 747. There is no such time lag involved with the Buchholz Declaration. Also, since LP prepared and submitted its summary judgment arguments without proper notice of a particular witness, here Buchholz, LP is materially prejudiced if USPS is allowed to rely on Mr. Buchholz testimony at this late date. *See generally*, *Looney v. Zimmer, Inc.*, 2004 U.S. Dist. LEXIS 17596, *11-12 (W.D. Mo.).

Second, USPS' claim that it first learned of the "pertinency" of Mr. Buchholz's testimony when LP made assertions regarding other USPS IQC contractors in its cross-motion is wholly insufficient to justify the late disclosure of Mr. Buchholz. As an initial matter, even taking its claim at face value from a factual standpoint, USPS fails to provide any legal support that first-time awareness of "pertinency" justifies introduction of a wholly new witness at the summary judgment stage and long after the close of discovery.

Perhaps even more importantly, USPS fails to provide the full context of how the issue of other USPS IQC contractors was raised. While USPS acknowledges that LP elicited some testimony from the USPS's Mr. Rigsby at his June 9, 2004 deposition concerning other IQC USPS contractors, USPS fails to inform the Court that USPS, through Mr. Rigsby, first raised the issue and "opened the door" by volunteering that other IQC contractors were operating in the same zip code area as LP. Rigsby Dep. 22 (Ex. A, hereto). He also mentioned that St. Louis Design and Construction, Mr. Buchholz's company, was one of two or three other IQC contractors in that zip code area performing the same scope of work as LP. Rigsby Dep. 23. Mr. Rigsby also volunteered that St. Louis Design and Construction was requested to perform site surveys and submit draft scopes of work for projects originally scoped by LP. Rigsby Dep. 26. Given this complete context and background, it is abundantly clear that at the time of the Rigsby deposition (nearly a year ago (June 9, 2004)) the issue of other IQC USPS contractors was

relevant and that St. Louis Design and Construction was very likely an excellent source of information on the issue.

Given the full context of the issue of other IQC contractors, USPS's position, at its core, appears to be that irrespective of the stage of the litigation and the fact that discovery has long been closed, when one party highlights an issue (known to both parties) that the other party had failed to consider important, the "surprised" party is permitted to suddenly disclose a new witness and submit wholly new testimony (in untimely fashion) on the newly "pertinent" issue. USPS cites no legal authority for this position. It is patently unfair and prejudicial to LP to allow the Buchholz Declaration and force LP to conduct yet further discovery in this seven year old case. USPS' failure to disclose Mr. Buchholz violates RCFC 26(e)(1).

As set forth in the Motion, pursuant to Tritek, violations of RCFC 26 are addressed by RCFC 37(c), and RCFC 37(c) is applied using the factors adopted in *Tritek*.[1] USPS' barrage of alternative arguments does not alter the precedential value and clear path to resolution provided by *Tritek*.

USPS's attempt to distinguish *Tritek* is without merit. USPS asserts that *Tritek* is "not directly on point" first because it involved a violation of RCFC 26(e)(2) and not RCFC 26(e)(1) and second because, according to USPS, this Court erroneously interpreted *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725 (7th Cir. 2004). Opposition, p. 15. USPS is incorrect on both points.

First, in *Tritek* this Court noted that *Gutierrez* dealt with RCFC 26(e)(1) and then relied on *Gutierrez* (including that court's preclusion of an affidavit submitted in support of a summary

[1] According to USPS, LP asserted in its Motion that this Court did not appear to have fashioned a test for applying these exclusionary provisions. USPS appears to have misread the Motion, because LP notes therein that this Court adopted just such a test in *Tritek*. *See* Opposition, p. 14 and Motion, ¶ 6-7.

judgment motion) as persuasive authority in applying RCFC 26(e)(2). *Tritek*, 63 Fed. Cl. at 748-749. Also, in *Hauschild v. United States*, 53 Fed. Cl. 134 (2002), a case cited by USPS, this Court applied RCFC 37(c) in order to determine whether declarations disclosed with defendant's motion for summary judgment should be excluded because the declarants were not disclosed in accordance with RCFC 26(e)(1). In addition, *Tritek* adopted factors to consider in applying the exclusion provisions of RCFC 37 to RCFC 26, and in so doing did not limit application of the test to RCFC 26(e)(2) violations as USPS blindly suggests. The Tritek factors apply to violations of RCFC 26(e)(1). Second, while the *Gutierrez* court suggested that reopening discovery also would have been a valid remedy, it struck (and ignored) the disputed affidavit and refused to consider any statements of material fact for which it was offered in support of summary judgment. 382 F.3d at 734. Despite the USPS' assertion to the contrary, this Court correctly interpreted *Gutierrez*.[2]

USPS, citing case law from other jurisdictions applying Fed.R.Civ.Proc. 56, asserts that the Buchholz declaration is "governed by RCFC 56" and that"[w]itnesses providing affidavits or declarations submitted in opposition to a summary judgment motion are not required to have been previously listed in an initial disclosure or a supplement to an initial disclosure under RCFC 26(a)." Opposition, p.8. While acknowledging that Fed.R.Civ.Proc. 56 contains relevant language ("The adverse party prior to the day of hearing may serve opposing affidavits")[3] that

[2] It should be noted that while USPS argues that *Tritek* is "not directly on point," (Opposition, p. 15), two pages later USPS cites *Tritek* as applicable authority on a separate point. Opposition, p. 17.

[3] USPS argues that this additional text in FRCP 56 does not affect the applicability of case law interpreting that Rule to the Buchholz Declaration. LP's position is that neither Fed.R.Civ.Proc. 56 nor RCFC 56 are determinative for purposes of this Motion. However, LP notes for the record that USPS cites no authority for its position that Fed.R.Civ.Proc. 56 case law applies in the circumstance where the relevant text from the two Rules differ. In fact, in one of the FRCP cases cited by USPS, *In re Safeguard Scientifics*, 2004 U.S. Dist. LEXIS 23494, *8 (E.D. Pa.), the court specifically took note of the "prior to the day of the

RCFC 56 does not contain, Opposition, p. 9, USPS nevertheless attempts to persuade the Court to follow this non-binding precedent and ignore *Tritek*. Opposition, pp. 9-13. As part of this effort, USPS suggests that the Court could allow further discovery on issues raised by the Buchholz Declaration, citing *Hauschild*. However, USPS fails to point out that *Hauschild* is in fact a Rule 37 case. In *Hauschild*, which involved both RCFC 26(e)(1) and (e)(2), this Court applied RCFC 37(c) in order to determine whether declarations submitted with defendant's motion for summary judgment should be excluded because the declarants were not disclosed in accordance with RCFC 26(e)(1), and merely mentioned that RCFC 56(f) would be the appropriate rule to open discovery on the affidavits there at issue. 53 Fed. Cl. at 141.

USPS has failed to apply or refute the *Tritek* factors, nor has it otherwise carried its burden of proof that its violation of 26(e)(1) was justified or harmless. First, applying the surprise factor under *Tritek*, because Mr. Rigsby testified during his deposition regarding other IQC USPS contractors generally, and St. Louis Design and Construction in particular, it is unfair for USPS to surprise LP with the Buchholz Declaration at the summary judgment stage. Given the Rigsby deposition, USPS should have been well aware long ago of the purported relevancy of the other IQC USPS contractors issue. This factor weighs heavily in favor of LP.

Second, USPS does not question the importance of the Buchholz declaration under the second *Tritek* factor, importance of the information withheld. It is offered for the purpose of directly contradicting testimony from other fact witnesses of material facts, including Mr. Battaglin and various other witnesses. Therefore, this factor is in favor of LP.

Third, applying the explanation for failure to disclose factor under *Tritek*, the details of Mr. Rigsby's deposition testimony render USPS's explanation for the late disclosure – that the

---

hearing " language that does <u>not</u> appear in RCFC 56. The very fact that the language of RCFC 56 materially differs from FRCP 56 supports the inference, if not the fact, that RCFC 56 is not to be blindly interpreted with case law citing FRCP 56.

pertinency of the issue first became apparent when LP filed its cross-motion – entirely insufficient. This factor also weighs heavily in favor of LP. Therefore, USPS' violation of RCFC 26(e)(1) is neither justified nor harmless. Accordingly, the Buchholz Declaration should be stricken from the record, and USPS should be prohibited from relying on any of the testimony contained therein.

Finally, USPS hints throughout its Opposition that the Court can provide LP with the opportunity for discovery concerning Mr. Buchholz and the issues raised in his Declaration. However, given the 7+ year history of this case, and USPS' failure to identify Mr. Buchholz as a witness for nearly a year after the relevance of other IQC USPS contractors and St. Louis Design and Construction became clear, it would be unfair to require LP to incur the additional time and expense of further discovery and potential amendment of its summary judgment motion simply because USPS failed to anticipate every argument LP might make on summary judgment.

WHEREFORE, LP respectfully reiterates its request that this Court grant this Motion and strike the Buchholz Declaration and all USPS statements in reliance thereon.

Respectfully submitted,

BELL, BOYD & LLOYD, PLLC

By /s/ Brian Cohen
Brian Cohen
1615 L Street, N.W., Suite 1200
Washington, D.C. 20036
(202) 466-6300
(202) 463-0678 Facsimile
Attorney for Plaintiff

Of Counsel:
Lawrence M. Prosen, Esq.
Bell, Boyd, & Lloyd PLLC
1615 L Street, N.W.
Suite 1200
Washington, D.C. 20036

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 26th day of May 2005, a copy of the foregoing Reply to Defendant's Opposition to Plaintiff's Motion to Strike Declaration of John Buchholz was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Brian Cohen