IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| L.P. CONSULTING GROUP, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-868C |
| THE UNITED STATES, | ) | (Judge Allegra) |
| Defendant. | ) | |

DEFENDANT'S SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DECLARATION OF JOHN BUCHHOLZ

Plaintiff LP Consulting Group, Inc. ("LP") has moved to strike the declaration of John Buchholz and bases its arguments upon Rules 37(c)(1) and 26(e)(1) of the Rules of the Court of Federal Claims ("RCFC"). LP Mot. ¶ 5.

In addition to the arguments previously raised in defendant's opposition to LP's motion to strike the declaration of Mr. Buchholz, LP's motion to strike should be denied because this case was filed prior to the effective date of the current rules of the Court of Federal Claims. The Rules relied upon in LP's motion did not come into effect until May 1, 2002. RCFC 86. RCFC 86 provides that the new rules govern "all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies." RCFC 86.

The effect of the change in the rules is that (1) there was not in this case a requirement, pursuant to RCFC 26(a)(1), that

the parties exchange initial disclosures within 14 days after the filing of the Joint Preliminary Status Report, and (2) RCFC 26(e)(1) in this case did not require the supplementation of an initial disclosure of witnesses. RCFC 26(e)(1), by its terms, applies only to "a party who has made a disclosure under subdivision (a)." RCFC 26(e).[1] Further, because the parties were not required to make initial disclosures by RCFC 26(a)(1), LP's argument that Mr. Buchholz's declaration should be struck because it was not contained in a supplement to an initial disclosure, required by RCFC 26(e)(1), is without merit. The new RCFC 26(a)(1) was not in effect at the time this case was filed and it did not require any initial disclosures. Thus, there cannot have been a violation of a duty to identify Mr. Buchholz in a supplement to an initial disclosure under RCFC 26(e)(1), because the rule, by its terms, requires supplementation of an initial disclosure, only where that initial disclosure was made pursuant to RCFC 26(a)(1). RCFC 26(e). In sum, LP has failed to demonstrate that defendant violated RCFC 26(e)(1) by failing to identify Mr. Buchholz as a witness earlier in this case.

This case instead proceeded pursuant to the Court's Special Procedure Order, dated February 16, 1999. That order required

---

1 LP did not serve any interrogatories in this case. Thus, there was not a disclosure by defendant of witnesses in response to an "interrogatory" or "a request for discovery," because LP did not serve any interrogatories. RCFC 26(e)(2).

that, "at or before the early meeting of counsel," the parties exchange "initial disclosure of lists of the witnesses and exhibits that each party expects to rely upon at trial, as well as the nature and location of any material evidence of which it is aware...." The Special Procedures Order also required that the parties' lists of disclosures "should be updated, from time to time, as necessary." Order, page 3. With regard to any sanctions, the Order adopted a "good faith" standard and stated: Sanctions for "failure to comply, in good faith, with these provisions may lead to witnesses or exhibits not timely disclosed being excluded from trial." Order, page 3.

Thus, the real issue is whether defendant's failure to supplement the initial disclosure required by the Special Procedures Order and identify Mr. Buchholz was a violation of the Special Procedures Order and, if so, what, if any, sanctions should be imposed. The Special Procedures Order itself adopts a "good faith" standard for resolving that matter. Order, page 3. As the Federal Circuit held in reversing the trial court's imposition of RCFC 37 sanctions under the prior version of that rule, "[n]o Rule 37 sanction is appropriate when a litigant's failure is not the result of bad faith or misconduct." Hendler v. United States, 952 F.2d 1364, 1368 (Fed. Cir. 1991)(citing Societe Int'l v. Rogers, 357 U.S. 197, 212 (1958)). Further, discovery sanctions "are meant to deter intentional abuse of the

discovery process." Ingells Shipbuilding, Inc. V. United States, 857 F.2d 1448, 1451 (Fed. Cir. 1988)(reversing imposition of dismissal as a RCFC 37 sanction). LP does not assert, and has failed to demonstrate, that defendant's failure to supplement and identify Mr. Buchholz earlier in the litigation was in bad faith or an intentional abuse of the discovery process. Further, the record demonstrates that LP was notified of Mr. Buchholz as a witness in Defendant's Opposition To Plaintiff's Motion For Summary Judgment, and that the relevancy of Mr. Buchholz's testimony was not apparent prior to LP's filing of its cross-motion for summary judgment. Defendant did not violate the Special Procedures Order and LP's motion to strike Mr. Buchholz's declaration should be denied.

CONCLUSION

For these reasons also, the Court should deny LP's motion to strike the declaration of John Buchholz and defendant's reliance upon such declaration.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Fax: (202) 514-8624
Attorneys For Defendant

May 27, 2005

Table Of Contents Of Appendix

Page

1. Feb. 16, 1999 Special Procedures Order....................1

# In the United States Court of Federal Claims

No. 98-868C

(Filed: February 16, 1999)

FILED
FEB 16 1999
U.S. COURT OF FEDERAL CLAIMS

L.P. CONSULTING GROUP, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## SPECIAL PROCEDURES ORDER

Pursuant to Rules of the United States Court of Federal Claims (RCFC) 1(a)(2) and (3), 16, 26(f) and 77.1, as well as Appendix G, it is ordered that each party shall comply with the following procedures:

(1) **Initial Matters.**

(a) **Purpose of Special Procedures.** The court recognizes that, in individual cases, these special procedures could impose additional burdens on counsel. Overall, however, these special procedures are designed to accomplish several things, including: (i) to promote early meetings of counsel, maximizing the potential for early settlements and minimizing the potential for satellite disputes; (ii) to minimize the cost and delay associated with discovery and maximize the potential for stipulations; (iii) to minimize the expenditure of attorney time and expense on procedural filings that may prove unnecessary; and (iv) to disclose to the parties the court's expectations with regard to several matters, including extensions and civility. Counsel should keep these purposes in mind in following not only the letter, but the spirit, of this order.

(b) **Pretrial Rules.** Counsel shall familiarize themselves with the Rules of the United States Court of Federal Claims governing pretrial procedures, particularly RCFC 5-7, 11, 16, 26, 77.2, 82 and 83, and Appendix G, in order to ensure full and timely

compliance with applicable deadlines, filing procedures, and other requirements. Note that the CFC rules, though similar at points, are not identical to the Federal Rules of Civil Procedure.

(c) **Preliminary Conference.**

(i) **In general.** It is this court's practice to hold a preliminary status conference in every case. The purpose of the conference is to acquaint the court with the issues in the case, to discuss any special problems that may exist, and to establish a schedule for further proceedings, including the briefing of any dispositive motion(s).

(ii) **Scheduling and filing requirements.**

(1) For cases in which the defendant intends to proceed by dispositive motion in lieu of an answer, the conference shall be held no later than 45 days after the issuance of this order. In such cases, the filing of a Joint Preliminary Status Report (JPSR) shall be deferred until such time as it is ordered by the court. In lieu of the JPSR, the defendant shall file a memorandum briefly identifying the factual and/or legal bases upon which its motion will be based. This memorandum shall be filed not later than 14 days before the date scheduled for the conference. The plaintiff may, but is not required to, file a response to the defendant's memorandum. This memorandum shall be filed not later than 7 days before the date scheduled for the conference. If the plaintiff chooses to file such a memorandum, a courtesy copy shall be forwarded by facsimile transmission to chambers. Except by leave of court, any memoranda filed under this provision shall not exceed 10 pages by any process of duplicating or copying.

(2) In all other cases, the conference shall be held within 30 days after filing of the JPSR required under Appendix G.

(iii) **Dispositive motions precluded.** No dispositive motions may be filed until the preliminary status conference has been held. This order supersedes the time limits for the filing of dispositive motions contained in the RCFC; where necessary, a schedule governing the filing of such motion(s) will be determined at, or shortly after, the preliminary status conference.

(iv) **Scheduling; preparation.** Scheduling the preliminary status conference is counsels' joint responsibility. Arrangements for the conference are to be made by calling Judge Allegra's secretary, Nonna Marincioni, at (202) 219-1316 and advising the court of three alternate dates, previously agreed to between counsel, on which the conference may be scheduled. Local counsel

are expected to appear at the conference in person; out-of-town counsel may appear by telephone.

(d) **Mandatory disclosure.**

(i) **Lists.** The court requires initial disclosure of lists of the witnesses and exhibits that each party expects to rely upon at trial, as well as the nature and location of any material evidence of which it is aware, as provided in RCFC 16(a)(2)(i) and (ii). The witness list shall include the address and telephone number of each witness (if known). The lists of disclosures must be exchanged at or before the early meeting of counsel, see Appendix G, para. 2, and should be updated, from time to time, as necessary. Copies of the lists should be filed with the court at or before the preliminary status conference.

(ii) **Exchange of copies.** The court will establish by order a date on which copies of any exhibits, previously disclosed in the list of exhibits, in the possession or subject to the control of any party, shall be delivered to the opposing party or a date on which such exhibits shall be made available for copying. The order may require the parties to file all, some or portions of the exhibits with the court.

(iii) **Sanctions.** Failure to comply, in good faith, with these provisions may lead to witnesses or exhibits not timely disclosed being excluded from trial.

(e) **Other discovery matters.**

(i) **Limitation on discovery.** Leave of court or agreement of the parties is required to conduct more than five depositions per side or to propound more than twenty-five interrogatories (including all discrete subparts) per side. See paragraph 4(e)(iv) of this order.

(ii) **Preferred methods.** The use of requests for admissions, stipulations, and witness interviews in lieu of formal depositions is encouraged, as is the use of videotaped evidence.

**(2) Communications with the Court.**

Unless invited or otherwise ordered by the court, communications with these chambers shall be by formal motion or other formal submission, filed in the clerk's office or in open court. In particular, letters will not be accepted in lieu of motions without prior authorization. Notwithstanding this provision, counsel may, at any time, jointly request a conference with the judge to discuss a dispute or other pending matter. Scheduling needs or questions should be directed to Judge Allegra's secretary, Nonna Marincioni, at (202) 219-1316. Questions regarding CFC filing requirements and other standard court procedures should be directed to the clerk's office at (202) 219-9561.

(3) **Enlargements of Time; Page Limits.**

(a) **Enlargements.** The court intends to follow strictly any schedule established in the case and to apply strictly the rules regarding requests for enlargements of time. For example, requests for enlargement must be filed as early as possible, see RCFC 6(b), generally at least five business days in advance. Because there is sometimes delay in transmission of a motion from the clerk's office to the chambers, requests for enlargement, if not sent at least five business days in advance, should be transmitted by facsimile to chambers in addition to being filed formally. See paragraph 8 of this Order.

The burden of establishing grounds for an enlargement is on the movant and motions are not granted automatically. Each request for an enlargement must specify the grounds. Requests for enlargement filed out of time are highly disfavored and will be granted only where a specific allegation of excusable neglect is substantiated. See RCFC 6(b). In addition, motions for enlargement filed out of time must contain a certification that:

(i) in the case of a motion filed by counsel for the plaintiff, the client has been notified that the motion for enlargement is being filed out of time; or

(ii) in the case of a motion filed by counsel for the defendant, the supervising Deputy Assistant Attorney General at the Department of Justice has been notified that the motion for enlargement is being filed out of time.

In granting enlargements, the court may order that any further requests for enlargement be signed by both the attorneys of record and the party (in the case of the defendant, the supervising Deputy Assistant Attorney General at the Department of Justice).

(b) **Page Limits.** Briefs and memoranda in support of motions are limited in length as set forth in RCFC 83.1. Leave of court is necessary to exceed these page limits. RCFC 83.1(b). When requesting leave of court to exceed the page limit, counsel must specify the number of additional pages required.

(4) **Supplements to JPSR.**

The parties' JPSR shall provide the following information, which is in addition to or different from that required by the referenced subparagraphs of Appendix G, para. 3:

(a) **Paragraph 3.a.** Provide the jurisdictional statute(s) upon which plaintiff relies and plaintiff's detailed explanation of the basis for invoking the CFC's limited statutory jurisdiction.

(b) **Paragraph 3.d.** State whether the parties are aware of any related cases in this or any other tribunal. See RCFC 77(f)(2).

(c) **Paragraph 3.i.**. The parties shall state whether any method of alternative dispute resolution (ADR) is viable. If none, they shall explain why, with particularity. Counsel are advised that United States Court of Federal Claims Amended General Order 13 and the Notice to Counsel attached thereto describe three voluntary methods of ADR. When both parties agree to one of these methods they may request the court to refer their dispute to the CFC's ADR Administrator. Counsel are also advised that, pursuant to the Attorney General's order of April 6, 1996, each Division at the Department of Justice has published an ADR plan that describes its policies with respect to ADR and lists the types of cases that the Division believes are amenable to ADR. See 61 Fed. Reg. 36895, et seq. (July 15, 1996).

(d) **Paragraph 3.j.** Joint Proposed Scheduling Plan.

(i) In lieu of answering the questions set forth in paragraph 3.j. of Appendix G, the parties shall set forth a proposed scheduling plan.

(ii) The parties' joint proposed scheduling plan shall include:

(1) dates for joinder of additional parties or amendment of pleadings;

(2) the discovery plan described in paragraph 4(e) of this order;

(3) the earliest date by which this case should reasonably be expected to be ready for trial;

(4) an estimate of the length of time expected to try the case to judgment;

(5) the requested place of any trial; and

(6) any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

(e) **Paragraph 4**. The discovery plan described in paragraph 4(d)(ii)(2) of this order shall include, at a minimum:

(i) a date or dates by which the parties propose to disclose information and exchange documents pursuant to paragraph 1(d)(ii) of this order;

(ii) whether discovery should be conducted in phases or limited to certain issues (e.g., whether discovery should proceed on liability alone);

(iii) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case;

(iv) whether the presumptive limits of five depositions per side and twenty-five interrogatories per party, see paragraph 1(e)(i) of this order, should apply in this case, and if not, the reasons for the proposed variance from this paragraph;

(v) whether any physical or mental examinations of parties will be requested pursuant to RCFC 35, and if so, by what date that request will be made and the date the examination will be completed;

(vi) a date by which all discovery will be completed; and

(vii) any other matters pertinent to the completion of discovery in this case.

(f) Provide a joint representation that counsel have held the early meeting of counsel required in paragraph 2 of Appendix G, and exchanged the lists, and other disclosures provided in RCFC 16(a)(2), as required by paragraph 1(d) of this order.

Separate views and proposals on any of the issues covered by the JPSR may be set forth on any point on which the parties cannot agree. Reasonable compromise, however, is strongly encouraged.

(6) **Stipulations.**

(a) **General.** At all relevant stages of the proceedings, the parties are expected and required to stipulate, to the fullest extent to which complete or qualified agreement can or fairly should be reached, all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact. Included in matters required to be stipulated are all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute. When the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate. The requirement of stipulation applies without regard to where the burden of proof may lie with respect to matters involved.

(b) **Binding effect.** A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the court or agreed upon by those parties. The court will not permit a party to a stipulation to qualify, change, or contradict a stipulation, in whole or in part, except where justice requires. A stipulation and the admissions therein shall be binding and

have effect only in the pending case and not for any other purpose, and cannot be used against any of the parties thereto in any other case or proceeding.

(7) **Professional Conduct.**

At all times during this proceeding, counsels' conduct should be characterized by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling their duty to represent their clients vigorously as lawyers, counsel should be mindful of their obligations to the administration of justice. Conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully and efficiently. Such conduct will not be tolerated and may result in sanctions being imposed. See, e.g., RCFC 37.

(8) **Facsimile Transmission; Courtesy Copies.**

For the court's convenience, filings should include counsel's telephone number for facsimile transmission and electronic mail address, if any. Unless the court specifically orders otherwise, submittal or receipt of a facsimile transmission will not constitute timely filing under the rules of this court. The parties may provide courtesy copies of documents via facsimile transmission, if:

(a) the document is delivered concurrently with or after the original submission is filed with the clerk's office, and

(b) it contains less than twenty pages.

Where facsimile transmissions are authorized either by this order or by separate order, they should be sent to:

Judge Francis M. Allegra
United States Court of Federal Claims
Suite 709
Fax No.: (202) 219-1386

Special arrangements may also be made to provide courtesy copies to chambers via e-mail. Arrangements for the transmission of such copies should be coordinated through Judge Allegra's secretary, Nonna Marincioni (202) 219-1316.

(9) **Modifications of Special Procedures.**

At several points, this order provides mechanisms through which the parties may, at various times in the proceedings, seek to modify the standard provisions herein. See, e.g., paragraph 4(e)(iv). In addition to these mechanisms, if, in the unusual case, counsel, either individually or jointly, believe that the procedures specified in this order would not promote the just, speedy and inexpensive determination of this action, they may seek immediate relief from one or more of the provisions in this order. Such relief shall be obtained by filing an appropriate motion with the court,

setting forth in particularity the grounds for relief, and proposing alternative procedures and deadlines, where applicable. Before such a motion is filed, the parties shall confer specifically on this matter. Joint motions are preferred and all motions should be filed immediately upon learning of the need therefor.

FRANCIS M. ALLEGRA
Judge

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 27th day of May 2005, a copy of the foregoing "DEFENDANT'S SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DECLARATION OF JOHN BUCHHOLZ" was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s DOMENIQUE KIRCHNER